**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff/Judgment Creditor, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Judgment Debtors.

_______________________________________/

**PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO**
**COMPEL DISCOVERY IN AID OF EXECUTION OF JUDGMENT**

Plaintiff/Judgment Creditor, Aaron R. Cohen, Chapter 7 Trustee ("Trustee"), pursuant to the Rules 26 and 69, Federal Rules of Civil Procedure, made applicable by Rules 7026 and 7069, Federal Rules of Bankruptcy Procedure, and Local rule 7026-1, respectfully moves this Court for entry of an Order compelling Defendants, Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Judgment Debtors"), to respond to the Trustee's First Set of Interrogatories and Request for

Production In Aid of Execution of Judgment directed to each of the Judgment Debtors, and in support of this Motion, Trustee states as follows.

## LOCAL RULE 7026-1(d) CERTIFICATION

In accordance with the Local Rule 7026-1(d) of the United State Bankruptcy Court of the Middle District of Florida, Movant has in good faith conferred with the owners of the Judgment Debtors, David Hughes and John Cohan. As more thoroughly explained below, undersigned counsel attempted to obtain responses to the Discovery in Aid of Execution at issue without need of this Court's intervention. Due to the Judgment Debtors' failure to retain counsel in this proceeding, and Hughes and Cohan threatening legal action if the undersigned further attempted to obtain responses to the Discovery, no resolution has been reached.

## PROCEDURAL HISTORY

1. This action arises from the Trustee's enforcement of the Final Judgment (the "Final Judgment") this Court entered on May 2, 2025 against the Judgment Debtors. (Adv. Doc. 42). In the Final Judgment, this Court specifically retained jurisdiction to "enter further orders, requests or judgments that are proper, including . . . post-judgment collection remedies."

2. Between February 14, 2025 and March 27, 2025, albeit contrary to this Court's orders[1], David Hughes ("Hughes") and John Cohan ("Cohan") filed numerous papers, pleadings, and motions in this action on behalf of the Judgment Debtors (collectively, the "Responses"). (Adv. Doc. 4, 8, 9, 14, 15, 18, 20, 21, and 22). In the Responses, Hughes and Cohan affirmed, among other things, their (1) personal capital contributions to the Judgment Debtors; (2) fiduciary duty to the Judgment Debtors; (3) full and complete dissolution of the Judgment Debtors pursuant

[1] On February 20, March 12, and March 27 of 2025, this Court entered orders which, in summary, instructed Hughes and Cohan that the Judgment Debtors must retain counsel to appear and be heard in the instant matter pursuant to Local Rule 1074-1. (Adv. Doc. 6, 13, and 23)

to the state law under which each of the Judgment Debtors existed; and (4) their personal interest in and ownership of the Judgment Debtors. Additionally, in the Section 341 Meetings of Creditors in the Chapter 11 case and the Chapter 7 case, Hughes and Cohan testified regarding their ownership interest in the Judgment Debtors. Hughes and Cohan also attested to their ownership of the Judgment Debtors in interviews with the Chapter 11 Examiner appointed in this case. *See* Chapter 11 Examiner's Report (Main Case Doc. 146) at fn. 70,

3. On May 22, 2025, in an effort to collect the Final Judgment, undersigned counsel for the Trustee e-mailed the Discovery in Aid of Execution to Hughes and Cohan on behalf of the Judgment Debtors, pursuant to their previous instructions that all court pleadings should be sent to them at a designated email address. A copy of the Discovery in Aid of Execution directed to Judgment Debtor, Zoomeral, Inc. is attached as **Exhibit A**. All of the Discovery in Aid of Execution directed to the Judgment Debtors is identical, so the Trustee has only attached a copy of one set of the Discovery to Zoomeral. A copy of the email sending the Discovery in Aid of Execution is attached as **Exhibit B**.

4. Hughes and Cohan immediately responded by three separate emails that they refused to accept service of the Discovery in Aid of Execution directed to the Judgment Debtors because they had dissolved each of the Judgment Debtor companies and "resigned as representative" of the Judgment Debtors. Copies of their emails are attached as **Composite Exhibit C**.

5. As a result of Hughes and Cohan's refusal to even accept service of the Discovery in Aid of Execution, as discussed more fully herein, the Trustee seeks Court intervention.

## MEMORANDUM OF LAW

6. “The rules governing discovery in post-judgment execution proceedings are quite permissive.” *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138, 134 S.Ct. 2250, 189, L.Ed.2d 234 (2014). “Federal Rule of Civil Procedure 69(a)(2)[2] states that, ‘[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located.’” *Id*. at 139, 134 S.Ct. 2250.

7. “The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting the judgment.” *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd*, 573 U.S. 134, 134 S.Ct. 2250, 189 L.Ed.2d 234 (2014). “The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.” *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012).

8. In *Credit Lyonnais, N.A. v. SGC Int’l, Inc.*, 160 F.3d 428 (8th Cir. 1998) , a foreign bank obtained a judgment against a domestic entity that was organized under the law of the Missouri. The foreign bank sought discovery from the former president and sole employee of the judgment debtor regarding his personal assets and assets transfer given his close relationship with the judgment debtor. *Id*. While the judgment debtor claimed discovery directed at the former president was irrelevant and outside the scope permitted under the Federal Rules of Civil Procedure, the court held the former president's resignation did not, in and of itself, bar discovery from being obtained by the judgment creditor. *Id*. Importantly, the court “stress[ed] that the presumption should be in favor of full discovery of any matters ***arguably related*** to [the judgment

[2] Pursuant to Fed. R. Bankr. P. 7069, Fed. R. Civ. P. 69 is made applicable to adversary proceedings.

creditor's] efforts to trace [the judgment debtor's] assets and otherwise to enforce its judgment." 160 F.3d at 431 (emphasis added).

9. When a close relationship between whom discovery is sought and a judgment debtor exists, thinly veiled attempts to create artificial barriers – particularly when the evidence suggests the Judgment Debtors are mere extensions of the individuals against whom discovery is sought – should not prevent collection related discovery. *See Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 8 (D.D.C. 2006); *see Credit Lyonnais*, 160 F.3d at 431.

