UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED INTAKE USBC
JUN 30 '25 PM12:35

In re: GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,
v.
ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD
HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited
liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC
n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,
Defendants.
Adversary Pro. No. 3:25-ap-00011-BAJ

LIMITED EMERGENCY MOTION TO INTERVENE UNDER BANKRUPTCY RULE 7024

I. INTRODUCTION

Movant, John Michael Cohan, respectfully moves to intervene in this adversary proceeding under Bankruptcy Rule
7024 (incorporating FRCP 24) to challenge the procedural default entered against the companies in Adversary Pro.
No. 3:25-ap-00011-BAJ to protect Movant's personal interests, as the Trustee has threatened to sue Movant if further
discovery reveals alleged fraudulent transfers.

II. LEGAL BASIS FOR INTERVENTION

A. Intervention as of Right (FRCP 24(a))
Movant satisfies all elements for intervention as of right:
   Timeliness: Post-trial briefing ongoing that decisions that will affect his Adversary Proceeding.
   Protectable Interest: The Trustee testified he may sue Movant personally, creating direct financial exposure.
   Impairment of Interest: A default judgment against Movant's companies could be used collaterally against Movant
in future litigation.
   Inadequate Representation: The companies are dissolved and unrepresented; Movant must protect his own
interests. See *In re Thompson*, 965 F.2d 1136 (1st Cir. 1992) (allowing intervention to challenge defaults where
movant faced derivative liability).

B. Permissive Intervention (FRCP 24(b))
Alternatively, the Court should grant permissive intervention because:
   Movant's defenses share common questions of law/fact with the adversary proceeding (e.g., Trustee's lack of pre-
filing investigation).
   Intervention will not prejudice any party.

C. The Trustee's Misconduct Demands Intervention

Movant has a unique, protectable interest because:
1. The Trustee's Default is Tainted: Obtained without reviewing all bank records.

2. Dissolved Entities Can't Defend Themselves: Only Movant can expose the Trustee's fraud (see *In re Thompson*, 965 F.2d 1136 (1st Cir. 1992)).

3. Risk of Personal Harm: The Trustee's next step is veil-piercing—Movant must intervene to block it.

## III. FACTUAL BACKGROUND

The Trustee obtained a procedural default against Movant's companies for failing to respond to fraudulent transfer claims. Prior to this, John Michael Cohan and David Hughes filed sanctions against the Chapter 7 Trustee for bad faith and retaliation after they asserted their constitutionally protected right to redress against parties that have personally harmed the Movant significantly.

Movant has a direct, concrete interest in vacating the default, as it could be used to extort a settlement, or justify any other future litigation against Movant.

At the 06-24-2025 hearing, the Trustee admitted under oath that he:

[1] Did not review all bank records before filing the adversary complaint (Rule 9011 violation).

USB Audio File 2025_6_24 (2) submitted as Exhibit 1 at 12:24:
Movant asks the Trustee: "You filed an adversary complaint and you also filed a Chase bank subpoena?" [Exhibit 2 – Doc. 273 dated January 24, 2024.]
Mr. Cohen replies, "Yes."
Movant: "So, you made fraudulent transfer allegations without reviewing all of the bank records?"
Mr. Cohen: "We had a basis from an examiner report, from her own view of the bank statements that it was likely that there were fraudulent transfers, and all the elements were there. And if the $1.1million came back and showed that it went to either you or Mr. Hughes personally or one of the other companies or divided among the companies we would have filed an amended adversary. You don't prove the case in the pleading."
Movant: "Understood, um, so I just want to clarify, you said, 'yes', you made fraudulent transfer allegations without reviewing all of the bank records?" You started that [line of] question[ing], with 'yes.'"
Mr. Cohen: "We filed a complaint based on information you already have that stated a prima facia case for fraudulent transfers. I don't need to have had every single thing. That comes through discovery and trial and when we got the discovery from Chase bank and we saw that it was a refund to one of the customers."
Judge Burgess: "Mr. Cohen, just answer his question, yes or no."
Mr. Cohen: "Apologies, your Honor. Would you restate your question?"
Movant: "Sure, did you file fraudulent transfer claims without reviewing all the bank records?"
14:10 Mr. Cohen: "Yes."
15:10 Movant: Did you review all of the Debtor's bank statements before asserting your claims of fraudulent transfers?
Mr. Cohen: "I reviewed most of them and I relied on my attorney to review the rest."
Movant: "Just to clarify, not all of them?"
Mr. Cohen: "I did not dig deep into all of the bank records."

Trustee Aaron Cohen's admission that he filed fraudulent transfer allegations without reviewing all bank records constitutes a clear violation of Bankruptcy Rule 9011 (the equivalent of Federal Rule of Civil Procedure 11), which mandates that pleadings must be based on reasonable inquiry and evidentiary support. By his own admission (Exhibit 1, 12:24–15:10), Cohen relied only on an examiner's report and partial records rather than conducting a full review of the debtor's financial transactions before asserting claims—a reckless approach given the serious nature of fraud allegations. His acknowledgment that further discovery (Chase bank records) could have disproven his claims

further demonstrates a failure to meet Rule 9011's requirement of factual diligence before filing. Additionally, the judge's intervention, forcing Cohen to concede that he had not examined all records, underscores the lack of due diligence. This conduct warrants sanctions, including potential dismissal of the fraudulent transfer claims and monetary penalties, as it undermines the integrity of the judicial process and imposes unnecessary litigation burdens.

A trustee cannot rely solely on counsel to satisfy Rule 9011's "reasonable inquiry" requirement because:

-Personal Duty: The trustee, as an officer of the court, has a non-delegable obligation to verify claims before filing (In re 800ideas.com, 2013 WL 3970171 (Bankr. N.D. Cal.)).
-Fraud Allegations Demand Scrutiny: Claims of fraud require independent review—not blind reliance on others (Fed. R. Bankr. P. 9011(b)(3)).
-Admission of Ignorance: Cohen conceded he "did not dig deep", proving he failed his duty (Zaldivar v. City of L.A., 780 F.2d 823 (9th Cir. 1986)).

Result: His delegation was both legally invalid and factually reckless.


[2] May sue Movant personally if discovery reveals transfers.

