UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,
v.
ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,
Defendants.
Adversary Pro. No. 3:25-ap-00011-BAJ

FILED INTAKE USBC
JUN 30 '25 PM 12:35

OBJECTION TO DE FACTO ENFORCEMENT AND DENIAL OF STANDING

TO THE HONORABLE COURT:

I, John Michael Cohan, upon special appearance, respectfully submit this Objection to enforcement efforts currently being constructively directed at me in connection with this adversary proceeding, despite the fact that I have never been named as a party, have never been properly served, and have been explicitly denied standing by this Court. These enforcement actions are procedurally improper and constitutionally defective under the Fifth Amendment's due process clause.

I. THIS DUE PROCESS FAILURE BEGAN WITH THE CHAPTER 7 TRUSTEE AND HAS MISLED THIS HONORABLE COURT

The root of this constitutional breakdown lies with the Chapter 7 Trustee, who initiated the adversary complaint against dissolved affiliated companies but intentionally omitted me as a named party, even though I was later treated as one. The Trustee had every opportunity to name me, serve me, or proceed properly under Rule 7004 or FRCP 4— but did not.

Instead, the Trustee structured the complaint to sidestep procedural protections, while still laying the groundwork for de facto enforcement against me. That tactic has directly led to a sequence of events in which I am now being:

• Personally served with a motion to compel,
• Expected to comply with obligations assigned to corporate entities, and
• Denied the standing to formally defend myself when I appear before the Court.

This is not an accidental oversight. It is a strategic omission designed to trigger de facto enforcement without accountability, and the Trustee must be held responsible for the procedural consequences now unfolding.

Moreover, my former role as a debtor representative does not extend to the affiliated companies that are the subject of the default judgment. The Trustee is the representative of the debtor's estate only under 11 U.S.C. § 323, and has no authority over non-debtor affiliates. The affiliated companies at issue are separate legal entities, now dissolved, were never substantively consolidated into the bankruptcy estate and I have not been assigned as a custodian of records or an authorized representative in any capacity post-dissolution. Accordingly, the Trustee cannot compel me—based solely on my former status with the debtor—to act on behalf of unrelated companies the Trustee does not

control. The enforcement strategy pursued here conflates separate corporate structures and attempts to impose post-dissolution obligations on an individual who has no current legal authority to comply.

## II. I WAS PRESSURED TO COMPLY BUT DENIED THE RIGHT TO DEFEND

Despite being a non-party, I was:

- Personally emailed filings meant for other dissolved corporate entities;
- Spoken to directly by the Court and pressured to comply;
- Without Trustee verbal response, the Court ordered that I had "no standing" when I attempted to object or clarify my role.

This is de facto litigation—where I am treated as though I am a party to the case, but without service, standing, or procedural protection.

The law does not permit this. A person cannot be both a target and a non-party at the same time. If the Trustee or the Court wishes to impose obligations on me, then they must follow the law—name me, serve me, *and* let me answer.

## III. TIMELINE OF DUE PROCESS VIOLATIONS

In addition to structural defects, the process that unfolded over just a few days made it impossible for me to respond meaningfully:

- June 18: A motion to compel was filed, yet I was not served until well after business hours (6:00 PM).
- June 19 (Juneteenth): Although this was a federal holiday and the Court was closed, a text order was nonetheless entered setting a preliminary hearing—creating an artificial and prejudicial time crunch that eliminated Movant's opportunity to respond in writing.
- June 23: I filed a Motion to Quash, objecting to improper service and enforcement.
- June 24: A preliminary hearing was held, despite ongoing questions of standing and lack of formal joinder.
- June 25: The Court issued an order to compel the entities to respond.
- June 26: The Motion to Quash was denied.

All of this occurred without naming me in the adversary complaint. The result is that I was placed under the burden of compliance without any lawful foundation—and that result is directly attributable to the Trustee's original failure to include me properly in the complaint.

## IV. OBJECTION AND PRESERVATION OF RIGHTS

This Objection is submitted concurrently with my Limited Emergency Motion to Intervene for the sole purpose of:

- Preserving my rights as an individual wrongly drawn into enforcement;
- Challenging the Trustee's misuse of procedural design;
- Asserting that all future actions directed at me must follow lawful service and due process.

I do not appear generally, I do not waive objections, and I do not accept responsibility for compliance duties that have never been lawfully imposed.

V. DEMAND FOR RELIEF

Accordingly, I respectfully demand that the Court:

1. Acknowledge this Objection on the record;
2. Confirm that no enforcement obligations or compliance demands may be directed at me personally without formal joinder and service;
3. Recognize that the June 18–26 timeline imposed unfair and unconstitutional pressure using Federal Holidays and Weekends as leverage;
4. Attribute this due process failure to the intentional structuring by the Chapter 7 Trustee, who failed to name me while laying a foundation for targeting me; and
5. Preserve my right to seek all appropriate remedies for any continued attempts to compel compliance in violation of law.

Furthermore, should the Court or Trustee unlawfully compel me to produce records or comply with enforcement measures absent proper joinder, service, and standing, such actions would constitute a violation of my constitutional rights under the Fifth Amendment due process clause. Under these circumstances, I reserve all rights to pursue claims for damages and injunctive relief pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and/or 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law, title, office and authority.

All constitutional, statutory, and equitable rights are expressly reserved.

Dated: 06-30-2025
Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of these documents has been served upon the proper interested parties by the EC/CMF system.