UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,
v.
ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,
Defendants.
Adversary Pro. No. 3:25-ap-00011-BAJ

## AMENDED MOTION FOR STAY PENDING APPEAL

COMES NOW Appellants, John Michael Cohan and David Hughes, upon special appearance, respectfully move this Court pursuant to Bankruptcy Rule 8007(a) to stay enforcement of the following orders pending resolution of Appellants' appeal of the Final Judgment of this proceeding entered on May 2, 2025:

• The Order Granting the Trustee's Motion to Compel, entered on June 25, 2025;
• The Order Denying Non-Party's Motion to Quash and;
• The Final Judgment entered May 2, 2025
• The underlying Default Judgment, entered on or about May 1, 2025.

In support thereof, Appellants state as follows:

I. BACKGROUND
This adversary proceeding has functioned de facto as litigation against Appellants personally, despite Appellants never being named as a party, only the companies they formerly owned. The Trustee has admitted under oath that he intends to pursue claims against Appellants if transfers to Appellants are uncovered. Yet Appellants have been denied party status, standing, and the opportunity to formally defend.

The Trustee also admitted at a June 24, 2025 hearing—that he did not review the all of bank records and that he only relied on third parties prior to filing the fraudulent transfer complaint. Nevertheless, the Court issued a default judgment and granted the Trustee's motion to compel production of extensive personal and corporate financial records.

Appellant has appealed these rulings and now seeks a stay pending appeal to prevent further harm.

II. LEGAL STANDARD
A motion for stay pending appeal is governed by the traditional four-factor test:

1. Whether the appellants have made a strong showing of likelihood of success on the merits;
2. Whether the appellants will suffer irreparable harm without a stay;
3. Whether issuance of the stay will substantially injure other parties; and
4. Where the public interest lies.

See Nken v. Holder, 556 U.S. 418 (2009); Hilton v. Braunskill, 481 U.S. 770 (1987).

## III. ARGUMENT

A. Likelihood of Success on the Merits

Appellants have raised serious and substantial questions likely to succeed on appeal:
- The Trustee admitted under oath that he did not review the bank records and only relied on third parties prior to filing the complaint.
- The motion to compel was served post 6:00 p.m. on June 18, the day before a Federal holiday.
- On a Federal holiday (Juneteenth), a hearing was scheduled via text order on a compressed timeline, leaving no opportunity for meaningful written response.
- Appellants' motion to quash the motion to compel was subsequently denied without a hearing.
- The compelled discovery mirrors what was already demanded via subpoenas from the U.S. Attorney's Office, demonstrating a coordinated attempt to extract personal and non-party records without due process.

These facts show that the default judgment, the final judgment and order compelling discovery rest on procedurally and factually flawed foundations.

B. Irreparable Harm

Absent a stay, Appellants potentially face:
- Forced production of private and potentially privileged financial records, including those of third-party and dissolved entities;
- Exposure to further litigation, as the Trustee admitted he intends to sue Appellants based on these compelled documents if they reveal transfers to Appellants;
- Loss of rights that cannot be undone even if the appeal is successful.

Compelling compliance now could cause lasting and unjust harm.

C. No Substantial Injury to Others

The Trustee is not prejudiced by a brief stay during the appeal. In contrast, Appellants' constitutional rights—including the right to due process and the right to defend against litigation—are at risk of being extinguished.

D. The Public Interest Supports a Stay

The public has a strong interest in:
- Upholding due process,
- Ensuring that bankruptcy trustees do not engage in pretextual or retaliatory discovery, and
- Preventing courts from operating as rubber stamps for unverified and unreviewed allegations.

## IV. RELIEF REQUESTED

Appellants respectfully request that this Court:

1. Stay enforcement of the Order Granting the Motion to Compel and the Final Judgment pending the outcome of Appellants' appeal;
2. Stay all deadlines to comply with court orders related to compelled financial records;
3. Grant such other relief as may be just and proper.

Dated: 07-03-2025
Respectfully submitted in good faith,
John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of these documents has been served upon the proper interested parties by the EC/CMF system.