UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re:  GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
John Michael Cohan and David Hughes (Non-parties), Appellants
v.
AARON R. COHEN, Chapter 7 Trustee, Appellee
Adversary Pro. No. 3:25-ap-00011-BAJ

FILED INTAKE USBC
JUL 3 '25 PM2:06

## AMENDED NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8002(a), Appellants hereby amend their previously filed Notice of Appeal to clarify that they are appealing against the Final Judgment. Appellants John Michael Cohan and David Hughes hereby submit this amended notice of appeal regarding the following order:

• THE FINAL JUDGMENT, ENTERED ON OR ABOUT May 2, 2025.

Appellants challenge the Final Judgment (May 2, 2025) and by operation of law the underlying Default Judgment (May 1, 2025) on grounds that the Chapter 7 Trustee failed to conduct a proper pre-filing investigation, as admitted under oath on June 24, 2025. This failure rendered the complaint materially misleading and violated Appellants' due process rights. The bankruptcy court abused its discretion by entering judgment without requiring the Trustee to prove standing or the factual basis for the claims. Related post-judgment orders (e.g., Motion to Compel, June 25, 2025) are likewise invalid as they rely on this tainted record.

### GROUNDS FOR APPEAL

Appellants appeal the above orders on the following grounds:

1. Lack of Evidentiary Foundation - Bankruptcy Rule 9011(b)(3)
   During a sanction evidentiary hearing on June 24, 2025, the Trustee admitted under oath that he did not review all of the relevant bank records prior to filing the complaint and that he relied on third parties—demonstrating that the adversary proceeding was filed without the due diligence and reasonable inquiry required under Rule 9011 of the Federal Rules of Bankruptcy Procedure, and without a proper evidentiary foundation. The Trustee's admission proves a violation of Rule 9011, warranting vacatur under Rule 9024 (incorporating FRCP 60(b)(3) for fraud).

2. De Facto Personal Litigation Without Service.
   The Trustee admitted under oath that if he finds transfers to Appellants through further post-judgment discovery, he intends to sue Appellants personally. This adversary proceeding has operated de facto as litigation against Appellants from the outset, while improperly blocking them from the rights of named parties and blocking their right to redress with two stay enforcement requests. The fact that Appellants are de facto defendants—being denied specific rights—this violates the First Amendment, the Fifth Amendment and Bankruptcy Rule 7012.

3. Violation of Due Process, Procedural Manipulation and Fundamental Fairness.
   The Court denied Appellants a meaningful opportunity to respond to the Trustee's motion to compel, issuing rulings on a Federal holiday, effectively compressing a timeline that deprived Appellants of reasonable notice, reasonable response time and redress violating due process. Motion to Compel filed by

Trustee on 06-18-2025 and serviced by email to Appellants **after 6:00 PM**—well after the courthouses' closure. The Court acted on 06-19-2025, Juneteenth, a Federal holiday, forcing a hearing on short notice for 06-24-2025. Appellants filed a Motion to Quash Trustee's Motion to Compel on 06-23-2025. The Court granted the Motion to Compel on 06-25-2025 and denied Appellants' motion to quash the motion to compel without any hearing on 06-26-2025, all while Appellants remained unnamed parties with no formal standing to defend themselves. *See* Mullane v. Central Hanover Bank  (1950)

4. Retaliatory Conduct and Coordinated Enforcement Efforts constituting Bad Faith Litigation
   Shortly after the adversary complaint was filed on February 6, 2025, federal authorities initiated investigative actions, including sending a letter to one of Appellants' unrelated entity's customer dated February 13, 2025. The first motion for sanctions against the Trustee was filed earlier, on January 27, 2025. Since the sanctions motion preceded these enforcement actions, the timing and escalation of the Trustee's discovery efforts and federal investigative activities raise reasonable concerns of retaliatory intent. This apparent coordination between the Trustee and federal authorities may be intended to pressure or punish Appellants in response to legal challenges, undermining Appellants' right to due process and a fair proceeding.

   The Trustee's compelled production and the federal subpoenas from the U.S. Attorney's Office seek the overly similar information, suggesting a coordinated enforcement effort to extract records from Appellants without due process or procedural protection. *See* Marrama v. Citizens Bank (2007)

### 10-DAY TIMELINE OF RELEVANT EVENTS

• **June 16, 2025**: U.S. Attorney's Office issued subpoenas seeking extensive bank records and transactions from multiple defunct entities.
• **June 17, 2025**: Subpoenas were served on Appellants.
• **June 18, 2025 (6:00 p.m.+)**: After 6:00 PM, Trustee's motion to compel was served on Appellants, leaving no practical time to respond.
• **June 19, 2025**: Federal holiday (Juneteenth). The Judge ruled via text order and set a hearing despite lack of time for response.
• **June 20–22, 2025 (Friday–Sunday)**: Appellants had only a single business day (Friday) to attempt a response, which was insufficient given the gravity of the compelled discovery.
• **June 23, 2025**: Appellants filed a motion to quash the Trustee's motion to compel.
• **June 24, 2025**:
  - Hearing held on the Trustee's motion to compel.
  - Trial held on stay applicability issues and Appellants' motion for sanctions.
  - During the sanctions hearing, the Trustee admitted under oath that he did not review all of the bank records and only relied on third parties prior to filing the adversary complaint, undermining the basis of the default.
  - Additional subpoena issued by U.S. Attorney Office
• **June 25, 2025**: Court granted the Trustee's motion to compel, requiring production of expansive financial records.
• **June 26, 2025**:
  - The Court denied Appellants' motion to quash the motion to compel without a hearing, retroactively authorizing compelled compliance without considering Appellants' position.
  - Simultaneously, the first set of subpoena responses were due to the U.S. Attorney's Office, seeking duplicative records, revealing coordination with the Trustee and possibly the Bankruptcy Court.
• **July 10, 2025**: Corporate Motion to Compel documents deadline
• **July 17, 2025**: Corporate Subpoenas deadline

## RELIEF REQUESTED

Appellants respectfully request that the District Court:

1. Stay any enforcement of those orders pending resolution of this appeal.
2. Vacate the Final Judgment and Default Judgment;
3. Upon vacatur, also set aside all derivative and procedurally defective orders, including but not limited to, the Order Granting Default Judgment, the Order Granting the Motion to Compel and the Order Denying the Motion to Quash, or;
4. Reversal or remand of the orders (motion to compel, motion to quash) for reconsideration on the merits;
5. Grant any additional relief the Court deems just and proper.

Dated: 07-03-2025

Respectfully submitted in good faith,

John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com; davidchoatehughes@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of these documents has been served upon the proper interested parties by the EC/CMF system.