UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,
v.
ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,
Defendants.
Adversary Pro. No. 3:25-ap-00011-BAJ

FILED INTAKE USBC
JUL 3 '25 PM2:10

## REPLY TO TRUSTEE'S RESPONSE TO LIMTIED EMERGENCY MOTION TO INTVERVENE

Due to the expedited nature of these proceedings, the impending Federal holiday, Independence Day, and the Court's previous order made on a previous Federal holiday, Juneteenth, Movant files this Reply under protest regarding the compressed timeline - particularly given the Trustee's:

(i) Prosecution of these claims, yet opposition to brief deliberation; and
(ii) Pattern of holiday-adjacent filings (Doc. 46 filed June 18, 2025 - the eve of a federal holiday, Juneteenth and served via email after 6:00 PM.) Text Order on June 19, 2025 was entered into the record without meaningful time to respond

This Court should view the Trustee's timing games with skepticism, especially when compounded by his admitted failure to conduct proper pre-filing investigation.

1. Default Judgment Does Not Preclude Intervention

The Trustee incorrectly asserts that the Final Judgment's finality bars intervention. Rule 60(b)(4) (FRCP) allows challenges to void judgments (e.g., due process violations). Courts permit post-judgment intervention where:

- The judgment affects non-parties' rights (United States v. Oregon (9th Cir. 1989));
- The movant was functionally excluded from earlier proceedings (Natural Resources Defense Council v. EPA (D.C. Cir. 1984)).

The Judgment Debtors' default does not extinguish my personal interests especially where the Trustee threatens future claims against me.

1A. Trustee's Lack of Due Diligence Undermines Judgment Validity

The Trustee's opposition conveniently ignores his admission that he:

1. Filed fraudulent transfer claims without reviewing all bank records (Exhibit 1 of Limited Emergency Motion to Invtervene, 12:24-15:10), violating:

    - Bankruptcy Rule 9011 (requiring reasonable pre-filing inquiry)
      Judicial estoppel principles (*New Hampshire v. Maine*, 532 U.S. 742 (2001)) by asserting claims without factual basis

    -

2. Obtained default through procedural gamesmanship:

-Targeted active entities, then exploited their dissolution to secure judgment
-Now threatens Movant personally despite never naming him as a defendant

The Trustee's failure to review all bank records before making threats and filing—while simultaneously subpoenaing those same records (Doc. 273)—demonstrates he knew the evidence was incomplete yet proceeded anyway. This constitutes willful blindness under In re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3d Cir. 2008). His pattern renders the judgment vulnerable under Rule 60(b)(2)-(3) for:

- Newly discovered evidence (if bank records disprove claims)
- Fraud on the court (filing claims without due diligence)

2. Discovery Service Was Defective or Retaliatory
The Trustee's claim of "proper" service ignores:
- Rule 4(e) (FRCP): Service on individuals (not just corporate officers) requires compliance with state rules. If service was attempted solely via your role in defunct entities, it may be invalid for personal liability.
- Due Process (5th/14th Amendments): Threatening litigation while denying a chance to contest underlying judgments violates fundamental fairness ("Fuentes v. Shevin" (1972)).

2A. Improper Service Via Personal Email Violates Due Process

The Trustee's attempted service of corporate pleadings through Movant's personal email (iustusprocessus@outlook.com) was legally defective because:

Corporate vs. Personal Distinction:
Service on defunct entities requires compliance with state winding-up statutes (Fla. Stat. § 605.0713 for FL entities; Del. Code Ann. tit. 6, § 18-804 for DE entities)
Personal email ≠ valid service for corporate defendants (S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161 (9th Cir. 2007))
No Agency Relationship Established:
Movant resigned from all officer positions
Trustee never proved Movant was authorized to accept service for any entity (Direct Mail Prod. v. Greenbull 2016 WL 881003 (S.D.N.Y.))

