**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,            Case No.: 3:24-bk-00496-BAJ

    Debtor.            Chapter 7
_____/

AARON R. COHEN, Chapter 7 Trustee,

    Plaintiff/Judgment Creditor,            Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

    Judgment Debtors.
_____/

**PLAINTIFF'S RESPONSE TO AMENDED MOTION**
**FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Plaintiff, Aaron R. Cohen, Chapter 7 Trustee ("Trustee"), files this Response in opposition to the Amended Motion for Extension of Time to File Notice of Appeal (Adv. Doc. 63) (the "Extension Motion") filed by John Michael Cohan ("Cohan") and David Hughes ("Hughes") and, in opposition, would show the Court as follows:

    1.    On May 2, 2025, this Court entered a Final Judgment (Adv. Doc. 42) (the "Judgment") against Defendants Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLP (collectively, the

82133899;1

"Judgment Debtors") upon the Trustee's Motion for Final Default Judgment because the Judgment Debtors failed to file or serve any response to the Trustee's Complaint. The deadline to appeal the Judgment was May 16, 2025 pursuant Fed. R. Bankr. P. 8002(a)(1).

2. On July 2, 2025, Cohan and Hughes filed a Notice of Appeal (Adv. Doc. 58) of the Judgment, as well as the Order Granting the Trustee's Motion to Compel and the Order Denying Non-Party's Motion to Quash. Also on July 2, 2025, Cohan and Hughes filed a Motion for Extension of Time to File Notice of Appeal (Adv. Doc. 59). The first Notice of Appeal and Motion for Extension were filed 62 days after entry of the Judgment.

3. On July 3, 2025, Cohan and Hughes filed an Amended Notice of Appeal (Adv. Doc. 65) "clarifying" that they are only appealing the Judgment, and filed the Extension Motion.

4. The grounds for the Extension Motion is "discovery" of "new information" consisting of the Trustee's testimony at a June 24, 2025 hearing that he had not personally reviewed all of the Debtor's bank records prior to filing the Complaint in this proceeding and had, instead, relied upon his attorney to review all of the bank records.

5. Because the Extension Motion was filed after the deadlines set forth in Rule 8002, the Extension Motion must be denied.

6. Rule 8002(d) of the Federal Rules of Bankruptcy Procedure states,

> (1) When the Time May Be Extended. Except as (2) provides otherwise, the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed:
>
> (A) within the time allowed by this rule; or
>
> (B) within 21 days after that time expires if the party shows excusable neglect.

The Extension Motion was not filed within the 14 days provided by Rule 8002, nor within the additional 21 days provided by Rule 8002(d)(1)(B) which would have been June 6, 2025. As a result, the Extension Motion must be denied.

7. Under the clear language of Rule 8002, the Extension Motion had to be filed ***no later than*** June 6, 2025 and then Cohan and Hughes would have the burden to prove excusable neglect. The rule does not allow a party to claim excusable neglect after the 21 day period in Rule 8002(d)(1)(B) has expired. *See In re American Metrocomm Corp.*, 328 B.R. 92 (D. Del. 2005) (denying a motion for extension of time to file notice of appeal filed five months after the order being appealed); *In re Bushnell*, 273 B.R. 359, 363 (D. Vt. 2001) (failure to file a motion for extension of time within the 20 [now 21] days in Rule 8002 is "fatal and precludes any consideration of purported excusable neglect"). "Rule 8002 does not allow a party to claim excusable neglect after the [21 day] time period has expired." *In re Budd*, 589 B.R. 1, 5 (D.D.C. 2018).

8. Undersigned counsel did not locate a single case where a court has ever granted a motion for extension of time filed after the deadline for filing a notice of appeal and after the additional deadline for excusable neglect. *See e.g. In re Wilkins*, 587 B.R. 97 (B.A.P. 9th Cir. 2018) (denying a motion for extension of time to file notice of appeal based on excusable neglect filed 42 days after the order the party sought to appeal); *In re Gobaud*, 153 Fed. Appx. 412 (9th Cir. 2005) (motion for extension of time to file notice of appeal denied when motion was not filed within 20 [now 21] days after expiration of time for filing notice of appeal). Simply put, there are no grounds to grant the Extension Motion when it was filed well after the deadlines set forth in Rule 8002.

