**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_____________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff/Judgment Creditor, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Judgment Debtors.

_____________________________________/

**PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE JUDGMENT DEBTORS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH COURT ORDER**

Plaintiff/Judgment Creditor, Aaron R. Cohen, Chapter 7 Trustee ("Trustee"), pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, made applicable by Rule 7037, Federal Rules of Bankruptcy Procedure, and Local Rule 7026-1, respectfully moves this Court for entry of an Order to show cause why Defendants, Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Judgment Debtors"), should not be held in contempt of this Court for their failure to comply with

this Court's Order Granting Plaintiff/Judgment Creditor's Motion to Compel Discovery in Aid of Execution of Judgment (Adv. Doc. 50) (the "Order on Motion to Compel"). In support of this Motion, Trustee states as follows:

## BACKGROUND

1. This action arises from the Trustee's enforcement of the Final Judgment (the "Final Judgment") this Court entered on May 2, 2025 against the Judgment Debtors. (Adv. Doc. 42). In the Final Judgment, this Court specifically retained jurisdiction to "enter further orders, requests or judgments that are proper, including . . . post-judgment collection remedies."

2. Between February 14, 2025 and March 27, 2025, albeit contrary to this Court's orders[1], David Hughes ("Hughes") and John Cohan ("Cohan") filed numerous papers, pleadings, and motions in this action on behalf of the Judgment Debtors (collectively, the "Responses"). (Adv. Doc. 4, 8, 9, 14, 15, 18, 20, 21, and 22). In the Responses, Hughes and Cohan affirmed, among other things, their (1) personal capital contributions to the Judgment Debtors; (2) fiduciary duty to the Judgment Debtors; (3) full and complete dissolution of the Judgment Debtors pursuant to the state law under which each of the Judgment Debtors existed; and (4) their personal interest in and ownership of the Judgment Debtors. Additionally, in the Section 341 Meetings of Creditors in the Chapter 11 case and the Chapter 7 case, Hughes and Cohan testified regarding their ownership interest in the Judgment Debtors. Hughes and Cohan also attested to their ownership of the Judgment Debtors in interviews with the Chapter 11 Examiner appointed in this case. *See* Chapter 11 Examiner's Report (Main Case Doc. 146) at fn. 70.

[1] On February 20, March 12, and March 27 of 2025, this Court entered orders which, in summary, instructed Hughes and Cohan that the Judgment Debtors must retain counsel to appear and be heard in the instant matter pursuant to Local Rule 1074-1. (Adv. Doc. 6, 13, and 23)

3. On May 22, 2025, in an effort to collect the Final Judgment, the undersigned counsel for Trustee served Discovery in Aid of Execution (the "Discovery") to the Judgment Debtors by emailing it to Hughes and Cohan on behalf of the Judgment Debtors, pursuant to their previous instructions that all court pleadings should be sent to them at a designated email address. A sample of the Discovery directed to Judgment Debtor, Zoomeral, Inc. ("Zoomeral") is attached as Exhibit A to the Plaintiff/Judgment Creditor's Motion to Compel Discovery In Aid of Execution of Judgment (Adv. Doc. 46) (the "Motion to Compel").

4. As a result of Hughes and Cohan's refusal to even accept service of the Discovery, the Trustee filed the Motion to Compel, which this Court granted on June 25, 2025 by the Order on Motion to Compel. The Trustee's attorney properly served the Order on Motion to Compel on the Judgment Debtors that same day by both mailing a copy of the Order to the registered agents of the Judgment Debtors and emailing a copy to Hughes and Cohan in their capacities as officers or directors of the Judgment Debtors. (Adv. Doc. 51).

5. Pursuant to the Order, Judgment Debtors were required to provide responses to the Trustee's Discovery by July 10, 2025. *See* Order on Motion to Compel at ¶ 2.

6. As of the date of this Motion, the Judgment Debtors have neither provided responses to the Discovery as ordered, nor sought a protective order from this Court

7. On June 30, 2025, Cohan filed an Objection to De Facto Enforcement and Denial of Standing (Adv. Doc. 54) essentially stating that he was not going to comply with the Order on Motion to Compel and making the same arguments that he did in response to the Trustee's Motion to Compel which is that, essentially, since the Judgment Debtors were dissolved as corporate entities, he no longer has any responsibility for the Judgment Debtors.



