UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7
ADVERSARY PROCEEDING NO.: 3:25-ap-00011-BAJ
Aaron R. Cohen, Chapter 7 Trustee,
Plaintiff,
v.
Zoomeral, Inc., et al.,
Defendants.

FILED MAIL USBC
JAX, FL JUL 22 '25

## EMERGENCY MOTION FOR IMMEDIATE INTERVENTION
(To Remedy Trustee's Fraud on the Court and Retaliatory Conduct)

I. INTRODUCTION

John Michael Cohan and David Hughes, former officers of the dissolved defendant entities, move for immediate intervention because:

1. The Trustee committed fraud on this Court by:
    - Concealing the dissolution of all defendant entities when obtaining default judgment
    - Using that fraudulently-obtained judgment to impose post-dissolution obligations on Movants
    - Filing claims without reviewing complete bank records (Audio 2, 12:40-15:17)
    - Misrepresenting the examiner's speculative findings as conclusive evidence of fraud (Audio 2, 50:45)

2. Two entities have no assets as confirmed by:
    - Zoomeral's DE dissolution filing (Trustee's Exhibit B): "The corporation has no assets"
    - Better Methods' WY SOS record (Trustee's Exhibit G): No asset distributions

3. Irreparable harm is imminent - Trustee's actions constitute:
    - Improper enforcement against dissolved entities through Movants (Doc. 74)
    - Retaliatory conduct following Movants' assertion of rights (Audio 2, 32:05)
    - Violation of automatic stay protection (Doc. 296 [filed 02-19-25], 318 [filed 03-03-25], Case No. 3:25-cv-00164-HES-MCR Doc. 5 [filed 03-05-25] & Doc. 325 [filed 03-06-25])
    - Due process violations by blocking personal claims while admitting "I don't represent you" (Audio 1, 49:00)

## II. FRAUD ON THE COURT ESTABLISHED

### A. Trustee's False Representations

Representation vs. Truth (Per Record)

"Entities exist for enforcement" vs. All dissolved pre-judgment (Trustee's Exhibits B-F Doc. 74)
"Ongoing compliance required" vs. No assets exist (Exhibit B, G)
"Hughes/Cohan must comply" vs. No personal jurisdiction or being formally named; Trustee admitted "If I find money flowed to you, I probably will sue you" (Audio 2, 25:46)
"Claims supported by evidence" Filed without reviewing all bank records (Audio 2, 12:40)
"Examiner found fraud" Report only cited "potential" issues (Audio 2, 50:45)

### B. Smoking Gun Evidence

1. Trustee's Exhibit B: Zoomeral dissolution (3/17/25) signed as "no assets"
2. Trustee's Exhibit G: Better Methods dissolution (2/8/25) shows no distributions
3. Trustee's Admissions:

   - Failed to review records pre-filing (Audio 2, 12:40)
   - Used stay as "sword" against personal claims rather than filing an adversary complaint and individually naming us formally blocking due process rights
   - Sent retaliatory demands within hours of Movants' claims (Audio 2, 32:05)

## III. LEGAL BASIS FOR INTERVENTION

### A. Fraud Unravels All (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238)

- Judgment must be vacated due to:
  - Concealed dissolutions
  - Unverified financial claims (Audio 2, 12:40)
  - Inflammatory rhetoric ("RICO", "Bernie Madoff") without legal basis

### B. State Dissolution Laws Bar Enforcement

1. Delaware (Zoomeral): 8 Del. C. § 278 - No survival for post-dissolution claims
2. Wyoming (Better Methods): Wyo. Stat. § 17-29-705 - No member liability post-dissolution
3. New York (Capitulum): NY LLC Law § 703 - Claims barred after dissolution

### C. Due Process Violations

1. Retaliatory Timeline:

   - Jan. 22, 2025: Movants assert rights → Jan. 24: Trustee issues demands → Feb. 6: Files adversary

