**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
GENIE INVESTMENTS NV INC.,
Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

Adversary Proceeding No. 3:25-ap-00011-BAJ

### EMERGENCY MOTION TO STAY ALL ENFORCEMENT AND ADVERSE PROCEEDINGS AGAINST DAVID HUGHES AND TO ISSUE PROTECTIVE ORDER

NOW COMES David Hughes (the "Movant"), pro se, and respectfully moves this Court for an emergency stay of all further enforcement, contempt, and discovery actions directed at him in connection with the above-captioned proceedings and related adversary case, and for a protective order barring further efforts to impose post-dissolution liability or procedural burdens on him personally. Movant further requests that such stay and protection also extend to affiliated individuals, including his historical and current business partner John Michael Cohan, and former business partner Caleb Davis, to prevent indirect or retaliatory action.

### I. MOVANT'S ROLE AND LIMITED RELEVANCE

1. Movant was formerly affiliated as manager, agent, or fiduciary of certain dissolved corporate entities named as judgment debtors in this proceeding, including Zoomeral, Inc., Better Methods LLC, Genie Investments II LLC, and others.

2. Each of these entities was formally and publicly dissolved prior to the entry of final judgment in this case. As such, no current legal authority or duty exists to respond or act on their behalf.

3. Movant is not named as an individual party in the adversary complaint and has not been properly joined or served in a personal capacity.

4. Movant is a Chapter 11 debtor in the Central District of Illinois (Case No. 25-70566) and is actively undergoing personal reorganization. Trustee Aaron Cohen's continued enforcement actions are materially interfering with that process.

5. John Michael Cohan remains Movant's long-time business partner, with shared interest in prior and current ventures. Caleb Davis is a former business partner. Any attempt to enforce judgment against either of them is inherently an indirect attack on Movant, violating due process and the principle of separate corporate liability.

## II. TRUSTEE'S TACTICS AMOUNT TO BACKDOOR HARASSMENT AND MISREPRESENTATION

6. The Trustee has repeatedly attempted to bypass the formalities of proper joinder by:
- Referring to Movant and others as "officers" and "custodians" long after their resignations;
- Asserting personal discovery obligations under the guise of post-dissolution "winding up";
- Relying on a flawed and misleading examiner report by Maria Yip to imply wrongdoing, despite the fact that the report offered no legal conclusions and explicitly declined to characterize any transactions as fraudulent;
- Knowingly misrepresenting the examiner's speculative commentary as if it constituted findings of fraud, in order to support adversarial and collection activity.

7. The Examiner's Report, as detailed in a separate opposition by Genie's former counsel, is rife with inaccuracies and ignores contractual terms, legal interpretations, and key witness testimony. It invents terms, misrepresents ICA Payment treatment under governing agreements, and fails to address legal duties of parties under contract law. Despite this, the Trustee repeatedly and knowingly cites the report as the basis for unfounded claims, effectively manufacturing a legal narrative not supported by any binding finding of fraud.

8. This misuse of the Examiner's Report, particularly when paired with the Trustee's own admissions that he relies heavily on it, illustrates a pattern of procedural overreach and fraud on the court. Movant's need to file Chapter 11 arose directly from this compounded misconduct, misinformation, and the reputational and legal threats imposed thereby.

## III. LEGAL AUTHORITY FOR RELIEF

9. Fraud on the court and procedural overreach justify intervention and stay relief. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

10. Improperly imposed duties on individuals not named in a complaint are voidable and subject to protective relief. See Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 667 (5th Cir. 1981).

11. Under Delaware, Wyoming, and New York law, post-dissolution duties are limited to winding up affairs, not to enduring prolonged litigation or personal liability. See:
- 8 Del. C. § 278
- Wyo. Stat. § 17-29-702
- N.Y. Ltd. Liab. Co. § 703

12. The Eleventh Circuit prohibits enforcement that lacks clear authority or notice. See Leshin, 618 F.3d 1221, 1231–32 (11th Cir. 2010).

## IV. NECESSITY OF STAY AND PROTECTIVE ORDER

13. Movant's personal bankruptcy has been materially disrupted by the Trustee's actions. Mr. Cohan and Mr. Davis are now being drawn into similar disputes, despite no ongoing legal authority or capacity relating to the dissolved companies.

14. The Trustee is pursuing parallel and indirect attacks on these affiliates in an attempt to leverage pressure or extract information from Movant outside of lawful procedure.

15. The use of the Examiner's Report, cited repeatedly by the Trustee as the factual basis for adversary actions, sanctions requests, and improper discovery, has led directly to Movant's decision to seek Chapter 11 protection. The false narrative of fraud has chilled Movant's access to legal recourse and has clouded assets and titles vital to his reorganization. Nowhere in Maria's report did it ever find fraud or state that the insider loans were fraudulent. Favorable terms do not make insider loans fraudulent.

V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court:

1. Stay all enforcement, contempt, and discovery proceedings directed at David Hughes personally;
2. Issue a protective order clarifying that Movant is no longer a custodian, manager, or officer of any dissolved entity, and may not be held liable for post-dissolution conduct absent formal joinder and evidentiary hearing;
3. Extend such stay and protection to Mr. John Michael Cohan and Mr. Caleb Davis as necessary to prevent any indirect or retaliatory attack on Movant's interests or Chapter 11 reorganization;
4. Deny or defer ruling on the Trustee's Motion for Order to Show Cause (Doc. 74) as it relates to Movant, based on misrepresentation of facts and failure to establish legal authority;
5. Grant such other and further relief as is just and equitable, including the opportunity to submit supplemental materials in support of this request.

Dated: July 21, 2025
Respectfully submitted,

*[signature]*

David Hughes
2812 Pat Tillman Drive
Springfield, IL 62711
davidchoatehughes@gmail.com
Pro Se

## DECLARATION OF JOHN MICHAEL COHAN IN SUPPORT OF DAVID'S MOTION TO STAY ENFORCEMENT

I, John Michael Cohan, declare as follows:

1. I submit this declaration in support of the motion to stay enforcement filed by David Hughes ("David") in the above-captioned adversary proceeding.

2. I am a party materially affected by the outcome of this proceeding. Although I currently lack formal standing in this matter, I have filed a motion to intervene which remains pending before the Court.

3. If my motion to intervene had been granted, as it should be due to the fraud on the court committed by the Trustee and the direct personal impact of this litigation on me, I would be filing a motion to stay enforcement in my individual capacity with proper standing.

4. The delay by the Court in ruling on my motion to intervene has effectively prevented me from seeking personal protection through a stay.

5. Given these circumstances, I support David's motion to stay enforcement and respectfully request that the Court consider extending stay protections to all affected parties, including myself, pending resolution of the intervention motion.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 07-22-2025

*[signature]* All without recourse UCC 1-308, 1-103

John Michael Cohan