UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7
ADVERSARY PROCEEDING NO.: 3:25-ap-00011-BAJ
Aaron R. Cohen, Chapter 7 Trustee,
Plaintiff,
v.
Zoomeral, Inc., et al.,
Defendants.

FILED MAIL USBC
JAX, FL JUL 22'25

## CONDITIONAL RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE
(Subject to Pending Motion to Intervene)

John Michael Cohan and David Hughes, former officers of the dissolved defendant entities, file this conditional response to Plaintiff/Judgment Creditor's Motion for Order to Show Cause (Doc. 74), without waiving their position that they lack standing absent intervention being granted, and state:

### I. PRELIMINARY STATEMENT

1. Movant, John Michael Cohan, has filed an Emergency Motion to Intervene (Doc. 53) demonstrating:

   - All Judgment Debtors were dissolved pre-judgment (Trustee's Exhibits B-F)
   - The Trustee's fraudulent concealment of these dissolutions
   - Legal bars to enforcement under state dissolution statutes

2. This response is filed solely to preserve the record pending the Court's ruling on intervention.

### II. CONDITIONAL RESPONSE

If the Court grants intervention, Movants show:

A. The Contempt Motion Fails as a Matter of Law

1. Dissolved Entities Cannot Comply:
   - Zoomeral's DE dissolution filing: "The corporation has no assets" (Trustee's Exhibit B)
   - Better Methods administratively dissolved (Trustee's Exhibit G)

2. No Personal Jurisdiction Over Movants:

   - Trustee admitted targeting Movants personally ("I probably will sue you" - Audio 2, 25:46)
   - Yet failed to name them as parties or serve process properly

Although we are not formally named as parties in this proceeding, the Trustee repeatedly references us personally and makes numerous arguments involving our conduct and interests. The companies at issue are defunct and no longer active parties in this litigation. While we did sign certain documents on behalf of the entities after our resignations, those actions were purely ministerial to effectuate the dissolution of the companies and do not imply that we are agents, authorized representatives, or custodians of records. Given this, the Trustee's reliance on us personally constitutes de facto litigation against us despite the absence of formal party status or proper service. Such treatment denies us fundamental due process rights, including the right to adequate notice and an opportunity to be heard. If the Trustee intends to pursue any claims or seek relief involving us personally, we must be formally named and served to ensure fairness and compliance with procedural rules. Although the primary basis for our Motion to Intervene is the Trustee's fraud on the Court, these due process concerns further support our right to participate fully in this proceeding.

B. The Trustee's Misconduct Bars Relief

1. Fraud on the Court for concealing dissolutions when obtaining judgment
2. Violated due process by:
   - Threatening personal liability (Audio 2, 25:46) while denying standing (Audio 1, 49:00)

III. REQUEST FOR RELIEF

Movants respectfully request:

1. Defer ruling on the contempt motion until after ruling on intervention;

2. Deny the contempt motion if intervention is granted;

3. Sanction the Trustee for misrepresenting dissolution status;

4. Any other relief the Court deems just.

This Response is filed under protest and without waiver of any rights or objections, including but not limited to the pending Motion to Intervene and the expedited nature of this proceeding. Notably, the Court issued a text order on July 19, 2025, Juneteenth, a Federal Holiday, for which solely Mr. Cohan was served at 6 p.m. the prior day, leaving insufficient time to prepare a response. This schedule has prejudiced our ability to participate meaningfully and fairly.

Dated: 07-22-2025
Respectfully submitted in Good Faith,

John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.