**ORDERED.**

Dated: August 05, 2025

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,      Case No.: 3:24-bk-00496-BAJ

    Debtor.      Chapter 7
_____/

AARON R. COHEN, Chapter 7 Trustee,

    Plaintiff,      Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

    Defendants.
_____/

**ORDER DENYING WITH PREJUDICE AMENDED MOTION**
**FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

This Proceeding is before the Court on the *Amended Motion for Extension of Time to File Notice of Appeal* (Doc. 63) (the "Motion"), filed by John Michael Cohan ("Mr. Cohan") and David Hughes ("Mr. Hughes") (collectively the "Movants"), the *Response in Opposition to the Motion* (Doc. 68) (the "Response"), filed by the Chapter 7 Trustee (the "Trustee"), and the *Reply to the Response* (Doc. 69), filed by Mr. Cohan.  By the Motion, the Movants seek an extension of time to appeal the Final Judgment (the "Judgment") entered in this Proceeding against Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLP (collectively, the "Judgment Debtors").  For the reasons discussed herein, the Court will deny the Motion.

On May 2, 2025, the Judgment was entered against the Judgment Debtors based on their failure to respond to the complaint. (Doc. 42).  Pursuant to Fed. R. Bankr. P. 8002(a)(1), the last day to appeal the Judgement was May 16, 2025.  On July 2, 2025, almost seven (7) weeks past the expiration of the appeal deadline, the Movants filed a Notice of Appeal and a Motion to Extend Time to Appeal (Docs. 58, 59).  The Trustee accurately states in his response that the Motion fails to comply with the time requirements set forth in Rule 8002 because it was filed after the standard fourteen (14) day appeal time, and after the additional twenty-one days under Rule 8002(d)(1)(B).[1]  The Court agrees.  The bankruptcy court has discretion under Rule 8002(d)(1) to extend the appeal time, if the court deems a party has shown excusable neglect, if a motion to extend is filed within twenty-one (21) days after the expiration of the fourteen (14) day appeal deadline (which is thirty-

---

[1] The additional twenty-one days under Rule 8002(d)(1)(B) would have expired on June 6, 2025. Specifically. Rule 8002(d) provides "the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed: (1) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect.

five (35) days after entry of the order being appealed).[2]  The Movants' request to extend the time to appeal falls well outside what is provided for under Rule 8002(d)(1).

Further, even assuming without deciding, that the Court could extend the timeframe set forth in Rule 8002(d)(1), the Movants' arguments would still fail to establish excusable neglect.[3] Essentially, the Movants' claim for "excusable neglect" centers around testimony given by the Trustee at a hearing held on June 24, 2025.  Upon review, the Court finds that even under a very lenient lens, the Trustee's testimony concerning his review of the Debtor's bank records does not provide the Movants with grounds for excusable neglect.[4]  For the reasons discussed, the Court will deny the Motion with prejudice.  Accordingly, it is

**ORDERED:**

The Motion is Denied with Prejudice.[5]

---

[2] *In re Wilkins*, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Smith v. Gartley,* 737 F.3d 997, 1003 (5th Cir. 2013) (28 U.S.C. § 158 "expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, [and] we conclude that the time limit is jurisdictional"); *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011) ("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable."); *Emann v. Latture*, 605 F.3d 830, 837 (10th Cir. 2010) ("Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)—the requirement that a notice of appeal be filed within the time provided by Rule 8002(a)").

[3] Courts look to the following four factors to determine the existence of excusable neglect: (1) the risk of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the movant acted in good faith.  *In re Bailey*, 521 F. App'x 920, 921 (11th Cir. 2013).

[4] Although there is no need for the Court to address this issue in detail because the Notice of Appeal is untimely, the Court notes that whether the Movants even have standing to appeal the judgment is highly questionable.

[5] The Motion for Stay Pending Appeal (Doc. 60) will be denied as moot by separate order of the Court.