**ORDERED.**

Dated: August 08, 2025

_____
Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,           Case No.: 3:24-bk-00496-BAJ

    Debtor.                              Chapter 7
_____/

AARON R. COHEN, Chapter 7 Trustee,

    Plaintiff,                            Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

    Defendants.
_____/

**ORDER DENYING LIMITED EMERGENCY MOTION TO INTERVENE**

This Proceeding is before the Court on the *Limited Emergency Motion to Intervene Under Bankruptcy Rule 7024* (Doc. 53) (the "Motion"), filed by John Michael Cohan ("Mr. Cohan"), the *Response in Opposition to the Motion* (Doc. 62) (the "Response"), filed by the Chapter 7 Trustee (the "Trustee") and the *Reply to the Trustee's Response* (Doc. 67), filed by Mr. Cohan. By the Motion, Mr. Cohan seeks to intervene in this Proceeding to protect his alleged personal interests. For the reasons discussed herein, the Court will deny the Motion.

On May 2, 2025, a Final Judgment (the "Judgment") was entered in this Proceeding against Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLP (collectively, the "Judgment Debtors"). The Judgment Debtors, who failed to respond to the complaint, are companies owned by Mr. Cohan and Mr. Hughes. (Doc. 42). Neither Mr. Cohan nor Mr. Hughes is named as a defendant in this Proceeding.

Mr. Cohan filed the Motion seeking to intervene in this proceeding arguing it is necessary to safeguard his personal interests. His request stems from testimony provided by the Trustee during a trial held on June 24, 2025. In response to Mr. Cohan's *hypothetical* line of questioning, the Trustee indicated he would not categorically rule out the possibility of pursuing legal action against Mr. Cohan individually to recover possible avoidable or fraudulent transfers, should circumstances warrant.

However, as of now, no such action has been initiated by the Trustee or any other party in this proceeding. The Trustee's remarks were speculative and did not reflect any pending litigation. Therefore, based on the current record before the Court, Mr. Cohan fails to meet the standard for intervention under Fed. R. Bankr. P. 7024 under either "Intervention of Right"[1] or "Permissive

---

[1] Intervention as of right requires a showing that "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his/her ability to protect that interest unless the interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2).

Intervention."[2]  Further, even if there was pending litigation, in order to "intervene of right" an intervenor is required to show that it has "a legally cognizable interest that is significantly protectible, as opposed to a general and indefinite interest."[3]  "A legally protectable interest 'is something more than an economic interest ... What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the [intervenor].'"[4]  "An interest contingent upon the outcome of other pending litigation is not a legally protectable interest."[5]  As accurately noted by the Trustee, the complaint in this Proceeding was filed against the Judgment Debtors, and Mr. Cohan is not a named defendant.  Therefore, the entry of the Judgment did not infringe upon or hinder Mr. Cohan's ability to safeguard his personal interest.  Moreover, any contingent interest he may assert, arising from the outcome of litigation involving the Judgment Debtors, does not constitute a legally protectable interest.

With respect to permissive intervention, the Eleventh Circuit has recognized that permissive intervention is within the Court's *discretion* based on a showing that "the applicant's claim or defense and the main action have a question of law or fact in common."[6]  As noted, Mr. Cohan's assertions are purely speculative in nature, and he possesses no claim or defense that is shared with the adversary proceeding as a common question of law or fact.[7]  Therefore, permissive intervention is also not a viable option for Mr. Cohan to proceed under.

---

[2] Fed. R. Civ. P. 24(b)(2).

[3] Earth Pipeline Servs., Inc. v. Columbia Gas Transmission, LLC (In re Welded Constr., L.P.), 618 B.R. 710, 718 (Bankr. D. Del. 2020) (cleaned up).

[4] Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting U.S. v. South Florida Water Management District, 922 F.2d 704, 710 (11th Cir. 1991) (emphasis in original)).

[5] In re Kane & Kane, 475 B.R. 251, 262–63 (Bankr. S.D. Fla. 2012); see also Mt. Hawley Ins. Co., 425 F.3d at 1311 n. 6.

[6] Sellers v. U.S., 709 F.2d 1469, 1471 (11th Cir. 1983);

[7] A judgment has been entered in this Proceeding, and a timely appeal was not filed.  See Order Denying with Prejudice Amended Motion for Extension of Time to File Appeal (Doc. 82) (holding the appeal filed by Mr. Cohan and Mr.

Based on the above, the Court finds that Mr. Cohan's concerns are premature and unsupported by any active claims. For these reasons, the Court will deny the Motion. Accordingly, it is

**ORDERED:**

The Motion is Denied.[8]

---

Hughes was untimely, and that grounds for excusable neglect do not exist); see also Order Denying Motion for Stay Pending Appeal as Moot. (Doc. 84).

[8] The Emergency Motion for Immediate Intervention (Doc. 75) will be denied for the same reasons as set forth herein by separate order of the Court.