**ORDERED.**

**Dated:  August 27, 2025**

_____

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

        Debtor.                                    Chapter 7

_____/

AARON R. COHEN, Chapter 7 Trustee,

        Plaintiff,                                Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation,
CAPITULUM, LLC, a New York limited liability
company, CALD HOLDINGS, LLC, a Florida
limited liability company, GENIE
INVESTMENTS II, LLC, a Delaware limited
liability company, BETTER METHODS, LLC, a
Wyoming limited liability company, and GENIE'S
ANGELS, LLC n/k/a MERKTON GROUP, LLC,
a Delaware limited liability company,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE
WHY THE JUDGMENT DEBTOR SHOULD NOT BE HELD IN CONTEMPT OF
COURT FOR FAILURE TO COMPLY WITH COURT ORDER**

This Proceeding came before the Court for hearing on August 25, 2025, on the *Motion for Order to Show Cause Why the Judgment Debtors Should Not Be Held in Contempt of Court for Failure to Comply with Court Order* (the "Motion for Contempt") (Doc. 74), filed by the Chapter 7 Trustee (the "Trustee"), as the Plaintiff/Judgment Creditor, and the *Conditional Response to Motion for Order to Show Cause* (Doc. 77) (the "Response"), filed by John-Michael Cohan and David Hughes (collectively, the "Former Owners"). For the reasons set forth on the record, and as discussed herein, the Court will grant the Motion for Contempt.

On June 18, 2025, the Trustee filed a Motion to Compel Discovery in Aid of Execution of Judgment (the "Motion to Compel") (Doc. 46). After notice and a hearing, the Court granted the Motion to Compel and required that the Defendants "provide responses to the Trustee's First Set of Interrogatories and Request for Production in Aid of Execution of Judgment within fifteen (15) days of entry of this Order."[1] It is undisputed that the Defendants still have not furnished responses to the Trustee's discovery requests. Therefore, the Defendants are clearly in violation of the order and are subject to sanctions pursuant to Federal Rule of Civil Procedure 37 ("Rule 37").[2] Specifically, Rule 37(b), titled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions" provides in pertinent part:

**(2) Sanctions Sought in the District where the Action is Pending.**

(A) *For Not Obeying a Discovery Order.* If a party or a *party's officer, director, or managing agent*--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[1] The Order Granting Motion to Compel was entered on June 25, 2025. (Doc. 50).

[2] Rule 37 is made applicable to adversary proceedings through Bankruptcy Rule 7037.

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part.

Fed. R. Civ. P. 37. "A party commits contempt when [it] violates a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order."[3] Further, "[u]pon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained."[4] To determine the appropriate sanction, the court considers "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order."[5]

As the Court stated at the hearing, the Defendants, through the Former Owners, should have responded to the discovery requests by early July. As of the hearing date, neither the Defendants, nor the Former Owners (as its representatives), have filed any discovery response. Further, the Defendants have offered no substantial justification for failing to comply, and the Former Owners failed to allege that it is "impossible" to produce documents in response to the discovery requests and even admitted at the hearing that it was possible.[6] Simply put, this Proceeding is at a standstill until the Defendants comply with their discovery obligations.

---

[3] Gibson Brands, Inc. v. Armadillo Distribution Enters., Inc., No. 4:19-CV-00358, 2023 WL 2352830, at *2 (E.D. Tex. Mar. 3, 2023) (citing SEC v. First Fin. Grp. of Tex., Inc., 659 F.2d 660, 669 (5th Cir. 1981)).

[4] Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors, No. 6:19-CV-01027, 2024 WL 263941, at *2 (W.D. La. Jan. 24, 2024) (citing Carter v. Transp. Workers Union of Am., Local 556, —— F.Supp.3d ——, 2023 WL 5021787, at *4 (N.D. Tex. Aug. 7, 2023) (internal quotations omitted)).

[5] Lamar Fin. Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990).

[6] See Cordova, 2024 WL 263941, at *2.

Therefore, the Defendants shall respond to the discovery requests within fourteen (14) days of the date of this Order. In addition, the Court holds the Defendants in contempt and prohibits them from filing any pleadings or introducing evidence until they comply. Any pleadings filed in violation of this order will be stricken.[7]  Accordingly, it is

**ORDERED:**

1.  The Motion for Contempt is GRANTED as set forth herein.

2.  The Defendants shall provide responses, including the production of relevant documents, to the Trustee's First Set of Interrogatories and Request for Production in Aid of Execution of Judgment within fourteen (14) days of entry of this Order.

3.  Pursuant to Rule 7037(b)(2)(A)(ii), Defendants and the Former Owners are prohibited from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence until they comply with paragraph 2 above.

4.  Pursuant to Rule 7037(b)(2)(A)(iii), any future pleadings of the Defendants or Former Owners will be stricken if filed in violation of this Order.

5.  The Court reserves the right to issue further sanctions.

---

[7] On March 27, 2025, the Court entered an Order to Show Cause in the underlying bankruptcy case that restricted the rights of the Former Owners to file *pro se* pleadings in the Case.  (Main Case, Doc. 347).  On June 24, 2025, the show cause hearing was held and continued until further order of the Court. (Main Case, Doc. 378). The Order to Show Cause remains in full force and effect.