**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_________________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff/Judgment Creditor, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Judgment Debtors.

_________________________________________/

**NOTICE WITH RESPECT TO ORDER TO SHOW CAUSE**

Plaintiff, Aaron R. Cohen, Chapter 7 Trustee, by and through undersigned counsel, gives notice with respect to the Court's Order Granting Plaintiff's Motion For An Order to Show Cause Why the Judgment Debtors Should Not Be Held in Contempt of Court For Failure to Comply With Court Order (Adv. Doc. 107) (the "Show Cause Order") as follows:

1. The Court's Show Cause Order was entered on August 27, 2025 and required that Defendants, Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Judgment Debtors") to provide responses to the Trustee's First Set of Interrogatories and Requests for Production In Aid

of Execution (the "Discovery") directed to each of the Judgment Debtors within 14 days of the date of the Order, which was September 10, 2025.

2. On October 20, 2025, the Judgment Debtors, by and through David Hughes and John Cohan, served written responses(the "Responses") to the Discovery.

3. The Judgment Debtors refused to answer the vast majority of the Discovery based on the Fifth Amendment to the United States Constitution.

4. The Judgment Debtors did not produce any documents in response to the Requests for Production in Aid of Execution, even when they acknowledged that responsive documents existed on the basis that the documents had been previously produced to the Chapter 11 Examiner[1], were "confidential", or based on the Fifth Amendment to the United States Constitution. For example, the Judgment Debtors refused to produce copies of their tax returns for the last five years on the basis that they are "confidential financial records without a demonstrated compelling need" and citing to the Fifth Amendment.

5. There is no information in the Responses that could be helpful in collecting the judgment against the Judgment Debtors.

Dated: October 27, 2025

**AKERMAN LLP**

By: *<u>/s/ Raye C. Elliott</u>*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorney for Aaron R. Cohen, Chapter 7 Trustee*

[1] The Chapter 11 Examiner provided the Trustee with copies of all documents she obtained from the Debtor shortly after this case was converted to Chapter 7. None of the documents or information sought in the Discovery were among the documents provided by the Chapter 11 Examiner.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record, and that a true and correct copy of the foregoing was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

John Michael Cohan
iustusprocessus@outlook.com

David Hughes
davidchoatehughes@gmail.com

and by U.S. mail to:

David Hughes
2812 Pat Tillman Drive
Springfield, IL 62711

*/s/ Raye C. Elliott*
Attorney



83657555;1