10. Further, in *In re Taylor, Bean & Whitaker Mortgage Corporation*, 620 B.R. 165, 166 (Bankr. M.D. Fla. 2019), the Court entered an order clarifying that when the specter of duplicitousness permeates a bankruptcy case, the close relationship between whom discovery is sought and an entity without a readily apparent business purpose raises a colorable suspicion that the entity is nothing more than an artifice designed to muddy the waters.

11. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure[3], individuals who do not wish to comply with a request for discovery may seek a protective order in the court where the action is pending. "This is the proper method for a party who believes that discovery is inappropriate." *In re Kilby*, 196 B.R. 627, 631 (Bankr. M.D. Fla. 1996). An individual and/or entity's unilateral decision not to comply with properly issued discovery requests cannot be tolerated. *Id*.

12. While neither the Federal Rules of Civil Procedure nor the Florida Rules of General Practice and Judicial Administration require service of a paper to be made on parties whom a default has been entered[4], to obtain information responsive to the Discovery in Aid of Execution,

---

[3] Pursuant to Fed.R.Bankr.P. 7026, Fed.R.Civ.P. 26 is made applicable to adversary proceedings.
[4] *See* Fla. R. Gen. Prac. & Jud. Admin. 2.516(a) and Fed. R. Civ. P. 5(a)(2).

common sense dictates the Trustee would need to direct the requests to the individuals with the requisite knowledge and authority to complete the discovery on the Judgment Debtor's behalf.

13. As expressly declared in Hughes' and Cohan's Responses, they maintain personal interests in and a fiduciary duty to the Judgment Debtors. *See* Notice of Material Change in Circumstances (Adv. Doc. 20) at ¶¶ 1(1) and (1)(2) and the Supplemental Notice of Procedural Defect in Support of Prior Motions (Adv. Doc. 22) at ¶ 4.

14. Based on Hughes' and Cohan's declarations outlined above, the Trustee directed the Discovery in Aid of Execution to the only two people who were former presidents, owners, members, and/or managers of the now dissolved Judgment Debtors. Put differently, Trustee sought information from the only two people who possessed the requisite authority to control and direct the Judgment Debtors during the applicable period.

15. Upon receipt of the Discovery in Aid of Execution, Hughes and Cohan stated that, among other things, attempts to provide them with the Discovery in Aid of Execution was improper, intentional harassment, and that any further attempts would result in legal consequences. *See* Ex. C, David Hughes' e-mail to Raye Elliott and John Cohan's e-mail to Raye Elliott, May 22, 2025.

16. Contrary to Hughes' and Cohan's position, in every state under which the Judgment Debtors were organized, the Parties in Interest are the individuals responsible for the debts, obligations, or other liabilities of the Judgment Debtors.

17. As such, the Discovery in Aid of Execution was (1) provided to the individuals who possess information pertaining to the Judgment Debtor's assets; and (2) relevant and permissible under the Federal Rules of Civil Procedure since the requests were calculated to assist in collecting the judgment. *EM Ltd.*, 695 F.3d at 207.

18. The Judgment Debtors cannot avoid the Trustee's efforts to collect the Final Judgment simply by the companies' being dissolved and their principals attempting to "resign" as representatives of the Judgment Debtors.

19. Accordingly, Hughes' and Cohan's unilateral decision not to comply with the Discovery in Aid of Execution cannot be tolerated, and it is appropriate for this Court to compel Hughes and Cohan to answer the Discovery in Aid of Execution and award the Trustee the attorney's fees incurred in litigating this Motion.

**WHEREFORE**, Plaintiff / Judgment Creditor, Aaron R. Cohen, Chapter 7 Trustee, of the bankruptcy estate of Genie Investments NV, Inc., by and through undersigned counsel, respectfully request this Court enter an Order: (1) granting Plaintiff/Judgment Creditor's Motion to Compel Discovery in Aid of Execution of Judgment; (2) awarding Aaron R. Cohen the attorney's fees incurred in prosecuting this Motion; and (3) granting such other relief (in law or equity) as this Court may deem just and proper.

Dated: June 18, 2025

**AKERMAN LLP**

By: *_/s/ Raye C. Elliott_*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorney for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18, 2025, a true and correct copy of the foregoing was served by electronic mail to the following who consented in writing to receive service of pleadings at the email addresses listed below:

John Michael Cohan
iustusprocessus@outlook.com

David Hughes
davidchoatehughes@gmail.com

and by U.S. mail to:

David Hughes
2812 Pat Tillman Drive
Springfield, Illinois 62711

*/s/ Raye C. Elliott*
Attorney

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7
_________________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Defendants.
_________________________________________/

**NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ZOOMERAL, INC., IN AID OF EXECUTION OF JUDGMENT**

Plaintiff, Aaron R. Cohen, Chapter 7 Trustee, by and through his undersigned counsel, pursuant to Rules 33 and 69, Federal Rules of Civil Procedure made applicable by Rules 7033 and 7069, Federal Rules of Bankruptcy Procedure, hereby gives notice that on May 22, 2025, he served his First Set of Interrogatories to Defendant, Zoomeral, Inc., in Aid of Execution of Judgment numbered 1 to 24 by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

Zoomeral, Inc.
c/o John Michael Cohan
iustusprocessus@outlook.com

Zoomeral, Inc.
c/o David Hughes
iustusprocessus@outlook.com

Dated: May 22, 2025

AKERMAN LLP

By: */s/ Raye C. Elliott*

Raye C. Elliott
Florida Bar No. 018732
Email: raye.elliott@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished on May 22, 2025, by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

Zoomeral, Inc.
c/o John Michael Cohan
iustusprocessus@outlook.com

Zoomeral, Inc.
c/o David Hughes
iustusprocessus@outlook.com

*/s/ Raye C. Elliott*
Attorney

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Defendants.

_______________________________________/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ZOOMERAL, INC., IN AID OF EXECUTION OF JUDGMENT**

You are hereby required, pursuant to Rules 33 and 69, Federal Rules of Civil Procedure, made applicable by Rules 7033 and 7069, Federal Rules of Bankruptcy Procedure, to answer separately and fully, in writing and under oath, the Interrogatories hereinafter set forth and serve your answers on the undersigned within thirty (30) days after service hereof.