USB Audio File 2025_6_24 (2) submitted as Exhibit 1 at 25:55:
Mr. Cohen: "If I find that money was sent to you or Mr. Hughes personally, than I probably will bring litigation against you."
Movant: So, this has been a backdoor way to get to me personally, correct?"
Mr. Cohen: "No, and I object to any use of the word "backdoor."
Movant: "Well, you just said that you were going to go after me personally if you see my name in any transactions."
Mr. Cohen: "No, I said, if you transferred money from the debtor fraudulently to yourself or either if you are an immediate transferee or an immediate transferee, I would consider bringing actions against you."
28:15 Movant: "So we are straight on how things flow, we filed our assertions against Warren Law Group and Velanos, and within hours, you responded with a cease and desist, correct?
Mr. Cohen: "Yes."
Movant: "Within 48 hours, you had a demand letter that named me personally and you had demand letters that named my companies, is that correct?"
Mr. Cohen: "I don't believe I aimed at you personally. Do you have a copy?"
Movant: "Yes, it's the documents I provided to the court in evidence."
30:09 Judge: "That would be Exhibit F."
Movant: "Thank you."
Judge: "Just give Mr. Cohen one second."
30:49 Mr. Cohen: "I have had the opportunity to read it."
Judge: "You may proceed, Mr. Cohan."
Movant: "Thank you. Who is addressed to at the top?"
Mr. Cohen: "John Michael Cohan and David Hughes."
Movant: "Is that me personally?"
Mr. Cohen: "In this case I believe in the last paragraph it does."
33:33: "So with this personally demand letter, did you send the other demand letters , um, Genie's Angels, Capitulum?"
Mr. Cohen: "Again, I would have to see them."
Movant: "If counsel could hand him one of the demand letters, they are all the same."
Judge: "Ms. Elliott, which one are you handing him?
Counsel: "Exhibit A."

Judge: "Alright. Mr. Cohan, for your knowledge, that is that one with Better Methods LLC."

Mr. Cohen: "Okay, this is actually a demand letter. This is completely separate in part from the cease and desist letter."

Movant: "You said it was separate in part, um, do you know how close the demand letters were sent to one another by email?"

Mr. Cohen: "They appear to be dated the same date."

Movant: "Are you aware that in my filings that I made clear that these demand letters were all within a half hour period?"

Mr. Cohen: "I don't recall what's in your filing." Exhibit 3 (Originally Exhibit C of Doc. 322 – January 24th, 2024)

The Trustee's litigation conduct reveals a de facto pattern of procedural abuse and lack of good-faith pre-filing investigation. The Chase bank subpoena (Document 273, filed January 24, 2024) and over 5 separate demand letters were issued on the same day, followed by the adversary complaint just 10 days later—a timeline, in and of itself, that suggests the Trustee had not yet obtained the necessary evidence to support his claims before initiating litigation. Even more troubling, the Trustee served these documents on both us personally and our companies within a 30-minute window, a tactic that appears designed to intimidate, overwhelm and harass rather than pursue legitimate claims. This rushed, indiscriminate filing strategy—combined with Cohen's admission that he had not reviewed all bank records—demonstrates a failure to conduct the "reasonable inquiry" required by Rule 9011 and raises serious questions about whether the adversary proceeding was filed for an improper purpose, such as intimidation or litigation leverage. Such conduct warrants judicial scrutiny and sanctions to deter abuse of process.

[3] Chapter 7 Trustee, Aaron R. Cohen False Statement Regarding Social Media Profiles

USB Audio File 2025_6_24 (1) submitted as Exhibit 1 at 46:00:
Mr. Cohen: "I do not have social media accounts."

At 46:00, during the trial, the Chapter 7 Trustee, Aaron R. Cohen, testified under oath that he does not have any social media accounts. However, this statement is contradicted by Exhibit 5, which is a screenshot of a Google search result showing that a Facebook profile exists under the name "Aaron R. Cohen" tied to his professional legal role. The appearance of this result directly undermines the credibility of his testimony and raises doubt as to the truthfulness and completeness of his sworn statements.

IV. LIMITED MOTION IN LIMITED CAPACITY

I, John Michael Cohan, respectfully move to intervene in this adversary proceeding in a limited capacity, solely to:

1. Object to ongoing enforcement efforts directed at me individually without proper service or notice;
2. Preserve my constitutional rights under the Fifth Amendment and applicable bankruptcy law; and
3. Challenge material misconduct by the Trustee, including the failure to review all relevant financial records prior to filing the adversary complaint.

This intervention is made only in my personal capacity, not as a representative of any dissolved entity, and shall not be construed as a general appearance, admission of liability, or waiver of objections previously raised.

I have not been named in the adversary complaint, I have not been served as a party, and I assert that any obligations now directed toward me have been imposed without process and without lawful standing.

I reserve all rights to seek relief for improper enforcement, misrepresentations made to the Court, and unconstitutional procedural conduct—including but not limited to coercion without standing, use of final judgments against non-parties, and violation of fundamental due process protections.

## V. RELIEF REQUESTED

Movant seeks:

    Leave to intervene for the limited purpose of filing a Motion to Vacate Default Judgment.

    Permission to file a supporting brief exclusively on the Trustee's Rule 9011 violations discovered during the evidentiary hearing held on 06-24-25.

## VI. CONCLUSION

For the reasons stated, Movant respectfully requests that the Court grant this Motion to Intervene expeditiously and to set an imminent hearing due the irreparable harm allegedly caused or to be caused by Mr. Cohen.

Dated: 06-30-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103

iustusprocessus@outlook.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of these documents has been served upon the proper interested parties by the EC/CMF system.

**Exhibit List**

Exhibit 1 – USB Audio of Hearing/Trial held on 06-24-2025 (a Dropbox link has also been provided)

Exhibit 2 – Chase Bank Subpoena dated January 24, 2025

Exhibit 3 – Originally Exhibit C of Doc. 322 demonstrating the Timeline of Cease and Desist and Demand Letters sent on January 24, 2024 within a 30 minute period

Exhibit 4 – Exhibit A and F discussed in this brief during trial, also dated January 24, 2025

Exhibit 5 – Google Search indicating Trustee Aaron R. Cohen's Social Media (Facebook) Profile

# EXHIBIT 1

Dropbox Link:

https://www.dropbox.com/scl/fo/2tdo1nmxfszf4zawmxv5x/AOKUDQäQb06lrAbIYAr2IXo?rlkey=ed248odyi3mcp5zh7c75yowz3&st=rb921ym3&dl=0



# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

      Debtor.                                      Chapter 7

_____/

## NOTICE OF ISSUANCE OF SUBPOENA

Aaron R. Cohen, Chapter 7 Trustee, by and through undersigned counsel, pursuant to

Federal Rule of Civil Procedure 45, hereby gives notice of the issuance of a Subpoena to Produce

Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or

Adversary Proceeding (the "Subpoena") on January 24, 2025, to JPMorgan Chase Bank, N.A.  A

true and correct copy of the Subpoena is attached to this Notice as **Exhibit 1**.