Prejudicial Effect:
Blurring corporate/personal service prejudiced Movant by:
a) Creating confusion about response deadlines
b) Enabling Trustee to later claim "actual notice" for veil-piercing

3. Standing Exists Under Rule 24(a)(2)
The Trustee misapplies standing doctrine. Intervention of right requires:
- Protectable Interest: Your personal exposure to derivative suits or piercing-the-veil claims (e.g., Trustee's threats) creates a direct interest (Donaldson v. United States (1971)).
- Impairment of Interest: The judgment could be used collaterally against you (Arizona v. California (1964)).
- Inadequate Representation: The defunct entities' default ≠ protection of your rights (Trbovich v. United Mine Workers (1972)).

4. Threat of Litigation Justifies Intervention
The Trustee's admission of potential claims against you satisfies the "contingent liability" standard for intervention (SEC v. Flight Transportation Corp. (8th Cir. 1982)). Courts allow intervention to prevent "prejudice to practical legal interests" (Natural Resources Defense Council" supra).

5. Transcript Dispute is a Red Herring

While uncertified transcripts may lack formal weight, Rule 80(c) (FRCP) permits corrections if "materially inaccurate." The Trustee's denial of statements does not negate their substantive relevance to bias or retaliation claims.

6. Facebook Account Goes to Credibility

Even if the account was "autogenerated," the Trustee's failure to correct the record earlier undermines reliability. Judicial estoppel principles (New Hampshire v. Maine (2001)) may apply if his representations conflict.

7. Delay Arguments Are Moot

Rule 24 interventions are routinely granted post-judgment to rectify due process gaps (Wright & Miller, Federal Practice § 1906). Prejudice to the Trustee is minimal compared to your risk of irreparable harm.

8. Request for Alternative Relief

If the Court denies intervention, I request:
Declaratory Judgment (28 U.S.C. § 2201):
Issue an order stating:
(a) The default judgment binds only the named corporate entities, and
(b) No findings therein constitute collateral estoppel against Movant personally, given Movant's resignation from all officer positions and lack of third party records.
(c) Leave to File an Amicus Brief: To protect interests without formal intervention (Rule 29 (FRAP)).
(d) Strike all claims of proper service based on personal email communications.

For these reasons and those stated in the original motion, the Court should grant intervention to prevent manifest injustice. The Trustee's procedural games—filing claims without evidence, targeting dissolved entities, and threatening Movant personally—demand judicial correction.

Dated: 07-03-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103, iustusprocessus@outlook.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of these documents has been served upon the proper interested parties by the EC/CMF system.



# U.S. Bankruptcy Court

## Florida Middle Bankruptcy - Jacksonville

**THIS IS A COPY**

Receipt Date: Jun 27, 2025 10:53AM

John Michael Cohan

Rcpt. No: 30001502　　　Trans. Date: Jun 27, 2025 10:53AM　　　Cashier ID: #RS (5295)

| CD | Transaction | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| AU | Audio Recording | 3:24-bk-00496-BAJ | 1 | 34.00 | 34.00 |
| AU | Audio Recording | 3:24-bk-00496-BAJ | 1 | 34.00 | 34.00 |
| AU | Audio Recording | 3:25-ap-00011-BAJ | 1 | 34.00 | 34.00 |

| CD | Tender | | | Amt |
|---|---|---|---|---|
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |

Total Due Prior to Payment:　$102.00

Total Tendered:　$102.00

**Judge:** BAJ **Case:** 3:24-bk-00496-BAJ

**Debtor:** Genie Investments NV Inc.

**341 Meeting:** Thursday 12th of September 2024 at 11:00 AM

**Judge:** BAJ **Case:** 3:24-bk-00496-BAJ

**Debtor:** Genie Investments NV Inc.

**341 Meeting:** Thursday 12th of September 2024 at 11:00 AM

**Judge:** BAJ **Case:** 3:25-ap-00011-BAJ

**Debtor:** Cohen, Chapter 7 Trustee v. Zoomeral, Inc. et al

**341 Meeting:** Date Not Available

I CERTIFY THE FOREGOING TO BE TRUE AND CORRECT COPY OF THE ORIGINAL. UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

DATED: July 3, 2025

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.