9. Alternatively, and if the Court holds that it may still consider the untimely Extension Motion, Cohan and Hughes[1] have not met their burden to prove excusable neglect for the extension. As stated above, Cohan and Hughes claim that the "excusable neglect" is the Trustee's testimony at the June 24 hearing concerning his review of the Debtor's bank records. First, whether or not the Trustee reviewed, or was required to review, the Debtor's bank's records before filing the Complaint in this proceeding which dealt with the recovery of purported "loans" made to the Judgment Debtors has nothing to do with the timeliness of filing a notice of appeal of the Judgment. The Complaint, the Motion for Entry of Final Default Judgment and attached Declaration of the Trustee allege that the Debtor transferred certain sums to each of the Judgment Debtors as purported "loans" to the Judgment Debtors. In fact, the Debtor's own Amended Statement of Financial Affairs (Main Doc. 61) states that the Debtor transferred funds to the Judgment Debtors for "loan[s] to insider corporation." Cohan and Hughes have ***never*** claimed that the transfers at issue in this proceeding were not made. Therefore, the only issue for the Court to decide was whether the transfers at issue were fraudulent transfers – a decision that did not depend on any information from the Debtor's bank records. As a result, the Trustee's review of the Debtor's bank records is completely irrelevant to this proceeding and therefore cannot constitute grounds for excusable neglect.

10. "Courts employ a four-factor test to determine the existence of excusable neglect: (1) the risk of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the movant acted in good faith." *In re Bailey*, 521 F. App'x

---

[1] Cohan and Hughes also do not have standing to appeal the Judgment because they are not parties to the Judgment and are therefore not "aggrieved persons" entitled to appeal. *See Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford Inc.)*, 764 F.3d 1321 (11th Cir. 2014).

82133899;1

920, 921 (11th Cir. 2013). In this case, the Trustee and the bankruptcy estate will be extremely prejudiced if this appeal is permitted to proceed because estate assets that could otherwise be paid to creditors of the Debtor will instead be spent defending the appeal. Additionally, the Trustee may not be able to proceed with collection efforts for the Judgment if this Court grants the Motion to Stay Pending Appeal filed by Cohan and Hughes.

11. Next, the cited reason for the delay (the Trustee's testimony), as explained above has nothing whatsoever to do with the factual or legal issues in this proceeding. The fact that the money was transferred by the Debtor to the Judgment Debtors has never been disputed by the Judgment Debtors or Hughes and Cohan and likewise, the amounts of such transfers has never been disputed. The only issue in this proceeding was whether the transfers were fraudulent transfers which does not depend on the Debtor's bank records.

12. Finally, Cohan and Hughes have not acted in good faith. They, on behalf of the Judgment Debtors, were clearly on notice of the Trustee's Complaint since they attempted to file *pro se* motions without an attorney on behalf of the Judgment Debtors. After the Court struck the Motions and informed Cohan and Hughes (both verbally at a hearing on February 25, 2025 and in written orders) that corporate entities may only appear and be heard through attorneys and gave them sufficient time to retain an attorney, Cohan and Hughes chose not to retain an attorney to represent the Judgment Debtors and defaults were entered against them. Cohan and Hughes made the decision not to defend the Judgment Debtors in this proceeding by not retaining counsel. It was only after the Court granted the Trustee's Motion to Compel Discovery in Aid of Execution and the Court informed Cohan at the June 24 hearing that dissolving the Judgment Debtors' corporations and limited liability companies did not shield them from the requirement to comply with post-judgment discovery requests did Cohan and Hughes seek to belatedly appeal the

Judgment. Cohan and Hughes are only now attempting to appeal the Judgment to shield themselves from personal liability should the discovery in aid of execution show fraudulent transfers to them. Cohan and Hughes do not have a good faith basis to appeal the Judgment, nor a good faith basis for an extension of time for such an appeal.

**WHEREFORE**, Plaintiff, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court deny the Amended Motion for Extension of Time to File Notice Appeal and grant such other relief it deems just and proper.

Dated:  July 7, 2025                              **AKERMAN LLP**

By: */s/ Raye C. Elliott*
   Raye C. Elliott, Esq.
   Florida Bar Number: 018732
   Email: raye.elliott@akerman.com
   401 East Jackson Street, Suite 1700
   Tampa, FL 33602
   Phone:  (813) 223-7333

*Attorney for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2025, a true and correct copy of the foregoing was served by electronic mail to the following who consented in writing to receive service of pleadings at the email addresses listed below:

| | |
|---|---|
| John Michael Cohan<br>iustusprocessus@outlook.com | David Hughes<br>davidchoatehughes@gmail.com |

                                        */s/ Raye C. Elliott*
                                        Attorney

82133899;1