82310248;1

8. On July 7, 2025, Hughes sent an email to the Trustee's attorney (the "Hughes Email") stating that because Judgment Debtor, Zoomeral, had been dissolved that he "hold[s] no legal authority to act on its behalf in any capacity." A copy of the email sent by Hughes is attached as **Exhibit A**. In the Hughes Email, Hughes claims that he was no longer "affiliated in any capacity with Zoomeral, Inc. as of the date that Mr. Cohan [sic] filed the adversary complaint. I had fully withdrawn prior to that time."

9. The Certificate of Dissolution for Zoomeral was filed with the Delaware Secretary of State on March 17, 2025 and lists the names of the directors and officers of the corporation as David Hughes. A copy of the Certificate of Dissolution for Zoomeral is attached as **Exhibit B**. Hughes signed the Certificate of Dissolution as an "authorized officer" of Zoomeral. The State of Delaware Annual Franchise Tax Report for Zoomeral was also filed with the Delaware Secretary of State on March 17, 2025 and lists the officer and director of Zoomeral as David Hughes and was also signed by Hughes as "CEO." A copy of the State of Delaware Annual Franchise Tax Report for Zoomeral is attached as **Exhibit C**.

10. The Trustee's Complaint in this proceeding was filed on February 6, 2025.

11. Indeed each of the Judgment Debtors was dissolved after the Trustee's Complaint was filed. Capitulum, LLC ("Capitulum") was dissolved by filing a Certificate of Dissolution with the New York Secretary of State on March 20, 2025, a copy of which is attached as **Exhibit D**.

12. The Certificate of Cancellation of Limited Liability Company for Genie Investments II, LLC ("Genie II") was filed with the Delaware Secretary of State on March 25, 2025, a copy of which is attached as **Exhibit E**.

13. The Certificate of Cancellation of Limited Liability Company for Genie's Angels, LLC n/k/a Merkton Group, LLC ("Genie's Angels") was filed with the Delaware Secretary of State on March 26, 2025, a copy of which is attached as **Exhibit F**.

14. Better Methods, LLC ("Better Methods") was administratively dissolved on February 8, 2025 by the Wyoming Secretary of State for failure to file its annual report and pay the annual report license tax. No formal document is issued to effectuate the administrative dissolution but a copy of Better Methods' corporate information from the Wyoming Secretary of State's website showing the date of the administrative dissolution is attached as **Exhibit G**.

## ARGUMENT

### I. Hughes and Cohan Are Responsible For Responding To The Discovery On Behalf Of The Judgment Debtors Under All Applicable State Laws

Pursuant to the laws of every state under which the Judgment Debtors are organized, Hughes and Cohan – as the only members and/or officers of the subject entities – are responsible for responding to the Discovery on behalf of each entity.

The Judgment Debtors are organized under the laws of the states of Delaware, New York, and Wyoming. While Hughes claims he was 'never at any relevant time, the custodian of records, officer, authorized representative, or employee of Zoomeral, Inc.", and Cohan claims he is not "acting on behalf of the [entities]", neither Hughes nor Cohan have provided any evidence to support their respective positions.

Setting aside Hughes' defense for a moment, both Hughes and Cohan are united in their claim that each of the Judgment Debtors were properly dissolved, which, even if true, fails to absolve them of the obligations under the Order and applicable state law.

#### A. Hughes and Cohan are responsible for responding to Discovery on behalf Genie Investments II, LLC, Genie's Angels, LLC n/k/a Merkton Group, LLC, and Zoomeral, Inc. under Delaware law

As the only two members and/or officers of Genie II, Genie's Angels, and Zoomeral, Hughes and Cohan each bear the responsibility of responding to the Discovery under Delaware law.