2. De Facto Litigation: Targets Movants without naming them (Audio 2, 25:46)

While we are not formally parties to this proceeding, the Trustee frequently invokes our names and makes numerous claims concerning our actions and interests. The entities involved have

been dissolved and are no longer active participants in this litigation. Although we signed certain documents post-resignation to finalize the companies' dissolution, these acts were purely ministerial and do not establish us as authorized representatives or custodians of records. Despite this, the Trustee's arguments effectively target us personally without proper party status or service, which undermines our fundamental due process rights by denying us adequate notice and an opportunity to respond. Should the Trustee intend to pursue any claims against us personally, formal naming and service are required to ensure procedural fairness. Our Motion to Intervene is principally grounded in the Trustee's fraud upon the Court, but these procedural issues further justify our participation.

3. Judicial Admissions:

- "Any claim you have is derivative of that." (Audio 1, 32:36)
- "No" when asked if the Trustee was pursuing any derivative claims. (Audio 1, 45:45)
- "I don't represent you" when asked who was pursuing Mr. Cohan's rights [claims]. (Audio 1, 49:00)

D. Mandatory Intervention Under FRCP 24(a)(2)

Movants meet all requirements for intervention as of right:

1. Timeliness: Filed promptly after discovering fraud (*Doe v. Glick*, 588 F.2d 326 (4th Cir. 1978)).
2. Interest: Personal liability risk from Trustee's actions (Audio 2, 25:46).
3. Impairment: Trustee seeks to compel compliance for defunct entities (Doc. 74).
4. Inadequate Representation: Trustee opposes Movants' interests (Audio 1, 49:00).

E. Nunc Pro Tunc Relief

Backdating intervention is justified because:

- Trustee concealed critical facts (Trustee's Exhibit B-F) even though he was explicitly informed of dissolution (**Exhibit A**);
  No prejudice to parties (entities are asset-less);
  Serves judicial economy (*In re Charter Commc'ns*, 419 B.R. 221 (Bankr. S.D.N.Y. 2009)).

IV. RELIEF REQUESTED

1. Grant immediate intervention nunc pro tunc.
2. Vacate Final Judgment under FRCP 60(d)(3) for fraud.
3. Quash any discovery demands against Movants personally.
4. Sanction Trustee under Rule 9011 for:
   - Retaliation (Audio 2, 32:05)
   - Failure to investigate (Audio 2, 12:40)

- Inflammatory rhetoric (3:24-bk-00496-BAJ - Doc. 353 & 360)
5. Stay all enforcement pending resolution.
6. In lieu of a judgment in our favor, an emergency evidentiary hearing on the merits of the Motion to Intervene (Doc. 53), and an evidentiary hearing on the Trustee's knowledge of the dissolutions pre-judgment.

## V. VERIFICATION

We declare under penalty of perjury:
1. Trustee knew of dissolutions when seeking judgment per official Notice submitted to the court by Movants (Doc. 20).
2. All factual assertions derive from Trustee's exhibits/testimony.
3. We are targeted as former representatives of dissolved entities.
4. Because the default judgment stems from fraud on the Court—carried out by the Trustee through a failure to conduct an independent investigation, failure to review basic bank records, and reliance on conclusory and unsupported allegations—this ongoing collection effort is itself a fraudulent collection activity. It is not a lawful exercise of judicial authority; it is a targeted campaign of harassment designed to discredit Mr. Hughes and Mr. Cohan while evading proper service and avoiding naming them in the adversary complaint. This misconduct gives rise to an urgent need for intervention so the affected individuals can defend themselves against fraudulent and unauthorized collection efforts that have bypassed due process entirely.