**DEFINITIONS**

For the purposes of these Interrogatories, the following definitions apply:

1. "Documents" means all written, recorded, reproduced or graphic materials and all copies containing any additional matter, of any kind or nature, in your actual or constructive possession or control, including, but not limited to, originals (or copies where originals are unavailable) of correspondence, books, papers, pamphlets, accounts, letters, periodicals, photographs, transcripts, computer records, microfilm, microfiche, records, audits, investigations, notes, memoranda, minutes of meetings, interoffice communications, reports, studies, analyses, estimates, projections, agreements, contracts, options, purchase orders, reviews, deeds, leases, designs, drawings, diagrams, copy, advertising drafts, ledgers, books of account, requests for quotations, quotation files, invoices, bank checks, charge slips, deposit slips, tax documents, statistical records, receipts, graphs, indices, calendars, appointment books, handwritten notes, diaries, job sheets, files, data sheets, data processing cards, computer printouts, confirmation slips, computer data, monthly statements, telephone logs, telephone bills, long distance telephone call charge slips, tear sheets and flyers, prospectuses, files, notations, and memorials of any type of telephone conversations, conferences or meetings.

2. "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

3. "Control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

4. "Identify" or "identity" when used in reference to an individual person means to state his or her full name, present address, telephone number, and last known position or business affiliation.

5. "Identify" or "identity" when used in reference to an entity other than an individual means to state the organizational form of the entity (whether corporation, partnership or otherwise), the complete name of the entity, the present or last known business address of the entity, the telephone number of the entity, and all subsidiaries and related or affiliated entities.

6. "Identify" or "identity" when used in reference to a document means to state its subject matter, its substance in summary form, the identity of each person or entity involved in preparing it, and the identity of each person or entity currently in possession of the document.

7. "Identify" or "describe" when used with respect to an event, occurrence, act or conversation means to state the date and place of such event, the persons involved and a description of the event.

8. "Person" or "persons" means any and all natural persons and entities, including without limitation, individuals, firms, partnerships, corporations, companies, ventures, trusts, estates, associations, public agencies, departments, bureaus, or any other form of organization or association.

9. "Plaintiff" means Aaron C. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV Inc.

10. "Judgment" means that certain Final Judgment entered on May 2, 2025, in the above captioned proceeding against Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC.

11. "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance. By way of example, and not by limitation, a Transfer may be made by gift, deed, lease, loan, or sale.

12. The words "You", "your", and "Defendant" mean Defendant, Zoomeral, Inc., and its predecessors, successors, agents, employees, servants, representatives, and, unless privileged, attorneys.

13. The singular of any word or phrase includes the plural, and vice versa.

14. The word "and" includes "or" and "or" includes "and," the term "any" includes "all," the term "all" includes "any," and the term "including" includes "including without limitation."

## INSTRUCTIONS

1. These Interrogatories are deemed continuing and shall be supplemented immediately based upon the receipt of any and all information or documents obtained after your initial response to these Interrogatories.

2. If you are unable to answer any of the Interrogatories after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

3. In lieu of fully identifying a document in response to an Interrogatory, you may attach a copy of the document and refer to the copy in your answer to the Interrogatory.

4. If a claim of privilege is asserted as to any oral or written communication or other document responsive to or requested by these Interrogatories, please state:

i. The nature of the privilege claimed (the term privilege as used herein shall include work product);

ii. The identity of the person(s) who made the statement or prepared the document;

iii. In the case of written communications, the approximate date the document was prepared, its title, the type of document (e.g. letter, memo, etc.), the identity of the person(s) to whom it is addressed and the person(s) to whom it was sent, including attorneys representing the Defendant in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

iv. In the case of oral communications, the location and approximate date of each such communication, the identity of each person who was a party to the communication, and the identity of each person, including attorneys representing the Defendant in connection with this lawsuit, to whom the contents or substance of the communication, or any part thereof, has been communicated; and

v. A brief description or summary of the contents or substance of the communication or document sufficient to explain the basis for the claim of privilege.

## INTERROGATORIES

1. Identify the name, address and telephone number of the person(s) preparing, providing information for, and/or otherwise assisting in the preparation of the answers to these interrogatories.

**ANSWER:**

2. For the period of March 5, 2021 to the present, Identify all bank, credit union or other accounts in which Defendant or someone for Defendant's benefit has deposited money or from which Defendant or someone for Defendant's benefit has withdrawn or transferred money (or other assets) in Defendant name, for Defendant benefit, jointly with another person, or in the name of an entity with which Defendant is affiliated. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments, shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. For each account further state: (i) name and address of the institution where the account is maintained; (ii) type of account; (iii) account number and last four digits of account number; (iv) current balance; and (v) names and addresses of all persons authorized to withdraw funds from such account.

**ANSWER:**

| Name and address of institution | Type of account and last four digits of account number | Current balance | Name and address of Persons Authorized to Withdraw Funds |
|---|---|---|---|

3. List all financial accounts and instruments held in the name of the Defendant or for the benefit of the Defendant which were closed, sold, or otherwise transferred from March 5, 2021 to the present. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments, shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

**ANSWER:**

| Name and address of institution | Type of account and last four digits of account number | Amount of final balance | Amount and date of sale or closing |
|---|---|---|---|

4. Identify all trusts or other similar devises of which Defendant is a beneficiary, including the name of the trust or similar devise, the names, addresses and telephone numbers of all trustees and beneficiaries, the nature of Defendant's interest in the trust, and the contents of the trust.

**ANSWER:**

5. Has Defendant prepared a financial statement within the five (5) years immediately preceding the date of this interrogatory? If so, provide the date of the financial statement, the purpose for which it was prepared, the information Defendant provided in the financial statement, and the name of the person preparing and receiving the financial statement.

**ANSWER:**

6. State Defendant's gross annual revenue and income from all sources for the five (5) years immediately preceding the date of this interrogatory and the identity of the source(s) of such revenue and income.

**ANSWER:**

7. Identify all real property which Defendant currently owns, or in which Defendant has a direct or indirect interest, setting forth for each property: (i) the percentage of Defendant's interest in each parcel; (ii) the name(s) and addresses of all persons or entities which also own an interest in the property, if any; (iii) whether there are any liens on the property; (iv) the source of the funds used to purchase the property; (v) the present market value; and (vi) the amount of equity Defendant currently has in the property.