Dated: January 24, 2025                    AKERMAN LLP

                                           By: _/s/ Raye C. Elliott_
                                               Raye C. Elliott, Esq.
                                               Florida Bar Number: 018732
                                             Email: raye.elliott@akerman.com
                                             401 East Jackson Street, Suite 1700
                                             Tampa, FL 33602
                                             Phone: (813) 223-7333
                                             Fax: (813) 223-2837

                                         Attorneys for Aaron R. Cohen, Chapter 7 Trustee

79697518;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to, Genie Investments NV Inc., PO Box 60443, Jacksonville, FL 32236.

/s/ Raye C. Elliott
Attorney

# Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Middle** District of **Florida**

In re **Genie Investments NV Inc.**

_____ Debtor

*(Complete if issued in an adversary proceeding)*

_____ Plaintiff

v.

_____ Defendant

Case No. **3:24-bk-00496-BAJ**

Chapter **7**

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**JPMorgan Chase Bank, N.A., c/o Registered Agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL**

To: **33324** _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    **See attached Exhibit A**

| PLACE If by electronic delivery: raye.elliott@akerman.com<br>If by U.S. Mail: Raye Elliott, 401 E. Jackson St., Ste. 1700, Tampa, FL 33602 | DATE AND TIME<br>**February 24, 2025 at 4:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **1/24/2025** _____

CLERK OF COURT

OR

_____    **/s/ Raye C. Elliott** _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Aaron R. Cohen, Chapter 7 Trustee** , who issues or requests this subpoena, are:
**Raye C. Elliott, 401 E. Jackson St., Ste. 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:25-ap-00011-BAJ    Doc 53    Filed 06/30/25    Page 12 of 56
Case 3:24-bk-00496-BAJ    Doc 273    Filed 01/24/25    Page 5 of 22
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A**

I.    <u>Instructions</u>

A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but not be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

1.    The names of the authors of the document;
2.    The names of the persons to whom the documents or copies were sent;
3.    The date of the document;
4.    The date on which the document was received by each addressee, copyee or its recipients;
5.    A description of the nature and subject matter of the document that is as complete as possible;
6.    The date on which the document was lost, discarded or destroyed; and
7.    The manner in which the document was lost, discarded or destroyed.

D.    With respect to any document that you withhold under claim of privilege, you shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, you shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.    The names of the senders or the document;

2.    The names of the authors of the document;

3.  The names of the persons to whom the document or copies were sent;

4.  The job title of every person named in subparagraphs 1, 2 and 3 above;

5.  The date of the document;

6.  The date on which the document was received by each addressee, copyee or its recipient;

7.  A brief description of the nature and subject matter of the document; and

8.  The statute, rule or decision which is claimed to give rise to the privilege.

E.  If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

## III.    <u>Documents Requested[1]</u>

1.  All documents related to or reflecting the disposition of the 8/21/23 Debit DDA – Check Charge in the amounts of $1,100,000.00 and $41,124.32 for the Account titled **Genie Investments NV, Account Number** ███████**8502** as reflected on the attached Exhibit 1, including but not limited, copies of checks, wire transfers or any other documents showing to whom the funds were paid.

2.  All documents related to or reflecting the disposition of the 8/21/23 Debit DDA – Check Charge in the amount of $2,045.30 for the Account titled **Genie Investments NV, Account Number** ███████**9701** as reflected on the attached Exhibit 2, including but not limited, copies of checks, wire transfers or any other documents showing to whom the funds were paid.

3.  All documents related to or reflecting the disposition of the 8/21/23 Debit DDA – Check Charge in the amount of $2,000.82 for the Account titled **Genie Investments NV, Account Number** ███████**2222** as reflected on the attached Exhibit 3, including but not limited, copies of checks, wire transfers or any other documents showing to whom the funds were paid.

4.  All documents related to or reflecting the disposition of the 8/21/23 Debit DDA – Check Charge in the amount of $21,307.56 for the Account titled **Genie Investments NV, Account Number** ███████**3350** as reflected on the attached Exhibit 4, including but not limited, copies of checks, wire transfers or any other documents showing to whom the funds were paid.

---

[1] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the attorney issuing this subpoena to arrange for their production.

# Exhibit 1

03-Oct-23

03Oct23-420

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G03Oct23-420**
Sequence number    Posting date    Amount

## CHASE ◆

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

August 01, 2023 through August 31, 2023
Account Number:                    8502

00018808 DRE 021 144 24423 NNNNNNNNNN T 1 000000000 64 0000
GENIE INVESTMENTS NV
PO BOX 60443
JACKSONVILLE FL 32236-0443

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | www.Chase.com |
| Service Center: | 1-877-425-8100 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |



### We're discontinuing Text Banking

Starting on October 15, 2023, we'll no longer offer our Text Banking service. This change doesn't affect any Account Alerts
you receive by text. There are other ways you can manage your account from your mobile phone or computer.

Access your accounts with the Chase Mobile® app[1] and on chase.com, where you can:
- View your transactions, transfer money and make payments.
- Sign up for Account Alerts — get alerts about your balance, spending and more. Choose the alerts you want in
  **Profile and Settings.**

If you have questions, please call the number on this statement. We accept operator relay calls.

[1]Chase Mobile® app is available for select mobile devices. Message and data rates may apply.

### CHECKING SUMMARY    Chase Platinum Business Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$1,140,783.32** |
| Deposits and Additions | 1 | 350.00 |
| ATM & Debit Card Withdrawals | 1 | -9.00 |
| Other Withdrawals | 2 | -1,141,124.32 |
| **Ending Balance** | 4 | **$0.00** |

Your Chase Platinum Business Checking account provides:
- No transaction fees for unlimited electronic deposits (including ACH, ATM, wire, Chase Quick Deposit)
- 500 debits and non-electronic deposits (those made via check or cash in branches) per statement cycle
- $25,000 in cash deposits per statement cycle
- Unlimited return deposited items with no fee

There are additional fee waivers and benefits associated with your account – please refer to your Deposit Account
Agreement for more information.

Please note that this account was closed on 08/21/23.

### DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 08/10 | Service Fee Reversal | $350.00 |
| **Total Deposits and Additions** | | **$350.00** |

Page 1 of 4

03-Oct-23

THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION
GROUP ID G03Oct23-420
Sequence number   Posting date   Amount

03Oct23-420

**CHASE ○**

August 01, 2023 through August 31, 2023
Account Number:                    8502

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/07 | Card Purchase       08/04 Corporate Filings LLC 888-7898466 WY Card 9242 | $9.00 |
| **Total ATM & Debit Card Withdrawals** | | **$9.00** |

## ATM & DEBIT CARD SUMMARY

Caleb Michael Davis  Card 9242

| | AMOUNT |
|---|--------|
| Total ATM Withdrawals & Debits | $0.00 |
| Total Card Purchases | $9.00 |
| Total Card Deposits & Credits | $0.00 |

ATM & Debit Card Totals

| | AMOUNT |
|---|--------|
| Total ATM Withdrawals & Debits | $0.00 |
| Total Card Purchases | $9.00 |
| Total Card Deposits & Credits | $0.00 |

## OTHER WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/21 | Debit DDA - Check Charge | $1,100,000.00 |
| 08/21 | Debit DDA - Check Charge | 41,124.32 |
| **Total Other Withdrawals** | | **$1,141,124.32** |

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|------|--------|
| 08/07 | $1,140,774.32 |
| 08/10 | 1,141,124.32 |
| 08/21 | 0.00 |

## SERVICE CHARGE SUMMARY

| | |
|---|---|
| Monthly Service Fee | $0.00 |
| Other Service Charges | $0.00 |
| **Total Service Charges** | **$0.00** |

03-Oct-23                                                                                        03Oct23-420

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G03Oct23-420**
Sequence number   Posting date   Amount

**CHASE ◻**

August 01, 2023 through August 31, 2023
Account Number: ████████ 8502



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if
you need information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error
appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new
accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes
us to complete our investigation.

**For business accounts,** see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is
incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account
agreement or other applicable agreements that govern your account.

JPMorgan Chase Bank, N.A. Member FDIC

03-Oct-23                                                                    03Oct23-420

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
GROUP ID G03Oct23-420
Sequence number   Posting date   Amount

**CHASE** ◆

August 01, 2023 through August 31, 2023
Account Number:  ████████8502



This Page Intentionally Left Blank

Page 4 of 4

# Exhibit 2

03-Oct-23

03Oct23-424

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G03Oct23-424**
Sequence number  Posting date  Amount

## CHASE ⬡

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

August 01, 2023 through August 31, 2023

Account Number: ▮▮▮▮▮9701

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | www.Chase.com |
| Service Center: | 1-877-425-8100 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

00058419 DRE 703 142 24423 NNNNNNNNNN T 1 000000000 60 0000
GENIE INVESTMENTS NV
PO BOX 60443
JACKSONVILLE FL 32236-0443



### We're discontinuing Text Banking

Starting on October 15, 2023, we'll no longer offer our Text Banking service. This change doesn't affect any Account Alerts you receive by text. There are other ways you can manage your account from your mobile phone or computer.

Access your accounts with the Chase Mobile® app[1] and on chase.com, where you can:
- View your transactions, transfer money and make payments.
- Sign up for Account Alerts — get alerts about your balance, spending and more. Choose the alerts you want in Profile and Settings.

If you have questions, please call the number on this statement. We accept operator relay calls.

[1]Chase Mobile® app is available for select mobile devices. Message and data rates may apply.

| SAVINGS SUMMARY | Chase Business Total Savings | |
|---|---|---|
| | INSTANCES | AMOUNT |
| Beginning Balance | | $2,045.29 |
| Deposits and Additions | 1 | 0.01 |
| Other Withdrawals | 1 | -2,045.30 |
| Ending Balance | 2 | $0.00 |
| Annual Percentage Yield Earned This Period | | 0.01% |
| Interest Paid This Period | | $0.01 |
| Interest Paid Year-to-Date | | $0.82 |

Please note that this account was closed on 08/21/23.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $2,045.29 |
| 08/17 | Interest Payment | 0.01 | 2,045.30 |
| 08/21 | Debit DDA - Check Charge | -2,045.30 | 0.00 |
| | Ending Balance | | $0.00 |

Page 1 of 2

03-Oct-23                                                                                              03Oct23-424

THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION
GROUP ID G03Oct23-424
Sequence number  Posting date  Amount

**CHASE** ⬡

August 01, 2023 through August 31, 2023
Account Number: ▮▮▮▮▮▮▮9701

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

 • Your name and account number;
 • A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
 • The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts,** see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

JPMorgan Chase Bank, N.A. Member FDIC



Page 2 of 2

# Exhibit 3

03-Oct-23

03Oct23-423

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G03Oct23-423**
Sequence number  Posting date  Amount

## CHASE ○

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

August 01, 2023 through August 31, 2023

Account Number:     ███████2222

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | www.Chase.com |
| Service Center: | 1-877-425-8100 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

00058418 DRE 703 142 24423 NNNNNNNNNNN T  t 000000000 60 0000
GENIE INVESTMENTS NV
PO BOX 60443
JACKSONVILLE FL 32236-0443



### We're discontinuing Text Banking

Starting on October 15, 2023, we'll no longer offer our Text Banking service. This change doesn't affect any Account Alerts you receive by text. There are other ways you can manage your account from your mobile phone or computer.

Access your accounts with the Chase Mobile® app[1] and on chase.com, where you can:
- View your transactions, transfer money and make payments.
- Sign up for Account Alerts — get alerts about your balance, spending and more. Choose the alerts you want in Profile and Settings.

If you have questions, please call the number on this statement. We accept operator relay calls.

[1]Chase Mobile® app is available for select mobile devices. Message and data rates may apply.

| SAVINGS SUMMARY | Chase Business Premier Savings | |
|---|---|---|
| | INSTANCES | AMOUNT |
| Beginning Balance | | $2,000.80 |
| Deposits and Additions | 1 | 0.02 |
| Other Withdrawals | 1 | -2,000.82 |
| Ending Balance | 2 | $0.00 |
| Annual Percentage Yield Earned This Period | | 0.02% |
| Interest Paid This Period | | $0.02 |
| Interest Paid Year-to-Date | | $41.05 |

Please note that this account was closed on 08/21/23.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $2,000.80 |
| 08/17 | Interest Payment | 0.02 | 2,000.82 |
| 08/21 | Debit DDA - Check Charge | -2,000.82 | 0.00 |
| | Ending Balance | | $0.00 |

Page 1 of 2

03-Oct-23                                                                                            03Oct23-423

THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION
GROUP ID G03Oct23-423
Sequence number   Posting date  Amount

**CHASE** ⬡

August 01, 2023 through August 31, 2023
Account Number: [███████]2222

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if
you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error
appeared. Be prepared to give us the following information:

  • Your name and account number;
  • A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
  • The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new
accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes
us to complete our investigation.