**(i)** ***Post-Dissolution Obligations of Delaware Limited Liability Companies***

Genie II and Genie's Angels (collectively, the "Delaware LLCs") were each organized under the laws of Delaware. Assuming each of the Delaware LLCs was properly dissolved, which the Trustee does not, Hughes and Cohan's status as the sole officers and/or managers of the Delaware LLCs obligates them to respond to the Discovery until cancellation, as explained further below.

Following the dissolution of a Delaware limited liability company, the liquidating manager is the individual who oversees the winding up and liquidation of the limited liability company's affairs, which is generally the managing member of the LLC (the "Liquidating Manager"). 6 DEL. C. §§ 18-203, 18-803. The Liquidating Manager is responsible for, among other things, prosecuting and defending lawsuits, disposing of and conveying the limited liability company's property, discharging or making reasonable provision for the limited liability company's liabilities, and distributing to the members any remaining assets of the limited liability company. 6 DEL. C. § 18-803(b).

By process of elimination, either Hughes or Cohan is the Liquidating Manager given they were the only two members of the Delaware LLCs. As such, and pursuant to the Order on Motion to Compel, the Discovery directed at the Delaware LLCs was directed to the only two individuals who possess any information responsive to same, and are obligated under Delaware law to respond on behalf of the Delaware LLCs.

### (ii) *Post-Dissolution Obligations of Delaware Corporations*

As noted above, Zoomeral is a corporation organized under the laws of Delaware. In instances where legal proceedings have commenced against a Delaware corporation that dissolves thereafter, the corporation continues until any judgments, orders, or decrees are fully executed. 8 DEL. C. § 278. Further, Zoomeral continues as a corporation until any judgments, orders, or decrees related to an action commenced within three years of its dissolution are fully executed. *Id.*

Here, even if Zoomeral was properly dissolved in the last year, under Delaware law, the corporation "survives" until the Final Judgment is fully executed; thus, Hughes and Cohan each remain responsible for responding to the Discovery directed at Zoomeral. Further, while Hughes states in the Hughes email that he was "never at any relevant time, the custodian of records, officer, authorized representative, or employee of Zoomeral, Inc," the Certificate of Dissolution and Delaware Annual Franchise Tax Report attached as Exhibits C and D prove otherwise.

### B. Cohan is responsible for responding to Discovery on behalf of Capitulum, LLC under New York law

Under New York law, under which Capitulum was formed, upon dissolution of a limited liability company, the members of the LLC are responsible for winding up the affairs of the LLC including prosecuting and defending lawsuits. N.Y. Ltd. Liab. Co. § 703. Upon the winding up of a limited liability company, the assets of the company are distributed ***first*** to creditors of the company. N.Y. Ltd. Liab. Co. § 704(a). As such, during the winding up process, Cohan remain responsible for responding to Discovery directed to Capitulum. N.Y. Ltd. Liab. Co. § 703.

### C. Hughes and Cohan are responsible for responding to Discovery on behalf of Better Methods, LLC under Wyoming law.

Pursuant to Wyoming law under which Better Methods was formed, a limited liability company "<u>continues after dissolution</u> . . . for the purpose of winding up." Wyo. Stat. § 17-29-

702(a) (emphasis added). In winding up, a limited liability company "shall discharge the company's debts, obligations, or other liabilities . . . ." Wyo. Stat. § 17-29-702(b)(i) (emphasis added). During the winding up process, the limited liability company also remains responsible for defending lawsuits. Wyo. Stat. § 17-29-702(b)(ii)(C). As such, until the Final Judgment is fully executed, the winding up process cannot be completed, and Hughes and Cohan remain responsible for responding to Discovery on Better Methods, LLC's behalf.

## II. Sanctions Are Appropriate for the Judgment Debtor's Failure to Comply With the Court's Order on Motion to Compel

Federal Rule of Civil Procedure 37(b)(2)(A) states in relevant part,

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * *
>
> (viii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Additionally, bankruptcy courts have civil contempt power to enforce their own orders pursuant to 11 U.S.C. § 105(a). *See Roth v. Nationstar Mortg., LLC (In re Roth*), 935 F.3d 1270, 1275 (11th Cir. 2019).