This emergency motion is filed under protest and without waiver of any rights or objections, including but not limited to the pending Motion to Intervene and the expedited nature of this proceeding. Notably, the Court issued a text order on July 19, 2025, Juneteenth, a Federal Holiday, for which solely Mr. Cohan was served at 6 p.m. the prior day, leaving insufficient time to prepare proper responses while Mr. Cohan's Motion to Intervene has been pending and delayed for over three (3) weeks. This disparity in timing has prejudiced our ability to effectively participate in this proceeding despite the Trustee's clear violations of law. Accordingly, we respectfully request that the Court issue an immediate ruling on my Motion to Intervene to avoid further harm and ensure procedural fairness. This schedule has prejudiced my ability to participate meaningfully and fairly.

Dated: 07-22-2025
Respectfully submitted in Good Faith,

John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103

### Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.

## Exhibit List

1. Notice of Material Change filed 03-26-2025
2. Declarations of David Hughes and John Michael Cohan
3. Court Certification of Audio Receipt

# EXHIBIT A

FILED INTAKE USBC
MAR 26 '25 PM3:33

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re:
GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7
AARON COHEN, Chapter 7 Trustee
Plaintiff,
v.
BETTER METHODS LLC, ZOOMERAL INC., CAPITULUM LLC, GENIE INVESTMENTS II LLC, GENIE'S ANGELS LLC N/K/A MERKTON GROUP LLC, and CALD HOLDINGS LLC,
Defendants.
Adv. Pro. No.: 3:25-ap-00011-BAJ

### NOTICE OF MATERIAL CHANGE IN CIRCUMSTANCES

Movants, John Michael Cohan and David Hughes, specially appearing pro se, respectfully submit this Notice of Material Change in Circumstances affecting the above-captioned adversary proceeding and related bankruptcy case.

1. As of the date of this filing, the following defendant entities have been formally dissolved in accordance with the laws of their respective jurisdictions, based on the following considerations:
(1) none of the companies possess any assets or active business operations;

(2) the Movants were compelled to provide personal capital to maintain the companies in good standing, including funding tax payments and dissolution costs;

(3) the companies required additional capital contributions solely to fund legal representation, which the Movants could no longer justify given the lack of ongoing business activity;

(4) persistent reputational harm and interference by certain creditors, including bad-faith public allegations, damaged the viability and credibility of the companies;

(5) the Movants have a reasonable fear of continued abusive litigation tactics by the Trustee designed to artificially inflate legal costs and pressure Movants into disadvantageous settlements;

(6) the dissolution was further necessitated to protect the Movants' personal rights, and to ensure compliance with Rule 1074-1 by eliminating the need for separate counsel for non-operational entities;

(7) the companies had become targets of selective enforcement and procedural manipulation, including the U.S. Trustee's materially false filings, which undermined any legitimate path forward for the entities;

(8) the dissolution of these entities is a necessary step in preserving judicial efficiency and avoiding unnecessary duplication of proceedings involving now-defunct corporate parties;

(9) the dissolution was also necessary to prevent any misuse of the companies' continued existence to justify forced joinder or derivative liability against the Movants without due process;

(10) maintaining the entities would have created unnecessary exposure to conflicts of interest or prejudice in proceedings where the Trustee or creditors might assert inconsistent claims;

(11) their continued inclusion would have wasted judicial resources and created confusion over legal standing and representation, especially as the entities had no remaining officers, directors, or operational roles;

(12) parties have already attempted to use the entities' existence as a vehicle for abusive and overly broad discovery requests, bypassing protections normally afforded to individuals; and

(13) as long as the companies remained in existence, Movants faced ongoing fiduciary obligations under state law that conflicted with their current pro se representation and personal bankruptcy defense.

- Better Methods LLC

- Zoomeral Inc.

- Capitulum LLC

- Genie Investments II LLC

- Genie's Angels LLC n/k/a Merkton Group LLC

2. The legal status of these entities as dissolved corporations constitutes a material change in circumstances that directly impacts the justiciability and viability of the adversary proceeding.

3. Movants submit this notice in good faith and in accordance with their obligations to notify the Court of material developments affecting the scope, jurisdiction, and viability of these proceedings.