**ANSWER:**

8. List all items of tangible property with an estimated value of $500 or more, including, but not limited to, motor vehicles, boats, aircraft, furniture, fixtures and equipment which Defendant owns, in which Defendant has an interest, or which are in Defendant's possession, custody, or control and for each item, further state the estimated value for each item and the address of where the tangible property is located.

**ANSWER:**

9. Identify the names and addresses of all persons or entities indebted to Defendant at any time during the five (5) years immediately preceding the date of this interrogatory, and the nature and amount of their obligations to Defendant. Such indebtedness would include, but is not limited to, obligations to pay money, real property, tangible assets, intangible assets, or to provide services at some point in the future.

**ANSWER:**

10. Identify each transaction by which Defendant transferred any item of value (with an estimated market value in excess of $500) to any other third party during the five (5) years immediately preceding the date of this interrogatory, setting forth for each transfer: (i) the item transferred; (ii) the date of the transfer; (iii) the person to whom the transfer was made; (iv) any consideration given for such transfer; and (v) the market value of the item transferred.

**ANSWER:**

11. List all brokerage, investment and/or commodity accounts in which Defendant has or had an interest within the five (5) years immediately preceding the date of this interrogatory, setting forth for each account: (i) the name and address of the broker where the account is maintained; (ii) the type of account; (iii) the account number; (iv) the present balance; and (v) the names and addresses of all persons authorized to withdraw funds from such account.

**ANSWER:**

12. Identify any safe, safe deposit box, and/or storage unit of any kind to which Defendant has access, setting forth for each safe, safe deposit box or storage unit: (i) the complete address of the location of the safe, safe deposit box or storage unit; (ii) each safe deposit box number, if applicable; (iii) the contents of the safe, safe deposit box or storage unit (iv) the approximate value of the contents of the safe, safe deposit box or storage unit.

**ANSWER:**

13. Identify all lawsuits and/or administrative proceedings to which Defendant presently is or has been a party (either Plaintiff or Defendant) within the five (5) years immediately preceding the date of this interrogatory, and for each lawsuit or administrative proceeding set forth: (i) the title of action; (ii) the case number and jurisdiction in which the suit is/was pending; (iii) the date the action commenced; (iv) a brief description of the nature of the claims, counterclaims or defenses; and (v) the disposition of the case, including judgment awarded.

**ANSWER:**

14. State whether Defendant is entitled to receive any money from any federal, state or city agency, including any income tax refund or credit, and set forth the amount of money Defendant is entitled to receive.

**ANSWER:**

15. Identify any and all assets that Defendant has pledged as collateral for the purpose of obtaining any loan, either on its own behalf or on behalf of any other person, within the five (5) years immediately preceding the date of this interrogatory.

**ANSWER:**

16. Identify any accountants, accounting firms or other advisors that have assisted Defendant with respect to any financial matters or tax preparation within the five (5) years immediately preceding the date of this interrogatory, setting forth for each: (i) the name and address of the advisors, (ii) a brief description of the services rendered and (iii) the dates upon which such services were rendered.

**ANSWER:**

17. Identify each person to whom Defendant believes it is presently indebted. Your answer should include the name of the creditor, the address of the creditor, the amount of debt, the due date for repayment (if applicable), and date on which the obligation arose.

**ANSWER:**

18. List each payment or other transfer to any creditor made within the 120 days immediately preceding the date of this Interrogatory, unless the aggregate value of all property that constitutes or is affected by such transfer is less than $500.

**ANSWER:**

| Name and address of creditor | Dates of payments/transfers | Amount paid or value of transfers | Amount still owing |
|---|---|---|---|

19. List all payments made by the Defendant within the four years preceding the Judgment to or for the benefit of insiders, defined in 11 U.S.C. § 101(31)(B) as, "a director" of the corporation, an "officer" of the corporation, a "person in control" of the corporation, a "partnership in which the [corporation] is a general partner", a "general partner of the" corporation, or a "relative of a general partner, director, officer, or person in control of the" corporation.

**ANSWER:**

| Name and address of insider | Relationship to Defendant | Dates of payments | Amount paid |
|---|---|---|---|



81465542;1

20. List all property of Defendant that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within the last three years.

| Name and address of creditor or seller | Date of possession, foreclosure sale, transfer or return of property | Description and value |
|---|---|---|

21. List all gifts or charitable contributions made by Defendant within the last three years, except ordinary and usual gifts aggregating less than $200 in value and charitable contributions aggregating less than $100 per recipient.

**ANSWER:**

| Name and address of person or organization | Relationship to Defendant, if any | Date of gift | Description and value of gift |
|---|---|---|---|

22. Identify any person or entity to whom Defendant has made any disclosures concerning Defendant's finances. Your answer should include, but not be limited to, any banks, credit unions, individual investors, companies, governmental bodies/authorities, or courts.

**ANSWER:**

23. Identify any property owned by Defendant that is in the possession, custody, or control of a third party. Your answer should include the name and address of the third party, the description and value of the property in the third party's possession, custody, or control, and the location of the property.

**ANSWER:**

24. Identify all distributions made to members of the Defendant in the five years immediately preceding this interrogatory and for each distribution, identify the date of the distribution, the amount of the distribution and the name and address of the member receiving the distribution.

**ANSWER:**

**VERIFICATION**

ZOOMERAL, INC.

______________________________

By: ___________________________

Its: ___________________________

STATE OF ____________________ )
) ss:
COUNTY OF __________________ )

BEFORE ME the undersigned authority, personally appeared ______________________ who, being first duly sworn, under oath, deposes and says that the attached Answers to Plaintiff's First Set of Interrogatories to Defendant, Zoomeral, Inc., in Aid of Execution of Judgment propounded on May 22, 2025, are true and correct to the best of his/her knowledge, and belief and that he/she has read the Answers and known the contents thereof. He/she is:

☐ personally known to me; or

☐ produced a driver's license issued by the ______________________ Department of Motor Vehicles as identification; or

☐ produced the following identification: ___________________________________

______________________________________
NOTARY PUBLIC, STATE OF _______________

______________________________________
(Print, Type or Stamp Commissioned Name of Notary Public)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Defendants.