**For business accounts,** see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is
incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account
agreement or other applicable agreements that govern your account.

                                                          **JPMorgan Chase Bank, N.A. Member FDIC**

                                                                                    Page 2 of 2

# Exhibit 4

03-Oct-23

03Oct23-422

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G03Oct23-422**
**Sequence number  Posting date  Amount**

**CHASE** 

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

August 01, 2023 through August 31, 2023
Account Number: ▮▮▮▮3350

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | www.Chase.com |
| Service Center: | 1-877-425-8100 |
| Para Español: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

00005567 DRE 021 144 24423 NNNNNNNNNNNN T 1 000000000 62 0000
GENIE INVESTMENTS NV
PO BOX 60443
JACKSONVILLE FL 32236-0443

### We're discontinuing Text Banking

Starting on October 15, 2023, we'll no longer offer our Text Banking service. This change doesn't affect any Account Alerts you receive by text. There are other ways you can manage your account from your mobile phone or computer.

Access your accounts with the Chase Mobile® app[1] and on chase.com, where you can:
- View your transactions, transfer money and make payments.
- Sign up for Account Alerts — get alerts about your balance, spending and more. Choose the alerts you want in Profile and Settings.

If you have questions, please call the number on this statement. We accept operator relay calls.

[1]Chase Mobile® app is available for select mobile devices. Message and data rates may apply.

| SAVINGS SUMMARY | Chase Business Premier Savings | |
|---|---|---|
| | **INSTANCES** | **AMOUNT** |
| Beginning Balance | | $21,307.38 |
| Deposits and Additions | 1 | 0.18 |
| Other Withdrawals | 1 | -21,307.56 |
| Ending Balance | 2 | $0.00 |
| Annual Percentage Yield Earned This Period | | 0.02% |
| Interest Paid This Period | | $0.18 |
| Interest Paid Year-to-Date | | $7.28 |

Please note that this account was closed on 08/21/23.

| TRANSACTION DETAIL | | | |
|---|---|---|---|
| **DATE** | **DESCRIPTION** | **AMOUNT** | **BALANCE** |
| | Beginning Balance | | $21,307.38 |
| 08/17 | Interest Payment | 0.18 | 21,307.56 |
| 08/21 | Debit DDA - Check Charge | -21,307.56 | 0.00 |
| | Ending Balance | | $0.00 |

03-Oct-23                                                                                          03Oct23-422

THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION
GROUP ID G03Oct23-422
Sequence number  Posting date  Amount

**CHASE** 🗘

August 01, 2023 through August 31, 2023
Account Number:                    3350



**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

For personal accounts only: We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

For business accounts, see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**

# EXHIBIT 3

| From: | John from Genie Investments |
| To: | cwarren@sh-law.com |
| Cc: | David from Genie Investments |
| Subject: | FW: DEMAND AND PRESERVATION OF EVIDENCE LETTERS |
| Date: | Wednesday, January 22, 2025 1:05:00 PM |
| Attachments: | Warren Law Group and Scott Oh.pdf |
| | image002.png |

Dear Mr. Warren,

We are writing in connection with the merger between Warren Law Group and Scarinci Hollenbeck, which we understand was structured as a forward merger, where Warren Law Group has been fully absorbed into Scarinci Hollenbeck.

In light of this merger, it is our understanding that Scarinci Hollenbeck has assumed all assets, obligations, and liabilities of Warren Law Group, including matters arising prior to the merger. With this understanding, we are reaching out to address significant concerns related to potential malpractice, fraud, extortion, and reputational damage stemming from actions involving Warren Law Group and Scott Oh (SO).

To ensure proper handling of these matters, we are forwarding the demand and preservation letters that were previously addressed to Warren Law Group. We ask for your confirmation that Scarinci Hollenbeck, as the successor entity, will assume responsibility for these issues and respond accordingly.

Specifically, we seek your acknowledgment of the following:

### 1. **Malpractice and Misconduct:**

Any potential malpractice, fraudulent actions, or extortion that occurred prior to the merger, involving attorneys from Warren Law Group, specifically Scott Oh (SO), would now fall under Scarinci Hollenbeck's liability.

### 2. **Reputational Damage:**

The reputational harm caused to us as a result of these issues is a significant concern, and we trust that Scarinci Hollenbeck will take steps to address these claims appropriately.

Please confirm receipt of this message and the forwarded documents, and let us know the appropriate point of contact at Scarinci Hollenbeck to facilitate further communication on these matters. If we do not receive the appropriate contact at Scarinci Hollenbeck to facilitate further communication by Friday 01/24/2025 5pm EST, we will escalate the matter accordingly.

We appreciate your attention to this matter and look forward to your response.

Sincerely,

**John Michael Cohan**
Genie Investments, Director

 | GENIE **INVESTMENTS**

A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.

DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties *or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility* of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710    AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see: http://www.ftc.gov/privacy/glbact/glbsub1.htm

PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.

This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** John from Genie Investments
**Sent:** Tuesday, January 21, 2025 2:38 PM
**To:** 'Scott Oh' <scott@warren.law>
**Cc:** David from Genie Investments <dhughes@genieinvestments.com>
**Subject:** DEMAND AND PRESERVATION OF EVIDENCE LETTERS

Warren Law Group and Scott Oh,

Please see the attached correspondence.

Please respond to this email within 14 days.
Thank you.

Sincerely,

**John Michael Cohan**
Genie Investments, Director

 **GENIE INVESTMENTS**

A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.

DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710   AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see: http://www.ftc.gov/privacy/glbact/glbsub1.htm

PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.