A party moving for civil contempt must show, by clear and convincing evidence, that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). In this case, the Order on Motion to Compel was lawful and valid, the Order on Motion to Compel was clear and unambiguous that the Judgment Debtors had to provide responses to the Discovery within 15 days of the Order, and the Judgment Debtors,



82310248;1

through their officers and directors, Hughes and Cohan, had the ability to comply with the Order. As a result, the requirements for civil contempt have been met in this case.

Procedurally, once a *prima facie* showing of a violation of a court order is made, "the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a 'show cause' hearing." *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

> At the show cause hearing, the contemnor is "allowed to show either that he did not violate the court order or that he was excused from complying." A contemnor may be excused because of an "inability" to comply with the terms of the order. To satisfy this burden, a contemnor must "offer proof beyond the mere assertion of an inability." Instead, a contemnor "demonstrate[s] an inability to comply only by showing that [he has] made 'in good faith all reasonable efforts to comply.'"

*Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (internal citations omitted). Here, the Judgment Debtors cannot meet their burden to show that they did not violate the Order on Motion to Compel or that they were excused from complying with the Order on Motion to Compel. The Judgment Debtors clearly had the ability to answer the interrogatories posed by the Trustee and produce the financial records requested by the Trustee in the Discovery.

The Trustee also requests that the Court reserve jurisdiction to enter an order awarding the Trustee his attorneys' fees and costs incurred in bringing this Motion and the prior Motion to Compel.

**WHEREFORE**, Plaintiff / Judgment Creditor, Aaron R. Cohen, Chapter 7 Trustee, of the bankruptcy estate of Genie Investments NV, Inc., by and through undersigned counsel, respectfully requests this Court, (1) enter an Order to Show Cause why the Judgment Debtors should not be held in contempt of this Court, (2) exercise its power and authority to the extent necessary to compel the Judgment Debtors to discharge all of their obligations under the Order on Motion to Compel; and (3) granting such other and further relief the Court deems just and proper.

Dated: July 21, 2025

**AKERMAN LLP**

By: */s/ Raye C. Elliott*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorney for Aaron R. Cohen, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2025, a true and correct copy of the foregoing was served by electronic mail to the following who consented in writing to receive service of pleadings at the email addresses listed below:

John Michel Cohan as officer or director of Zoomeral, Inc.
iustusprocessus@outlook.com

John Michel Cohan as officer or director of Capitulum, LLC
iustusprocessus@outlook.com

John Michel Cohan as officer or director of Genie Investments II, LLC
iustusprocessus@outlook.com

John Michel Cohan as officer or director of Better Methods, LLC
iustusprocessus@outlook.com

John Michel Cohan as officer or director of Genie's Angels, LLC n/k/a Merkton Group, LLC
iustusprocessus@outlook.com

David Hughes as officer or director of Zoomeral, Inc.
davidchoatehughes@gmail.com

David Hughes as officer or director of Genie Investments II, LLC
davidchoatehughes@gmail.com

David Hughes as officer or director of Better Methods, LLC
davidchoatehughes@gmail.com

David Hughes as officer or director of Genie's Angels, LLC n/k/a Merkton Group, LLC
davidchoatehughes@gmail.com

and on July 21, 2025, by U.S. mail,[2] postage prepaid and properly addressed, to:

Capitulum, LLC
Attn. its Registered Agent,
John Michael Cohan
308 Lincoln Road, #2L
Brooklyn, NY 11225

Genie Investments II, LLC
Attn. its Registered Agent, Phyllis Cropper
908 E. 17th Street
Wilmington, DE 19802

Better Methods, LLC
Attn. its Registered Agent,
Northwest Registered Agent Service Inc.
30 N. Gould St., Ste. N
Sheridan, WY 82801

Genie's Angels, LLC
n/k/a Merkton Group, LLC
Attn. its Registered Agent, Phyliss Cropper
908 E. 17th Street
Wilmington, DE 19802

David Hughes as officer or director of Zoomeral, Inc., Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC
2812 Pat Tillman Drive
Springfield, IL 62711

*<u>/s/ Raye C. Elliott</u>*
Attorney

[2] The Trustee has not mailed a copy of this Motion to the Delaware registered agent for Zoomeral, Inc. because all documents mailed to Zoomeral, Inc.'s Delaware registered agent have been returned as "rejection of service of process" because the company is inactive.