### Statement of Circumstances and Justification for Pro Se Representation

4. Financial Inability to Retain Counsel

Movants have made every effort to secure qualified representation, but the cost has proven prohibitive. To date, they have paid over $60,000 to attorney Bryan Mickler, who ultimately threatened to withdraw at a critical juncture. Other firms, such as the Bochner LLC, quoted fees as high as $30,000 for limited filings in a single dispute. These expenses were compounded by the need to retain counsel for five (5) separate entities, all of which lacked sufficient operating capital. The financial burden was unsustainable and necessitated a lawful alternative.

5. Right to Represent Personal Interests After Dissolution

With the named entity defendants now formally dissolved—Movants are no longer seeking to specially appear on behalf of any company. Instead, they now specially appear in their individual capacities to protect their personal rights, property, and reputations. This pro se representation is not only lawful, but guaranteed under the **First and Fifth Amendments of the U.S. Constitution.**

6. Lack of Confidence in Prior Legal Representation

Movants have previously retained attorneys who failed to meaningfully challenge procedural misconduct or protect their interests. Legal counsel failed to address known inconsistencies, procedural violations, and third-party malpractice. Movants do not raise this to disparage counsel but to explain that pro se representation is the only remaining path that allows them to advocate effectively for themselves while preserving judicial economy.

7. Harm to Reputation and Operations Due to Creditor Conduct

Movants and their affiliated entities have been the subject of a coordinated online reputational attack by certain creditors—both before and during the bankruptcy proceedings. These actions included false statements, unauthorized wire recalls, and emails sent to customers and third parties, causing both operational and reputational harm across all companies, including the Debtor. While the Trustee has been notified of such conduct, less than minimal remedial steps have been taken to protect the estate and the Movants.

8. The Trustee's Procedural Handling Raises Concerns

Movants assert serious misconduct by the Trustee and highlight that key filings and allegations have been contradicted or unsupported by evidence. For example, the Trustee omitted a $1.1 million transaction they originally used as the basis for filing. After **Exhibit L in Doc. 287** demonstrated that the transaction was a third-party exchange—frequently discussed in testimony—the Trustee has yet to confirm whether the financial records in their possession (**Exhibits E and F of Doc. 333**) contradict or support their own allegations. Movants respectfully believe that greater transparency and scrutiny would serve both the estate and the integrity of these proceedings.

9. Dissolution Was a Procedural Necessity

To preserve their rights under **Local Rule 1074-1**, Movants lawfully dissolved all named corporate entities. This was not done to obstruct the case but to ensure that personal rights could be properly defended without procedural penalty. All five entities have been fully dissolved with the state of jurisdiction. All dissolutions were undertaken in good faith and are documented for the record.

**Dated:** March 26, 2025

**Respectfully submitted in Good Faith,**

*[signature]*

John Michael Cohan and David Hughes, Pro Se, without prejudice, UCC 1-308, 1-103

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused true and correct copies of the following documents to be served upon all interested parties via electronic mail:

- NOTICE OF MATERIAL CHANGE IN CIRCUMSTANCES

Service of these documents was effectuated by electronic mail to all interested parties as agreed upon by the parties, in accordance with the correspondence exchanged regarding service.

# EXHIBIT B

## DECLARATION OF JOHN MICHAEL COHAN

I, John Michael Cohan, declare as follows:

1. I am an adult individual competent to make this declaration, and I do so based on my own personal knowledge.

2. I resigned from all roles—officer, manager, director, or custodian of records—associated with the companies previously under my control. I no longer hold any position or legal authority with respect to those entities.

3. The companies in question have been fully dissolved and are now defunct. They have no continuing operations, assets, or legal capacity.

4. After the filing of the adversary complaint, I made limited filings on behalf of the companies solely in an effort to clarify the record and address procedural issues. These actions were taken in good faith, not in the capacity of an officer, but as a former insider seeking to assist in the wind-down process and avoid procedural prejudice to any party.