_______________________________________/

**PLAINTIFF'S REQUEST FOR PRODUCTION IN AID OF EXECUTION TO DEFENDANT, ZOOMERAL, INC.**

Plaintiff, Aaron Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, INC., ("Plaintiff"), pursuant to Rules 34 and 69, Federal Rules of Civil Procedure, made applicable by Rules 7034 and 7069, Federal Rules of Bankruptcy Procedure, requests the Defendant, Zoomeral, Inc. ("Defendant"), to produce at the offices of Akerman LLP, 401 N. Jackson St., Suite 1700, Tampa, Florida 33602, or at such other mutually convenient place, within thirty (30) days of the date of service hereof, the following described documents for Plaintiff's inspection, examination and copying in connection with this case.

**DEFINITIONS**

A. As used in this Request, the word "documents" means any written, recorded, printed, typed or photographed material, or other demonstrative material however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your actual or constructive possession, custody or control, or of which you have knowledge. The term includes, but is not limited to originals where available, or otherwise a copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of each item of papers, books, letters, emails, correspondence, telegrams, computer programs, source codes, object codes, specifications, computer print-outs, data processing outputs, flow charts, program structure charts, bulletins, reports, notices, announcements, instructions, orders, confirmations, charts, manuals, photographs, sketches, plans, periodicals, publications, brochures, pamphlets, schedules, cables, telex messages, memoranda, notes, notations, invoices, accounts, ledgers, checks, check stubs, drafts, indexes, data sheets, commercial paper, wires, transcripts, minutes, agendas, affidavits, statements, summaries, opinions, reports, surveys, studies, work papers, analyses, evaluations, printings, graphs, charts, tables, prospectuses, tabulations, compilations, lists, diagrams, contracts, offers, agreements, journals, statistical records, desk calendars, appointment books, diaries, studies, sound recordings, recording disks or other records of oral communications, films, microfilms, microfiche, slides, other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing and any other materials discoverable under the Federal Rules of Civil Procedure. Moreover, the term "document" includes reports and records of telephone or other conversations or messages, or interviews, conferences or other meetings.

B. "Communication" means oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, any transfer of thoughts or ideas, any transfer of data from one location to another by electronic or similar means, and any other understandings between or among two or more persons.

C. If not expressly stated otherwise, "control" means in your actual or constructive possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

D. "Related to" means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

E. "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance. By way of example, and not by limitation, a Transfer may be made by gift, deed, lease, loan, or sale.

F. "You" means Defendant, Zoomeral, Inc., and its predecessors, successors, agents, employees, servants, representatives, and, unless privileged, attorneys.

## INSTRUCTIONS

Compliance with this Request should be made in accordance with the following:

A. If you at any time had actual or constructive possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, please describe the document, the date of its

loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B. If you assert that any document called for by this Request is protected against disclosure as "work product" or by any other privilege or immunity of any kind whatsoever, please provide the following information with respect to each such document:

(1) The names and capacities of the persons who prepared the document.

(2) The names and capacities of all addressees or recipients of the original or copies of the document.

(3) The date, if any, reflected on the document, or on which the document was prepared.

(4) A brief description of the document's subject matter and physical size.

(5) The source of the information from which the document was prepared.

(6) The nature of the privilege claimed.

C. All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual request to which each document applies.

D. The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

E. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

## DOCUMENTS REQUESTED

1. Copies of your income tax returns for the past five (5) calendar years.

2. Copies of your income tax records for the current tax year and copies of any estimated income tax returns filed for the current year.

3. Copies of all bank books or statements and savings books or statements for accounts with banks or other financial institutions in which you have or have had any legal or equitable interest at any time during the five (5) years immediately preceding the date of this request.

4. Copies of all checks, deposits, and deposit slips for Defendant's accounts with banks or other financial institutions in which Defendant has or have had any legal or equitable interest at any time during the five (5) years immediately preceding the date of this request.

5. Copies of all deeds, leases, mortgages, and any other written instruments evidencing your interest in or ownership of any real property at any time during the five (5) years immediately preceding the date of this request.

6. Copies of all documents relating to the value of your real property including, without limitation, any appraisals or brokers opinions of value prepared within the five (5) years immediately preceding the date of this request.

7. Copies of all notes, deeds, title certificates, or any other security instrument of any kind showing the existence of any debt owed to you.

8. Copies of all bills of sale and any other written evidence of any personal or real property with an estimated value of $1,000 or more, including any interest in any legal entity or other intangible property, purchased, sold, or transferred by you at any time during the five (5) years immediately preceding the date of this request.

9. Copies of all closing statements and other closing documents evidencing any personal or real property with an estimated value of $1,000 or more, that was purchased, sold, or transferred by you at any time during the five (5) years immediately preceding the date of this request.

10. Copies of all financial statements concerning your income, losses, earnings, assets and liabilities since January 1, 2022

11. Schedule or list of all of your personal property with an estimated value of $1,000 or more, including but not limited to motor vehicles, boats, aircraft, furniture, fixtures, and equipment presently or at some point during the five (5) years immediately preceding the date of this request owned by you.

12. Copies of all stock certificates or other documents evidencing ownership of stocks and bonds held by you, including copies of any stock brokerage account statements maintained in the five (5) years immediately preceding the date of this request.

13. Copies of all documents evidencing any interest in any partnerships, joint ventures, limited liability companies, limited liability partnerships, corporations, or any other business entity you presently have or had within the five (5) years immediately preceding the date of this request.

14. Copies of all insurance policies and/or annuities owned by you or in which you have an interest, regardless of the insured or beneficiary.

15. Copies of all contracts under which you are now performing services or rendering materials, or under which someone is indebted to you for services or materials already furnished.

16. Copies of all documents evidencing any indebtedness owed to you.

17. Copies of all documents evidencing any patents, copyrights, or other intellectual property owned by you.

18. Copies of all documents concerning payments you made to creditors during the five (5) years immediately preceding the date of this request.

19. Copies of all documents related to any transfer by you of any property with an estimated value of $1,000 or more (either as a single transfer or in the aggregate) during the five (5) years immediately preceding the date of this request.

20. Copies of all receipts, rental agreements, inventories and other statements relating to any safe deposit box or safe which you have or have had in the five (5) years immediately preceding the date of this request.

21. Copies of all judgments against you.

22. Copies of all judgments in your favor.

23. Copies of all documents evidencing liens against you.

24. Copies of all documents evidencing liens in your favor.

25. Copies of all documents listed and/or described in your answers to Plaintiff's First Set of Interrogatories in Aid of Execution.