This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **To:** | John from Genie Investments; David from Genie Investments |
| **Cc:** | bkmickler@planlaw.com |
| **Subject:** | In re Genie Investments, NV, Inc. |
| **Date:** | Wednesday, January 22, 2025 3:12:29 PM |
| **Attachments:** | Warren Law Group and Scott Oh.pdf |

Mr. Cohan and Mr. Hughes,

The attorney for Warren Law Group forwarded the attached letter to me that you sent to the firm asserting a claim for legal malpractice. Any claim for legal malpractice for the firm's representation of Genie Investments NV, Inc. belongs to the bankruptcy estate and can only be asserted by the Trustee. Accordingly, please immediately cease and desist with any communications or demands to the Warren Law Group or Scott Oh. Thank you.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com


vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

In response to your concerns regarding our personal claims against the Warren Law Group and Scott Oh, we would like to provide further clarification:

## 1. Basis for Personal Claims

While the Warren Law Group was retained to represent Genie Investments NV, Inc., our personal claims are rooted in harm that is **separate and distinct from the bankruptcy estate**. Specifically, the examiner's report acknowledged reputational harm that directly impacted us as individuals. This harm is unrelated to the corporate malpractice claims belonging to the estate.

## 2. Relevant Legal Precedent

The following case law supports our position that we are entitled to pursue personal claims:

| From: | raye.elliott@akerman.com |
|---|---|
| To: | John from Genie Investments; David from Genie Investments |
| Cc: | bkmickler@planlaw.com |
| Subject: | RE: In re Genie Investments, NV, Inc. |
| Date: | Friday, January 24, 2025 10:01:15 AM |
| Attachments: | image001.png |
| | 1.24.25 letter to Hughes and Cohan.pdf |

Please see attached letter.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

**From:** John from Genie Investments <jmcohan@genieinvestments.com>
**Sent:** Thursday, January 23, 2025 11:20 AM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** RE: In re Genie Investments, NV, Inc.

## [External to Akerman]

Ms. Elliott,

We want to reassert that we are fully committed to cooperating with the Court and the Trustee to the fullest extent throughout this process. We also thank you for your assistance and attention to these matters, as we share the goal of ensuring the bankruptcy estate is handled fairly and equitably.

- **In re Icarus Holding, LLC, 391 F.3d 1315 (11th Cir. 2004):** This case establishes a distinction between claims belonging to the bankruptcy estate and personal claims of stakeholders, affirming that individuals retain the right to pursue personal harm that is distinct from the corporate entity.
- **Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972):** The Court ruled that a trustee cannot bring claims on behalf of individuals and cannot prevent individuals from pursuing their own distinct claims.
- **Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982):** This case reaffirms the constitutional right to due process, which guarantees individuals access to the courts to seek remedies for personal harm.
- **In re Colonial Realty Co., 980 F.2d 125 (2d Cir. 1992):** Trustees must act within the limits of their authority and cannot interfere with claims that are not part of the estate.

### 3. Response to Potential Impact on the Bankruptcy Estate

We acknowledge your concern that pursuing our claims could impact the malpractice insurance policy available to the bankruptcy estate. However, it is important to emphasize:

- **Distinct Nature of Claims:** Our claims for reputational harm are independent of the estate's claims for corporate malpractice. The trustee does not have standing to pursue damages for personal reputational harm, as such claims do not belong to the estate.
- **Rights to Personal Redress:** Denying us the ability to pursue personal claims would violate established legal principles, including our constitutional right to access the courts.
- **Allocation of Insurance Proceeds:** The allocation of insurance funds does not override our right to seek personal redress. Courts have recognized that insurance proceeds are subject to competing claims, and our claims do not diminish the trustee's authority to pursue corporate malpractice claims on behalf of the estate.
- **Certain Considerations Favor Individuals:** Courts have recognized that **certain considerations may indirectly favor individuals, particularly in cases involving personal harm or unique vulnerabilities.** For example:
    - In **Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982),** the Court underscored the importance of access to the courts as a fundamental right, especially in cases where personal harm, such as reputational damage, affects the ability of individuals to provide for themselves and their families.
    - **In re Icarus Holding, LLC** also emphasized that harm to individuals that arises from reputational or professional damage is distinct from corporate harm and must be treated separately. These legal principles affirm that individuals have the right to seek remedies for their unique circumstances, even in cases involving a bankruptcy estate.

### Conclusion

We remain committed to working collaboratively with the Trustee and the Court. At the same time, we must protect our individual rights to pursue remedies for personal harm that is not part of the bankruptcy estate. We respectfully assert that our claims are both legally valid and distinct, and we trust that they can coexist without adversely impacting the estate.

Thank you again for your assistance, and we are available to discuss this matter further to ensure clarity and alignment.

Sincerely,

**John Michael Cohan**
Genie Investments, Director



A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.

DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710   AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see: http://www.ftc.gov/privacy/glbact/glbsub1.htm

PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.

This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, January 22, 2025 6:48 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie

Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** RE: In re Genie Investments, NV, Inc.

Mr. Cohan,

Thank you for email. I agree that any personal claims or causes of action that you and Mr. Hughes hold are not impacted by the Genie bankruptcy case. In fact, yesterday and today I have received emails from a few of the Debtors' creditors with copies of demand letters that you have sent them in your personal capacity and I have told each of them that the bankruptcy case does not impact any individual claims you may or may not hold against them.

I don't know what your legal counsel told you, but I don't see how you have a personal cause of action against the Warren Law Group and Scott Oh, since they were retained to represent Genie Investments and not you personally. My concern is that if you try to pursue a personal claim against the Warren Law Group, even if unsuccessful, the firm will look to its malpractice insurance policy to pay defense costs which will eat into the insurance policy limits that would otherwise be available to the bankruptcy estate when the Trustee pursues the malpractice claim on behalf of Genie. In that way, I am afraid that your attempting to pursue a personal claim against the Warren Law Group would adversely impact the bankruptcy estate.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

**From:** John from Genie Investments <jmcohan@genieinvestments.com>
**Sent:** Wednesday, January 22, 2025 5:05 PM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** RE: In re Genie Investments, NV, Inc.

**[External to Akerman]**
Ms. Elliot,

We hope this message finds you well. We are writing to clarify our intent regarding the claims we are pursuing and to ensure that we remain cooperative and aligned with the trustee's responsibilities while also protecting our individual rights.

First, we want to reaffirm that we fully respect the trustee's authority and role in managing the

claims and interests of the bankruptcy estate of Genie Investments NV, Inc. We are **not attempting to overstep this authority** or infringe upon any claims that rightly belong to the estate. Our focus is strictly on pursuing claims for the **personal harm** we have suffered, which are separate and distinct from the estate's malpractice claims.