# Exhibit A

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | David Choate <davidchoatehughes@gmail.com> |
| **Sent:** | Monday, July 7, 2025 4:54 PM |
| **To:** | Meehan, Jennifer (Para-Jax) |
| **Cc:** | iustusprocessus@outlook.com; Elliott, Raye (Ptnr-Tpa) |
| **Subject:** | Re: SERVICE OF COURT DOCUMENT - Case No. 3:25-AP-00011-BAJ - Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al. |

**[External to Akerman]**

**Subject:** Formal Notice of Non-Custodianship and Request for Cessation of Business-Related Communications

Dear Ms. Elliott,

I am writing to respectfully and formally notify you that I, David Hughes, am not and was not, at any relevant time, the custodian of records, officer, authorized representative, or employee of **Zoomeral, Inc.** (formerly Zoomeral.com). The company has been formally dissolved, and I hold no legal authority to act on its behalf in any capacity.

For clarity and certainty, please be advised that I was no longer affiliated in any capacity with Zoomeral, Inc. as of the date that Mr. Cohan filed the adversary complaint. I had fully withdrawn prior to that time.

Accordingly, I respectfully request that you **cease and desist from sending any further communications regarding the business or affairs of Zoomeral, Inc. or any other dissolved entities** to this personal email address. This email is private and is not connected to any dissolved corporate entity. Please direct any future contact solely to personal matters, should they arise.

I intend to file a formal notice with the court shortly to reflect my lack of involvement and will provide you with a copy of that filing and the accompanying certificate of service.

Thank you for your attention to this matter. I reserve all rights, remedies, and defenses under applicable law, and nothing in this communication should be construed as a waiver of any kind.

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

On Wed, Jun 25, 2025 at 4:10 PM <jennifer.meehan@akerman.com> wrote:

> **Court** : United States Bankruptcy Court, Middle District of Florida, Jacksonville Division
>
> **Case Number** : 3:25-ap-00011-BAJ

**Case Style** : Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.

**Document Served** : Order Granting Plaintiff/Judgment Creditor's Motion to Compel Discovery in Aid of Execution of Judgment

**Sender** : Raye Elliott - Telephone: (813) 223-7333

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

# Exhibit B

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:54 AM 03/17/2025
FILED 10:54 AM 03/17/2025
SR 20251083760 - File Number 6784347

# STATE OF DELAWARE SHORT FORM CERTIFICATE OF DISSOLUTION (SECTIONS 275 AND 391 (a) (5) (b))

The corporation organized and existing under the General Corporation Law of the State of Delaware, hereby certifies as follows:

1. The dissolution of ZOOMERAL, INC.

has been duly authorized by the Board of Directors and Stockholders in accordance with subsections (a) and (b) of Section 275 or by unanimous consent of Stockholders in accordance with subsection (c) of Section 275 of the General Corporation Law of the State of Delaware.

2. The date of filing of the Corporation's original Certificate of Incorporation in Delaware was 03-06-2018 .

3. The date the dissolution was authorized is 03-17-2025

4. The names and addresses of the directors and officers of the corporation are as follows:

| NAME | TITLE | ADDRESS |
| --- | --- | --- |
| DAVID C HUGHES II | CEO/DIRECTOR | 103 CENTURY 21 DR, SUITE 100 #4<br>JACKSONVILLE, FL 32216 |

5. The corporation has no assets and has ceased transacting business.

6. The corporation, for each year since its incorporation in this State, has been required to pay only the minimum franchise tax then prescribed by Section 503 of the General Corporation Law of the State of Delaware

7. The corporation has paid all franchise taxes and fees due to or assessable by this State through the end of the year in which the certificate of dissolution is filed.