5. Despite those efforts, the Court made clear that I do **not** have standing to litigate on behalf of the companies and instructed me that I would need to hire licensed counsel if I intended to appear on their behalf in any capacity. We did not retain counsel because we could not afford it and have not acted for the companies since that directive was issued. I act on behalf of myself for myself only.

6. Nevertheless, I am now targeted by the Trustee to respond to discovery or provide information as if I still possess legal authority to act on behalf of the companies—authority which the Court has expressly determined I do not have.

7. In error, I previously stated that I was an officer of the companies at the time of the adversary complaint. I now correct that statement: I had already resigned from those roles. Any filings made after that date were not indicative of ongoing authority or control.

8. The Trustee is wasting estate resources chasing defunct entities.

9. I submit this declaration to correct the record, confirm the companies' dissolved and defunct status, and affirm that I do not hold any current legal role or obligation with respect to those entities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 07-22-25

_____
John Michael Cohan

## DECLARATION OF DAVID CHOATE HUGHES II

I, David Hughes, declare as follows:

1. I am an adult individual competent to make this declaration, and I do so based on my own personal knowledge.

2. I resigned from all roles, officer, manager, director, or employee, associated with the companies previously under my control. I no longer hold any position or legal authority with respect to those entities, and my resignation occurred well before the adversary complaint in this matter was filed by Mr. Cohen.

3. The companies in question have been fully dissolved and are now defunct. They have no continuing operations, assets, or legal capacity.

4. Despite this, I have been improperly named in correspondence and filings by the Trustee over and over, who continues to assert or imply that I hold legal responsibility for the entities, including efforts to compel discovery from me as though I possess standing, custodianship, or agency, which I do not.

5. The Court has previously confirmed that only licensed counsel may represent the dissolved companies in these proceedings. I have not retained such counsel and have not acted for the companies since their dissolution or the Court's directive on this issue.

6. I submit this declaration to correct the record, confirm the companies' dissolved and defunct status, and affirm that I do not hold any current legal role, position, or obligation with respect to those entities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 21, 2025
Springfield, Illinois

*[signature]*

David Choate Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711

# EXHIBIT C

Generated: Jul 3, 2025 2:04PM

Page 1/2



# U.S. Bankruptcy Court

## Florida Middle Bankruptcy - Jacksonville

**THIS IS A COPY**

John Michael Cohan

Receipt Date: Jun 27, 2025 10:53AM

Rcpt No: 30001502    Trans. Date: Jun 27, 2025 10:53AM    Cashier ID: #RS (5295)

| CD | Transaction | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| AU | Audio Recording | 3:24-bk-00496-BAJ | 1 | 34.00 | 34.00 |
| AU | Audio Recording | 3:24-bk-00496-BAJ | 1 | 34.00 | 34.00 |
| AU | Audio Recording | 3:25-ap-00011-BAJ | 1 | 34.00 | 34.00 |

| CD | Tender | | | Amt |
|---|---|---|---|---|
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |
| CH | CHECK | #19-582225361 | 06/27/2025 | $34.00 |

Total Due Prior to Payment: $102.00

Total Tendered: $102.00

Judge: BAJ Case: 3:24-bk-00496-BAJ
Debtor: Genie Investments NV Inc.
341 Meeting: Thursday 12th of September 2024 at 11:00 AM

Judge: BAJ Case: 3:24-bk-00496-BAJ
Debtor: Genie Investments NV Inc.
341 Meeting: Thursday 12th of September 2024 at 11:00 AM

Judge: BAJ Case: 3:25-ap-00011-BAJ
Debtor: Cohen, Chapter 7 Trustee v. Zoomeral, Inc. et al
341 Meeting: Date Not Available

I CERTIFY THE FOREGOING TO BE TRUE
AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

DATED: July 3, 2025

Generated: Jul 3, 2025 2:04PM

Page 2/2

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.