26. Copies of all documents showing all members or stakeholders of Defendant owning any of Defendant's equity interest, including the amount of each person's interest in the Defendant, within the five (5) years immediately preceding this request.

27. Copies of all documents showing distributions made to Defendant's members or stakeholders of Defendant owning any of Defendant's equity interest within the five (5) years immediately preceding this request.

Dated: May 22, 2025 AKERMAN LLP

By: */s/ Raye C. Elliott*
Raye C. Elliott
Florida Bar No. 018732
Email: raye.elliott@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished on May 22, 2025, by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

Zoomeral, Inc.
c/o John Michael Cohan
iustusprocessus@outlook.com

Zoomeral, Inc.
c/o David Hughes
iustusprocessus@outlook.com

*/s/ Raye C. Elliott*
Attorney

# Exhibit B

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | Meehan, Jennifer (Para-Jax) |
| **Sent:** | Thursday, May 22, 2025 11:22 AM |
| **To:** | iustusprocessus@outlook.com |
| **Cc:** | Elliott, Raye (Ptnr-Tpa) |
| **Subject:** | SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al. |
| **Attachments:** | ZOOMERAL_ INC.- Notice of Service of First Set of Interrogatories.pdf; ZOOMERAL_ INC.- First Set of Interrogatories in Aid of Execution.pdf; ZOOMERAL_ INC.- Request for Production in Aid of Execution.pdf; CAPITULUM_ LLC - Notice of Service of First Set of Interrogatories.pdf; CAPITULUM_ LLC - First Set of Interrogatories in Aid of Execution.pdf; CAPITULUM_ LLC - Request for Production in Aid of Execution.pdf; GENIE INVESTMENTS II_ LLC - Notice of Service of First Set of Interrogatories.pdf; GENIE INVESTMENTS II_ LLC - First Set of Interrogatories in Aid of Execution.pdf; GENIE INVESTMENTS II_ LLC - Request for Production in Aid of Execution.pdf; BETTER METHODS_ LLC - Notice of Service of First Set of Interrogatories.pdf; BETTER METHODS_ LLC - First Set of Interrogatories in Aid of Execution.pdf; BETTER METHODS_ LLC - Request for Production in Aid of Execution.pdf; GENIE'S ANGELS_ LLC n_k_a MERKTON GROUP_ LLC - Notice of Service of First Set of Interrogatories.pdf; GENIE'S ANGELS_ LLC n_k_a MERKTON GROUP_ LLC - First Set of Interrogatories in Aid of Execution.pdf; GENIE'S ANGELS_ LLC - Request for Production in Aid of Execution.pdf; BETTER METHODS, LLC - First Set of Interrogatories in Aid of Execution.docx; CAPITULUM, LLC - First Set of Interrogatories in Aid of Execution.docx; GENIE INVESTMENTS II, LLC - First Set of Interrogatories in Aid of Execution.docx; ZOOMERAL, INC.- First Set of Interrogatories in Aid of Execution.docx; GENIE'S ANGELS, LLC n_k_a MERKTON GROUP, LLC - First Set of Interrogatories in Aid of Execution.docx |

**Court** : United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

**Case Number** : 3:25-ap-00011-BAJ

**Case Style** : Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Document Served** :

1. Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Zoomeral. Inc., in Aid of Execution of Judgment
2. Plaintiff's First Set of Interrogatories to Defendant, Zoomeral. Inc., in Aid of Execution of Judgment (in PDF and Word as required by Local Rule 7033-1)
3. Plaintiff's Request for Production in Aid of Execution to Defendant, Zoomeral, Inc.
4. Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Capitulum, LLC, in Aid of Execution of Judgment
5. Plaintiff's First Set of Interrogatories to Defendant, Capitulum, LLC, in Aid of Execution of Judgment (in PDF and Word as required by Local Rule 7033-1)
6. Plaintiff's Request for Production in Aid of Execution to Defendant, Capitulum, LLC
7. Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Genie Investments II, LLC, in Aid of Execution of Judgment
8. Plaintiff's First Set of Interrogatories to Defendant, Genie Investments II, LLC, in Aid of Execution of Judgment (in PDF and Word as required by Local Rule 7033-1)
9. Plaintiff's Request for Production in Aid of Execution to Defendant, Genie Investments II, LLC

10. Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Better Methods, LLC, in Aid of Execution of Judgment
11. Plaintiff's First Set of Interrogatories to Defendant, Better Methods, LLC, in Aid of Execution of Judgment (in PDF and Word as required by Local Rule 7033-1)
12. Plaintiff's Request for Production in Aid of Execution to Defendant, Better Methods, LLC
13. Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Genie's Angels, LLC n/k/a Merkton Group, LLC, in Aid of Execution of Judgment
14. Plaintiff's First Set of Interrogatories to Defendant, Genie's Angels, LLC n/k/a Merkton Group, LLC, in Aid of Execution of Judgment (in PDF and Word as required by Local Rule 7033-1)
15. Plaintiff's Request for Production in Aid of Execution to Defendant, Genie's Angels, LLC n/k/a Merkton Group, LLC

**Sender** : Raye Elliott - Telephone: (813) 223-7333

# Composite Exhibit C

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | Debitus Processus <iustusprocessus@outlook.com> |
| **Sent:** | Thursday, May 22, 2025 2:22 PM |
| **To:** | Elliott, Raye (Ptnr-Tpa) |
| **Cc:** | Aaron R. Cohen; Meehan, Jennifer (Para-Jax) |
| **Subject:** | Fw: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al. |

**[External to Akerman]**

**Subject:** No Capacity to Accept Service on Behalf of Dissolved Entities

**To: Mr. Cohen/Ms. Elliot,**

I write to reiterate that I am not accepting service of any discovery or legal process **on behalf of any dissolved entity**, including but not limited to Zoomeral, Inc., Genie Investments II, LLC, Capitulum, LLC, Better Methods, LLC, Genie's Angels, LLC (n/k/a Merkton Group, LLC), or any other related entity.

All such companies have been formally dissolved, and the Court and Trustee have received timely notice of that fact. I have also resigned from any and all roles associated with any entity.

Any attempt to serve me as a stand-in for a dissolved company is improper, lacks legal authority, and will be treated as such.