As noted in the examiner's report, we have endured significant harm to our personal reputations. Additionally, we previously sought the trustee's assistance in addressing damaging social media posts by [Stringer], which further exacerbated this harm. These actions have caused personal damages—diminished credibility, loss of professional opportunities, and emotional distress—that are independent of the company's operations and bankruptcy estate.

After consulting with our legal counsel, we have been advised that pursuing these personal claims is appropriate and does not conflict with the trustee's exclusive authority over the estate. Our counsel has assured us that the harm we are addressing is uniquely personal and unrelated to the corporate claims. While we remain fully cooperative and respectful of the trustee's mandate, we also have a responsibility to protect ourselves and seek remedy for the harm we have individually suffered.

We deeply value the trustee's role and are committed to ensuring that our actions do not interfere with the bankruptcy proceedings. However, we respectfully request clarification on how pursuing these personal claims could be viewed as conflicting with the estate's rights, particularly given the examiner's findings about our reputational harm and the direct personal impact we have experienced.

Our intention is to work collaboratively with the trustee while safeguarding our individual rights and ensuring we can address the unique damages we have suffered. We would greatly appreciate your guidance and understanding as we navigate this matter.

Thank you for your time and attention. Please let us know if further clarification or documentation would be helpful.

**Citations:** In re Icarus Holding, LLC, 391 F.3d 1315 (11th Cir. 2004), Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972), In re Colonial Realty Co., 980 F.2d 125 (2d Cir. 1992)

Sincerely,

**John Michael Cohan**
Genie Investments, Director

 **GENIE INVESTMENTS**

A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers

or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.

DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710    AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see: http://www.ftc.gov/privacy/glbact/glbsub1.htm

PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.

This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, January 22, 2025 3:12 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** In re Genie Investments, NV, Inc.

Mr. Cohan and Mr. Hughes,

The attorney for Warren Law Group forwarded the attached letter to me that you sent to the firm asserting a claim for legal malpractice. Any claim for legal malpractice for the firm's representation of Genie Investments NV, Inc. belongs to the bankruptcy estate and can only be asserted by the Trustee. Accordingly, please immediately cease and desist with any communications or demands to the Warren Law Group or Scott Oh. Thank you.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

<u>vCard</u> | <u>Profile</u>

Akerman Logo

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

| From: | raye.elliott@akerman.com |
|---|---|
| To: | John from Genie Investments; David from Genie Investments |
| Subject: | Zoomeral, Inc. |
| Date: | Friday, January 24, 2025 10:20:44 AM |
| Attachments: | 1.24.25 letter to Zoomeral.pdf |

Please see the attached letter.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com


vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **To:** | John from Genie Investments |
| **Subject:** | Capitulum, LLC |
| **Date:** | Friday, January 24, 2025 10:21:43 AM |
| **Attachments:** | 1.24.25 letter to Capitulum.pdf |

Please see attached letter.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

| From: | raye.elliott@akerman.com |
|---|---|
| To: | John from Genie Investments; David from Genie Investments |
| Subject: | Genie Investments II, LLC |
| Date: | Friday, January 24, 2025 10:22:23 AM |
| Attachments: | 1.24.25 letter to Genie Investments II.pdf |

Please see attached letter.

**Raye Elliott**

Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **To:** | John from Genie Investments; David from Genie Investments |
| **Subject:** | Better Methods LLC |
| **Date:** | Friday, January 24, 2025 10:23:05 AM |
| **Attachments:** | 1.24.25 letter to Better Methods.pdf |

Please see attached letter.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** raye.elliott@akerman.com
**To:** John from Genie Investments; David from Genie Investments
**Subject:** Genie"s Angels, LLC
**Date:** Friday, January 24, 2025 10:23:52 AM
**Attachments:** 1.24.25 letter to Genie"s Angels.pdf

Please see attached letter.

**Raye Elliott**

Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

# EXHIBIT 4

# EXHIBIT A

Raye Elliott

Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250

D: 813 209 5013
T: 813 223 7333
F: 813 223 2837
raye.elliott@akerman.com

January 24, 2025

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**AND BY EMAIL TO: jmcohan@genieinvestments.com and**
**dhughes@genieinvestments.com**

Better Methods, LLC
P.O. Box 60443
Jacksonville, FL 32236

      **Re:**    **In re Genie Investments, NV, Inc.; United States Bankruptcy Court, Middle**
            **District of Florida; Case No. 3:24-bk-00496-BAJ**

Dear Sirs:

As you know, I represent Aaron Cohen, Chapter 7 Trustee (the "Trustee") for the
bankruptcy case filed by Genie Investments, NV, Inc. (the "Debtor") on February 21, 2024 (the
"Petition Date") in the United States Bankruptcy Court for the Middle District of Florida,
Jacksonville Division.

On January 3, 2023, the Debtor entered into a Loan Agreement with Better Methods, LLC
("Better Methods") for a loan (the "Loan") of up to $500,000 by the Debtor to Better Methods.
The Loan Agreement provides that the Loan will accrue interest at the rate of only .1% per year
and that the Loan would be repaid in the form of one balloon payment on January 3, 2030. The
Loan Agreement also grants to Better Methods the sole right to extend the term of the Loan for an
additional 10 years.

According to the Chapter 11 Examiner's Report, which was based on a review of the
Debtor's bank records, the Debtor transferred a net total of $130,000 (the "Transfers") to Better
Methods prior to the Petition Date which may not include all amounts transferred by the Debtor to
Better Methods.

There was testimony at the Chapter 7 Section 341 Meeting of Creditors that the interest
rate on the Loan was in line with the IRS "friends and family rate" and was therefore a
commercially reasonable loan. However, the IRS "friends and family rate", which is formally
known as the Applicable Federal Rate ("AFR"), ranged from 2.22% to 3.24% during the time

Better Methods, LLC
January 24, 2025
Page 2

---

periods that the Transfers were made to Better Methods. The prime interest rate for the same time period ranged from 6.25% 8.5%. Clearly, Better Methods would not have been able to obtain a loan from a third party for .1% interest.

There is no evidence that the Debtor received anything in return from Better Methods in exchange for the Transfers. Given the absurdly low interest rate on the Loan of only .1%, the extended balloon payment timeframe with no intervening interest payments, and the fact that the borrower had the sole right to extend the terms of the Loan, the Loan is in actuality a fraudulent transfer from the Debtor to Better Methods.