By: /s/DAVID C HUGHES II
Authorized Officer

Name: DAVID C HUGHES II
Print or Type

# Exhibit C

# State of Delaware

# Annual Franchise Tax Report

| CORPORATION NAME | TAX YR. |
|---|---|
| ZOOMERAL, INC. | 2025 |

| FILE NUMBER | INCORPORATION DATE | RENEWAL/REVOCATION DATE |
|---|---|---|
| 6784347 | 2018/03/06 | |

PRINCIPAL PLACE OF BUSINESS
103 CENTURY 21 DR. SUITE 100 #4
JACKSONVILLE, FL 32216

PHONE NUMBER
(217)416-5059

REGISTERED AGENT
CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON DE 19808

AGENT NUMBER
9000014

| AUTHORIZED STOCK BEGIN DATE | END DATE | DESIGNATION/ STOCK CLASS | NO. OF SHARES | PAR VALUE/ SHARE |
|---|---|---|---|---|
| 2018/03/06 | | COMMON | 1,500 | .0000000000 |

| OFFICER NAME | STREET/CITY/STATE/ZIP | TITLE |
|---|---|---|
| DAVID C HUGHES II | 103 CENTURY 21 DR. SUITE 100 #4 JACKSONVILLE, FL 32216 | CEO |

| DIRECTORS NAME | STREET/CITY/STATE/ZIP |
|---|---|
| DAVID C HUGHES II | 103 CENTURY 21 DR. SUITE 100 #4 JACKSONVILLE, FL 32216 |

*NOTICE: Pursuant to 8 Del. C. 502(b), If any officer or director of a corporation required to make an annual franchise tax report to the Secretary of State shall knowingly make any false statement in the report, such officer or director shall be guilty of perjury.*

| AUTHORIZED BY (OFFICER, DIRECTOR OR INCORPORATOR) | DATE | TITLE |
|---|---|---|
| DAVID C HUGHES II<br>103 CENTURY 21 DR. SUITE 100 #4<br>JACKSONVILLE, FL 32216 US | 2025/03/17 | CEO |

# Exhibit D

9589 0710 5270 0098 7967 76

NEW YORK STATE OF OPPORTUNITY | Division of Corporations, State Records and Uniform Commercial Code

New York State
Department of State
DIVISION OF CORPORATIONS,
STATE RECORDS AND
UNIFORM COMMERCIAL CODE
One Commerce Plaza
99 Washington Ave.
Albany, NY 12231-0001
https://dos.ny.gov

# ARTICLES OF DISSOLUTION
# OF

CAPITULUM LLC

*(Insert name of Domestic Limited Liability Company)*

Under Section 705 of the Limited Liability Company Law

FIRST: The name of the limited liability company is:
CAPITULUM LLC.

If the name of the limited liability company has been changed, the name under which it was organized is: n/a.

SECOND: The date of filing of the articles of organization is: 01-11-2017.

THIRD: The event giving rise to the filing of the articles of dissolution is:
*(Check appropriate statement)*

- [x] The vote or written consent of a majority in interest of the members of the limited liability company.
- [ ] There are no members of the limited liability company.
- [ ] Pursuant to the dissolution date set forth in the articles of organization or operating agreement of the limited liability company.
- [ ] The following event, as specified in the operating agreement: ______.
- [ ] The entry of a decree of judicial dissolution.

X [signature] 4/11
*(Signature)*

John Michael Cohan
*(Type or print name)*

Capacity of Signer *(Check appropriate box)*:

- [x] Member
- [ ] Manager
- [ ] Authorized Person



Filed with the NYS Department of State on 03/20/2025
Filing Number: 250325001803 DOS ID: 5066697

# ARTICLES OF DISSOLUTION
# OF

CAPITULUM LLC

*(Insert name of Domestic Limited Liability Company)*

Under Section 705 of the Limited Liability Company Law

Filer's Name and Mailing Address:

John Michael Cohan

*Name:*

*Company, if Applicable:*

PO Box 60443

*Mailing Address:*

Jacksonville, Florida 32236

*City, State and Zip Code:*

**NOTES:**

1. The name of the limited liability company and the date of filing of the articles of organization must exactly match the records of the Department of State. This information should be verified on the Department of State's website at https://dos.ny.gov.
2. This form was prepared by the New York State Department of State for filing articles of dissolution for a domestic limited liability company. It does not contain all optional provisions under the law. You are not required to use this form. You may draft your own form or use forms available at legal supply stores.
3. The Department of State recommends that legal documents be prepared under the guidance of an attorney.
4. The certificate must be submitted with a **$60** filing fee made payable to the Department of State.