I am only accepting service **in my personal capacity as John Michael Cohan**, and only as it pertains to matters directed to me individually. I have not signed or acted in any representative capacity since the formal dissolution of the aforementioned companies. Nothing in my prior communications should be construed as consent to act for or receive service on behalf of any entity.

This notice is being provided now, prior to any court filing on your part, to preclude any false or misleading claims that I accepted service or acted on behalf of any dissolved entity. Any such representations would be knowingly false, and I reserve all rights to respond accordingly.

Sincerely,

John Michael Cohan

---

**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Thursday, March 27, 2025 9:34 AM
**To:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Cc:** aaron@arcohenlaw.com <aaron@arcohenlaw.com>; jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>

**Subject:** Re: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

Ms. Elliot,

Per yesterday's notice, the companies are now dissolved, therefore the email addresses for Genie Investments are no longer active, and the PO Box address is no longer in existence.

For future filings and for service purposes, please email any future filings to this new email address (iustusprocessus@outlook.com). This means that absolutely no correspondence (**NONE**) is permitted to go to the address 11179 Limerick Drive as explicitly stated to you in writing and in filings multiple times. Any further violations of **Fed. R. Bankr. P. 9037(a) or Local Rule 5005-4** will result in further legal action against you. Please confirm and acknowledge this email. Thank you.

Govern yourself accordingly,

John Michael Cohan

---

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Thursday, March 20, 2025 12:47 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** aaron@arcohenlaw.com <aaron@arcohenlaw.com>; jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

Mr. Cohan,

The Rule 26 meeting of the parties occurs after the defendant has filed its answer and prior to the pretrial conference. There has been no answer filed yet and no pretrial conference scheduled yet (and will not be until the Defendant companies retain counsel as instructed by Judge Burgess). Therefore, there is no need to schedule such a conference at this point. Once the Defendant companies retain counsel and file an answer, I will coordinate that meeting with the Defendant's attorney.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

---

**From:** John from Genie Investments <jmcohan@genieinvestments.com>
**Sent:** Thursday, March 20, 2025 11:53 AM
**To:** Meehan, Jennifer (Para-Jax) <jennifer.meehan@akerman.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>; aaron@arcohenlaw.com
**Subject:** RE: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

[External to Akerman]

Ms. Elliot,

Per the **Doc.3** for **Case No. 3:25-ap-00011-BAJ**, when would you like to schedule the "*Meeting of the Parties*" to discuss

(a) the claims and defenses;
(b) the possibility of settlement;
(c) the initial disclosures required in section (g) and;
(4) a discovery plan as required by **Fed. R. Civ. P. (26(f))**.

Please give a few days/times you are available for the meeting that are most convenient for you and we will try to make them work. Thank you.

Sincerely,

**John Michael Cohan**
Genie Investments, Director
GI | GENIE INVESTMENTS

A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.
DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710 AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see:
http://www.ftc.gov/privacy/glbact/glbsub1.htm
PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.
This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Sent:** Wednesday, March 12, 2025 3:20 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** raye.elliott@akerman.com

**Subject:** SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Court** : United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

**Case Number** : 3:25-ap-00011-BAJ

**Case Style** : Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Document Served** : Order Striking Motions

**Sender** : Raye Elliott - Telephone: (813) 223-7333



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | Debitus Processus <iustusprocessus@outlook.com> |
| **Sent:** | Thursday, May 22, 2025 3:04 PM |
| **To:** | Elliott, Raye (Ptnr-Tpa) |
| **Cc:** | aaron@arcohenlaw.com; Meehan, Jennifer (Para-Jax); David Choate |
| **Subject:** | Re: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al. |

**[External to Akerman]**

Dear Ms. Elliott,

This is to formally reiterate that I am acting solely in my personal capacity, and I do not accept service on behalf of any dissolved entities, including Zoomeral, Inc., Genie Investments II, LLC, Capitulum, LLC, Better Methods, LLC, or Genie's Angels, LLC n/k/a Merkton Group, LLC.

As previously noticed to the Court and Trustee, these companies have been formally dissolved, and I have resigned from any role or authority with them. Your assertion that I remain a representative post-dissolution is unsupported and contrary to law. *See City Investing Co. Liquidating Trust v. Continental Cas. Co.*, 624 A.2d 1191, 1195 (Del. 1993).

Any attempt to serve discovery through me as a proxy for these entities is improper and constitutes harassment.

Additionally, your act of emailing unfiled discovery materials—under the appearance of court filings—and invoking baseless references to RICO without actually alleging such claims appears intended to intimidate. This conduct is inappropriate and undermines the integrity of the process.

I reserve all rights, including to move for sanctions or protective relief as necessary.

Sincerely,

John Michael Cohan

---

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Thursday, May 22, 2025 2:40 PM
**To:** iustusprocessus@outlook.com <iustusprocessus@outlook.com>
**Cc:** aaron@arcohenlaw.com <aaron@arcohenlaw.com>; jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

Mr Cohan,

Simply because you administratively dissolved all of the companies does not mean that we do not have valid judgments against them and are entitled to discovery to see where the assets of the companies were transferred. You and Mr. Hughes are also still the representatives of the company despite their dissolution. Therefore service of the discovery on you is proper. If we take this to court, Judge Burgess will tell you the same thing.

Raye Elliott

On May 22, 2025, at 2:22 PM, Debitus Processus <iustusprocessus@outlook.com> wrote:

**[External to Akerman]**

**Subject:** No Capacity to Accept Service on Behalf of Dissolved Entities

**To: Mr. Cohen/Ms. Elliot,**

I write to reiterate that I am not accepting service of any discovery or legal process **on behalf of any dissolved entity**, including but not limited to Zoomeral, Inc., Genie Investments II, LLC, Capitulum, LLC, Better Methods, LLC, Genie's Angels, LLC (n/k/a Merkton Group, LLC), or any other related entity.

All such companies have been formally dissolved, and the Court and Trustee have received timely notice of that fact. I have also resigned from any and all roles associated with any entity.

Any attempt to serve me as a stand-in for a dissolved company is improper, lacks legal authority, and will be treated as such.

I am only accepting service **in my personal capacity as John Michael Cohan**, and only as it pertains to matters directed to me individually. I have not signed or acted in any representative capacity since the formal dissolution of the aforementioned companies. Nothing in my prior communications should be construed as consent to act for or receive service on behalf of any entity.