Fraudulent transfers arise from payments or other transfers of property made by the Debtor, within four years of the filing of the bankruptcy case, while the Debtor is insolvent, and for which the Debtor received less than a reasonably equivalent value or that the Debtor made with actual intend to hinder, delay or defraud its creditors. We believe we can state a *prima facie* case against Better Methods based on the receipt of the Transfers.

However, the purpose of this letter is to make you aware of the Trustee's intentions, and to open a line of communication with you in an effort to avoid further cost and expense in the resolution of this claim. If you recognize that the Transfers Better Methods received are fraudulent transfers and wish to avoid further cost and expense, please remit the aforementioned amount by check payable to:

Aaron Cohen, Chapter 7 Trustee
c/o Raye Elliott, Esq.
Akerman LLP
401 E. Jackson St., Ste. 1700
Tampa, FL 33602

If I do not receive payment for the Transfers or otherwise hear from you with respect to the Transfers within 10 days of the date of this letter, we will conclude that Better Methods will not cooperate, or that it does not have any defenses to the claim. In such event, the Trustee intends to file an adversary proceeding against Better Methods in the Bankruptcy Court as soon thereafter as is practicable, to recover the amount of the Transfers.

Nothing set forth herein is intended, nor shall it be deemed to modify, limit, release, reduce or waive any of the Trustee's rights, remedies, and privileges at law or in equity, all of which are

Better Methods, LLC
January 24, 2025
Page 3

---

specifically reserved, including but not limited to, seeking additional amounts transferred to Better Methods if evidence of such additional transfers is discovered.

Sincerely,

Raye Elliott

cc:     Aaron Cohen, Trustee

# EXHIBIT F

# akerman

Raye Elliott

Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250

D: 813 209 5013
T: 813 223 7333
F: 813 223 2837
raye.elliott@akerman.com

January 24, 2025

**VIA E-MAIL AND U.S. MAIL**

John Michael Cohan and David Hughes
PO Box 60443
Jacksonville, FL 32236

>      **Re:    Alleged Claims Against Warren Law Group and Scott Oh**

Dear Mr. Cohan and Mr. Hughes:

By letter dated January 21, 2025, you asserted claims for "professional negligence, breach of duty, and unethical conduct" against the Warren Law Group and Scott Oh. In your January 21, 2025 letter, you specifically mentioned the firm's representation of the Debtor, Genie Investments, NV, Inc. in connection with the joint venture agreement entered into with Velanos Principal Capital. As I informed you in my email sent January 22, 2025, any claims for legal malpractice or professional negligence belong to the bankruptcy estate and can only be brought by the Trustee.

While I agree that any personal claims that you hold in your individual capacities for "reputational harm" are not impacted by the bankrtupcy case, your assertion of professional negligence, breach of duty and unethical conduct in your January 21, 2025 letter to the Warren Law Group are clearly claims that belong to the bankruptcy estate. Accordingly, you must immediately cease and desist asserting any claims for professional negligence, professional malpractice, breach of trust or financial losses related to the Warren Law Group's representation of the Debtor in the transaction with Velanos.

If you continue to pursue claims that belong to the bankruptcy estate against Warren Law Group or Scott Oh, the Trustee will file a motion for sanctions against you with the Bankruptcy Court. Please govern yourself accordingly.

>            Sincerely,
>
>            Raye Elliott

cc:    Aaron Cohen, Trustee

akerman.com

79685798;1

# EXHIBIT 5

PACER Login    × | G aaron cohen profile florida ch 7 × | G aaron cohen profile florida ch 7 × | +

← → C ⌁ google.com/search?q=aaron+cohen+profile+florida+ch+7+trustee+facebook&sca_esv=ccb8066356fd07b7&rlz=1C1UEAD_enUS1142US1143&sxsrf=AE3TifPyHSIwBzSvUO_PWYKOnl4p5LQvTw%3A1750787276186&ei=zORaaO2QC72H...

⊞ | ⊙ UI DE   AudioMass - Audio...   USDOT Login   Middle District of FL...   Yahoo Mail  ☐ Monday  ☐ Tuesday  ☐ Wednesday  ☐ Thursday  ☐ Friday  ☐ Lending Sources  ☐ Shopping  ☐ Email  ☐ Property Search  ☐ Property Valuation    » | ☐ All Bookmarks

Google    aaron cohen profile florida ch 7 trustee facebook    × ⬇ ⊙ 🔍

All Mode   All   Images   News   Videos   Short videos   Shopping   More ▾    Tools ▾

**United States Courts (.gov)**
http://www.fmb.uscourts.gov › January › articles   PDF :
**TRUSTEE SPOTLIGHT Meet Aaron Cohen, Chapter 7 ...**
Jan 1, 2017 — Aaron R. Cohen is a Chapter 7 panel trustee in the Jacksonville Division of the Middle
District of Florida. He has served in that capacity ...
2 pages
Missing: profile facebook

**Facebook**
https://www.facebook.com › pages › Aaron-R-Cohen-Tr... :
**Aaron R. Cohen, Trustee**
Aaron R. Cohen, Trustee, Jacksonville, FL. Local business.
Missing: profile ch 7

**Govinfo (.gov)**
https://www.govinfo.gov › app › details › USCOURTS-... :
**Cohen, Chapter 7 Trustee v. Trahan et al - Content Details**
Aaron R. Cohen, Chapter 7 Trustee, Counter-Defendant Rebekka Trahan, Cross-Claimant Mateer &
Harbert, P.A., Cross-Claimant ChildersLaw, LLC, Cross Defendant
Missing: profile | Show results with: profile

**The Florida Bar**
https://www.floridabar.org › find-mbr › profile :
**Aaron Robert Cohen**
Aaron R. Cohen P.A. · PO Box 4218. Jacksonville, FL 32201-4218. Office: 904-389-7277. Email:
aaron@arcohenlaw.com. Personal Bar URL:.
Missing: ch | Show results with: ch

**Justia Law**
https://law.justia.com › cases › federal › appellate-courts :
**Marathon Petroleum Co. v. Aaron R. Cohen, No. 09-11759 (11th ...**
In December 2006, Debtor voluntarily converted its bankruptcy to a Chapter 7 proceeding and the
bankruptcy court appointed Cohen as trustee. Cohen filed an ...

**Facebook**
https://www.facebook.com › public › Aaron-Cohen :
**Aaron Cohen in people**
View the profiles of people named Aaron Cohen. Join Facebook to connect with Aaron Cohen and
others you may know. Facebook gives people the power to...
Missing: florida ch 7 trustee

 Heat warning in effect     Search        1:50 PM 6/24/2025