*(For office use only.)*



Filed with the NYS Department of State on 03/20/2025
Filing Number: 250325001803 DOS ID: 5066697

# Exhibit E

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:35 PM 03/25/2025
FILED 07:35 PM 03/25/2025
SR 20251228037 - File Number 7031560

# STATE OF DELAWARE
# CERTIFICATE OF CANCELLATION
# OF LIMITED LIABILITY COMPANY

The undersigned authorized person, desiring to cancel the limited liability company pursuant to Section 18-203 of the Limited Liability Company Act of the State of Delaware, hereby certifies as follows:

1. The name of the limited liability company is GENIE INVESTMENTS II LLC.

2. The Certificate of Formation of the limited liability company was filed on 09-14-2022.

By: John Michael Cohan
Authorized Person

Name: John Michael Cohan
Print or Type

# Exhibit F

# STATE OF DELAWARE
# CERTIFICATE OF CANCELLATION
# OF LIMITED LIABILITY COMPANY

The undersigned authorized person, desiring to cancel the limited liability company pursuant to Section 18-203 of the Limited Liability Company Act of the State of Delaware, hereby certifies as follows:

1. The name of the limited liability company is MERKTON GROUP LLC
.

2. The Certificate of Formation of the limited liability company was filed on 03-21-2023
.

By: John Michael Cohan
Authorized Person

Name: John Michael Cohan
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:15 AM 03/26/2025
FILED 11:15 AM 03/26/2025
SR 20251236731 - File Number 7390166

# Exhibit G

**STATE OF WYOMING ∗ SECRETARY OF STATE**
**BUSINESS DIVISION**

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone: 307-777-7311 · Website: https://sos.wyo.gov · Email: business@wyo.gov

# Filing Information

**Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **Better Methods LLC** | | |
| **Filing ID** | **2022-001192929** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 12/07/2022 8:47 AM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 02/08/2025 |

**Principal Address**

30 N Gould St Ste N
Sheridan, WY 82801

**Mailing Address**

30 N Gould St Ste N
Sheridan, WY 82801

**Registered Agent Address**

Northwest Registered Agent Service Inc
30 N Gould St Ste N
Sheridan, WY 82801

**Parties**

| Type | Name / Organization / Address |
|---|---|
| Organizer | Northwest Registered Agent Service Inc 30 N Gould St Ste N Sheridan, WY 82801 |

**Notes**

| Date | Recorded By | Note |
|---|---|---|

# Filing Information

**Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **Better Methods LLC** | | |
| **Filing ID** | **2022-001192929** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## Most Recent Annual Report Information

| | | | | | |
|---|---|---|---|---|---|
| Type | Original | | | AR Year | 2023 |
| License Tax | $60.00 | AR Exempt | N | AR ID | 09060419 |
| AR Date | 9/2/2023 9:53 AM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|---|---|

| Principal Address | Mailing Address |
|---|---|
| 30 N Gould St Ste N<br>Sheridan, WY 82801 | 30 N Gould St Ste N<br>Sheridan, WY 82801 |

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|
| 09060419 | Original | 09/02/2023 | 2023 | $60.00 |

## Amendment History

| ID | Description | Date |
|---|---|---|
| 2025-005600478 | Dissolution / Revocation - Tax | 02/08/2025 |
| | Filing Status Changed From: Active To: Inactive - Administratively Dissolved (Tax)<br>Inactive Date Changed From: No Value To: 02/08/2025 | |
| 2024-005421714 | Delinquency Notice - Tax | 12/02/2024 |
| 2024-005112980 | RA Information Change | 06/11/2024 |
| See Filing ID | Initial Filing | 12/07/2022 |