This notice is being provided now, prior to any court filing on your part, to preclude any false or misleading claims that I accepted service or acted on behalf of any dissolved entity. Any such representations would be knowingly false, and I reserve all rights to respond accordingly.

Sincerely,

John Michael Cohan

**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Thursday, March 27, 2025 9:34 AM
**To:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Cc:** aaron@arcohenlaw.com <aaron@arcohenlaw.com>; jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

Ms. Elliot,

Per yesterday's notice, the companies are now dissolved, therefore the email addresses for Genie Investments are no longer active, and the PO Box address is no longer in existence.

For future filings and for service purposes, please email any future filings to this new email address (iustusprocessus@outlook.com). This means that absolutely no correspondence (**NONE**) is permitted to go to the address 11179 Limerick Drive as explicitly stated to you in writing and in filings multiple times. Any further violations of **Fed. R. Bankr. P. 9037(a) or Local Rule 5005-4** will result in further legal action against you. Please confirm and acknowledge this email. Thank you.

Govern yourself accordingly,

John Michael Cohan

---

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Thursday, March 20, 2025 12:47 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** aaron@arcohenlaw.com <aaron@arcohenlaw.com>; jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

Mr. Cohan,

The Rule 26 meeting of the parties occurs after the defendant has filed its answer and prior to the pretrial conference. There has been no answer filed yet and no pretrial conference scheduled yet (and will not be until the Defendant companies retain counsel as instructed by Judge Burgess). Therefore, there is no need to schedule such a conference at this point. Once the Defendant companies retain counsel and file an answer, I will coordinate that meeting with the Defendant's attorney.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

---

**From:** John from Genie Investments <jmcohan@genieinvestments.com>
**Sent:** Thursday, March 20, 2025 11:53 AM

**To:** Meehan, Jennifer (Para-Jax) <jennifer.meehan@akerman.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>; aaron@arcohenlaw.com
**Subject:** RE: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**[External to Akerman]**

Ms. Elliot,

Per the **Doc.3** for **Case No. 3:25-ap-00011-BAJ**, when would you like to schedule the "*Meeting of the Parties*" to discuss

(a) the claims and defenses;
(b) the possibility of settlement;
(c) the initial disclosures required in section (g) and;
(4) a discovery plan as required by **Fed. R. Civ. P. (26(f))**.

Please give a few days/times you are available for the meeting that are most convenient for you and we will try to make them work. Thank you.

Sincerely,

<image001.png>
**John Michael Cohan**
Genie Investments, Director
<image002.jpg>
A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.
DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710 AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see: http://www.ftc.gov/privacy/glbact/glbsub1.htm
PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.
This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** jennifer.meehan@akerman.com <jennifer.meehan@akerman.com>
**Sent:** Wednesday, March 12, 2025 3:20 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** raye.elliott@akerman.com
**Subject:** SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Court** : United States Bankruptcy Court, Middle District of Florida, Jacksonville Division

**Case Number** : 3:25-ap-00011-BAJ

**Case Style** : Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Document Served** : Order Striking Motions

**Sender** : Raye Elliott - Telephone: (813) 223-7333

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | David Choate <davidchoatehughes@gmail.com> |
| **Sent:** | Thursday, May 22, 2025 4:46 PM |
| **To:** | Elliott, Raye (Ptnr-Tpa) |
| **Cc:** | Meehan, Jennifer (Para-Jax); aaron@arcohenlaw.com; Debitus Processus |
| **Subject:** | Fwd: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al. |

**[External to Akerman]**

**Subject:** Cease and Desist – You Are Legally Barred From Forcing Representation of a Dissolved Entity

Ms. Elliott,

This correspondence serves as a **formal cease-and-desist demand** regarding your repeated and legally incorrect assertion that I continue to represent a dissolved corporate entity and may be compelled to accept service or respond to discovery on its behalf.

Let me make this unequivocally clear:

---

## 1. I Do Not—and Cannot—Represent any Dissolved Entity

Upon administrative dissolution of a corporation, **all authority to act on its behalf ceases**. I have not represented the entity since its dissolution and have no legal obligation or standing to do so now.

---

## 2. Florida Law Expressly Prohibits What You're Demanding

Under **Florida Statutes § 607.1405(2)**, a dissolved corporation may wind up its affairs, but:

> *"The dissolution of a corporation does not transfer title to the corporation's property, prevent transfer of its shares, or subject its directors or officers to standards of conduct different than those prescribed in this chapter before dissolution."*

In short, **Florida law does not authorize you—or anyone—to compel a former officer to act post-dissolution**

---

## 3. Federal & Bankruptcy Law Support This Position

See ***In re Real Homes, LLC*, 352 B.R. 221 (Bankr. D. Idaho 2005)_**:
"Once dissolved, the entity is incapable of appearing or being compelled to respond without revival under state law."

See ***In re Midwest Nursing Home, Inc.*, 93 B.R. 1002 (Bankr. W.D. Mo. 1988)_**:
"An individual cannot be compelled to act for or speak on behalf of a defunct corporation."

And under **Fed. R. Civ. P. 17(b)(2)**, the capacity of a corporation to be sued is governed by the law of its state of incorporation. Here, **Florida law forecloses your position entirely**.

---

## 4. Your Legal Threats Constitute Continued Abuse of Process

You are knowingly misrepresenting the law in an attempt to compel compliance from a private individual on behalf of a nonexistent entity. This is **legally indefensible and ethically improper**.

We are demanding the following:

1. You **cease and desist immediately** from attempting to serve or compel me to represent the dissolved entity;
2. You **withdraw any discovery** purporting to be served on me as an agent of the dissolved entity;
3. You acknowledge in writing that I am not a proper party for service or representation of said entity;
4. You refrain from further misstatements to the Court regarding my capacity or legal obligations.

---

Failure to Comply

If you persist, I will file a **formal complaint with the United States Trustee Program** and take all other legal paths to remedy.

You are now on written notice. The continued use of my name as a representative of a legally nonexistent entity will be treated as intentional harassment and obstruction of justice.

Govern yourself accordingly.

Sincerely,
**David Hughes**
2812 Pat Tillman Drive
Springfield, IL 62711
davidchoatehughes@gmail.com