UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7
Adversary Pro. No. 3:25-ap-00011-BAJ

**RESPONSE OF JUDGMENT DEBTORS TO CHAPTER 7 TRUSTEE'S NOTICE WITH RESPECT TO ORDER TO SHOW CAUSE**

The Judgment Debtors, Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Judgment Debtors"), by and through the undersigned David Hughes and John Michael Cohan (collectively, the "Respondents"), strictly in their individual capacities, file this Response to the Chapter 7 Trustee's Notice With Respect to Order to Show Cause (**Adv. Doc. 138**) (the "Trustee's Notice") and would show the Court the following:

I. INTRODUCTION AND SUMMARY OF ARGUMENT

The Chapter 7 Trustee's Notice presents an incomplete and misleading account of the Respondents' compliance efforts. Contrary to the Chapter 7 Trustee's assertion that the Judgment Debtors "refused to answer the vast majority of the Discovery," the record is clear: the Judgment Debtors did, in fact, provide comprehensive written responses to the Chapter 7 Trustee's First Set of Interrogatories and Requests for Production In Aid of Execution (the "Discovery"). See **Exhibit A** (Responses served October 20, 2025). The Chapter 7 Trustee's Notice comes after the Chapter 7 Trustee refused a good-faith offer to stipulate to the documented offset that forms the basis for vacating the judgment.

The core of the Chapter 7 Trustee's complaint is not a failure to respond, but his dissatisfaction with the substance of those responses, primarily the good-faith invocation of the Fifth Amendment privilege against self-incrimination. The law is clear that the act of producing documents and answering interrogatories in this context is testimonial and protected. See, e.g., *United States v. Doe*, 465 U.S. 605, 612 (1984); *In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1341 (11th Cir. 2012). The Chapter 7 Trustee's attempt to frame a valid exercise of a constitutional right as a "refusal" to comply is a misrepresentation to this Court.

Furthermore, this good-faith assertion of rights is necessitated by a demonstrated pattern of misconduct by the Chapter 7 Trustee and related parties, including the fabrication of evidence and the twisting of words to create false narratives, as detailed herein.

Among the interrogatories served, Question 9 directly required disclosure of accounts receivable for Zoomeral, Inc., which revealed a material offset in favor of Zoomeral. This ties the offset *directly to a discovery obligation*, showing that the issue was before the court by necessity—not as a new argument.

This Response not only demonstrates full compliance with the Court's prior order, but also establishes that the judgment must be vacated against Zoomeral because the discovery responses themselves prove a reciprocal debt owed to Zoomeral that extinguishes the judgment.

## II. THE JUDGMENT DEBTORS COMPLIED WITH THE COURT'S ORDER BY PROVIDING RESPONSES.

Respondents acted solely in compliance with this Court's directive and the Respondents provided comprehensive and detailed responses for each of the five (5) entities, comprising dozens of pages, fully addressing the issues raised in the Discovery. See **Exhibit A**. These responses included:

- Answers to interrogatories based on current knowledge and belief.
- Specific objections on grounds of overbreadth, burden, and proportionality.
- Assertions of the Fifth Amendment privilege where appropriate.

To claim the Judgment Debtors "refused to answer" is factually incorrect. They provided answers and objections as permitted by the Federal Rules of Civil Procedure, made applicable here through Fed. R. Bankr. P. 7016. The Chapter 7 Trustee's grievance is with the nature of the compliance, not a lack thereof.

Furthermore, by issuing the Show Cause Order that compelled the "Former Owners" to act on behalf of the dissolved Judgment Debtors, this Court conferred limited representative standing upon them for the purpose of addressing the Chapter 7 Trustee's allegations, including the right to present defenses and challenge the underlying judgment.

This compelled participation necessarily carries the corollary right to defend those compelled actions and to seek relief from any judgment affected by the compelled discovery.

At all times, the Respondents acted in good faith to comply with the Court's Order, and at no point was there any intent to disobey or obstruct the Court.

III. THE JUDGMENT DEBTORS' INVOCATION OF THE FIFTH AMENDMENT IS A LEGALLY VALID AND GOOD-FAITH RESPONSE TO A PATTERN OF PROSECUTORIAL AND TRUSTEES' MISCONDUCT.

The Chapter 7 Trustee's Notice dismisses the Fifth Amendment assertions as a mere obstruction tactic. However, this good-faith invocation is a direct and reasonable response to a documented pattern of misconduct that creates a reasonable apprehension that any testimony or production will be twisted and used against them. See *United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir. 1991) (recognizing Fifth Amendment privilege applies where there is "reasonable cause to apprehend danger" from disclosure).

Accordingly, certain Fifth Amendment assertions were made not to obstruct discovery, but to prevent future misinterpretation—a concern validated by prior instances where information was selectively excerpted or paraphrased incorrectly.

> A. The U.S. Trustee Knowingly Allowed Violations of a Final Restraining Order.
>
> During the 341 meetings, the U.S. Trustee was explicitly informed that a party joining the proceedings was violating an existing final restraining order. Despite this, the U.S. Trustee allowed the violator to proceed and shielded himself from liability by splicing and altering the audio recording of the 341-meeting to conceal this misconduct. See **Exhibit B**. This action demonstrates a disregard for lawful procedure and a willingness to operate outside legal boundaries, justifying the Respondents' apprehension about participating in a process where their rights are not respected. These allegations have been brought before this Court and remain unopposed and unaddressed. **(24-bk-496; Doc. 406)**
>
> B. The U.S. Trustee and Chapter 7 Trustee Have Engaged in the Fabrication of Evidence.
>
> An internal memorandum, written by a former 12-year FINRA attorney with expertise in detecting fraud, conclusively demonstrates that the U.S. Trustee invented confirmations of fraud that did not exist in the Examiner's report. See **Exhibit C**. This is not a mere difference of interpretation; it is an active fabrication used to mislead this Court and prejudice the Judgment Debtors.
>
> This fabrication directly impacts the credibility of the Chapter 7 Trustee, who stated under oath that he "relied primarily on the Examiner's report." However, after being presented with the internal memorandum (**Exhibit C**) that exposed the U.S. Trustee's inventions, the Chapter 7 Trustee subsequently claimed in an email that he "did not entirely rely on the examiner report." See **Exhibit D**. This post-hoc justification reveals a troubling willingness to shift their narrative when their foundational evidence is demonstrated to be fabricated.

### C. The Discovery Responses Themselves Cite the Risk of Mischaracterization.

The Respondents' good faith in asserting their Fifth Amendment rights is evidenced by their own responses, which repeatedly state the privilege is invoked because information "could be mischaracterized, taken out of context, or twisted to fabricate claims or create a false narrative." See Exhibit A, *passim*. The evidence in **Exhibits B**, **C**, and **D** proves this is not a speculative fear, but a reasonable conclusion based on the opposing parties' documented conduct.

The limited standing conferred by the Court's Show Cause Order includes the right to assert constitutional protections in responding to Discovery, including the Fifth Amendment privilege, without being subject to sanctions.

## IV. ZOOMERAL'S SUBSTANTIAL OFFSET CLAIM DEMONSTRATES THE JUDGMENT IS INVALID AND MUST BE VACATED.

The Chapter 7 Trustee's entire collection effort is predicated on a flawed and incomplete accounting. The Judgment Debtors have consistently asserted, and their Discovery Responses reiterate, that Zoomeral, Inc. holds a substantial accounts receivable for pre-petition commissions and fees owed by the Debtor, Genie Investments NV Inc.

Contrary to the Chapter 7 Trustee's narrative of a one-sided debt, the truth is one of mutual obligations. A detailed accounting, maintained in the ordinary course of business, demonstrates that the Debtor owes Zoomeral undisputed contractual fees. See **Exhibit E** (Zoomeral Accounts Receivable and Offset Calculation).

The Chapter 7 Trustee's refusal to acknowledge this material offset and his insistence on enforcing a factually unsupported judgment constitutes bad faith and actively damages the bankruptcy estate by pursuing unnecessary and wasteful litigation that should be resolved through a simple accounting. Vacating the judgment now prevents wasteful post-judgment collection on a debt already offset and ensures that the estate's accounting reflects accurate mutual obligations.

This offset claim is not a new invention. It was preserved in the Discovery Responses, the 3% Success Fee to Zoomeral was in every single Debtor contract with its customers and documented by the Examiner. This offset was disclosed precisely because the Chapter 7 Trustee's own interrogatories required it; it was not volunteered or newly raised. For example, in response to Interrogatory No. 9 directed at Zoomeral, the Response states: "Zoomeral, Inc.'s accounting records... reflect receivables owed by Genie Investments N.V. arising from the fixed three-percent (3%) success-fee commissions earned and recorded contemporaneously at the time of each pre-petition loan closing. These commissions have not been waived, released, or satisfied." (**Exhibit A**).

The procedural defects, coupled with the undisputed evidence of the offset, provide clear grounds for vacatur of the default judgment under Federal Rule of Civil Procedure 60(b)(1), (3), and (6), made applicable by Bankruptcy Rule 9024. Because the offset surfaced through compelled discovery, the Court now has jurisdiction and duty under Fed. R. Civ. P. 60(b)(3) and (6) to correct the resulting judgment.

The Court's Show Cause Order (**Doc. 107, Exhibit F herein**), which granted the Judgment Debtors the standing to file this very Response, explicitly contemplates this scenario. The Order specifically names the "Defendants and the Former Owners" and imposes sanctions that "prohibit[] [them] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence until they comply" with the discovery order. The Order further states that "any future pleadings of the Defendants or Former Owners will be stricken if filed in violation of this Order." By providing the Court-ordered responses, the Respondents have now complied, thereby lifting the prohibition and granting them the standing to assert the defenses and claims contained within those very responses, including this substantial offset.

The Judgment Debtors have now complied with the Court's order to provide responses. Within those responses, and supported by the detailed accounting in **Exhibit E**, lies a meritorious defense and an affirmative claim for an offset that exceeds the Chapter 7 Trustee's judgment. To allow the Chapter 7 Trustee to collect on a judgment while ignoring a larger, valid, and reciprocal debt owed to the Judgment Debtor would result in a profound injustice.

If the Court determines an evidentiary hearing is necessary, Respondent David Hughes respectfully requests permission to appear remotely to present supporting records.

## V. CONCLUSION

The Judgment Debtors and the "Former Owners" have provided comprehensive responses to the Discovery, addressing the issues raised by the Chapter 7 Trustee. The Trustee's Notice misconstrues the nature of Respondents' compliance and overlooks material facts now before the Court.

Furthermore, the evidence now before the Court—including the documented pattern of misconduct by the Chapter 7 Trustee and U.S. Trustee and the suppressed accounting of Zoomeral's offset claim—completely undermines the legitimacy of the collection effort. Granting this relief promotes judicial economy and prevents further administrative costs to the estate, as the offset exceeds the judgment amount and resolves all related obligations.

In short, the Respondents: (a) complied with the Court's discovery order; (b) lawfully invoked the Fifth Amendment to protect against mischaracterization; and (c) disclosed a substantial offset

that invalidates the judgment. Contempt sanctions are therefore unwarranted, and the Court should recognize the offset and vacate the judgment accordingly.

For the foregoing reasons, the Respondents respectfully request that the Court:

> i. Confirm the limited standing conferred upon the Respondents by the Court's Show Cause Order to act on behalf of the Judgment Debtors for the purpose of defending against and challenging the Chapter 7 Trustee's claims.
> ii. Find them in full compliance with the Show Cause Order and deny any request for contempt sanctions.
> iii. Recognize the substantial and valid offset claim of Zoomeral, Inc., as detailed in **Exhibit E**, and upon such recognition, VACATE the judgment against Zoomeral, Inc. in Adversary Pro. No. 3:25-ap-00011-BAJ.
> iv. Schedule an evidentiary hearing to determine the exact amount of the offset and enter a new judgment in favor of Zoomeral, Inc. for the net amount owed.

The Respondents further reserve the right to submit any supplemental motion or declaration necessary to clarify the record or rebut further mischaracterizations by the Chapter 7 Trustee.

Dated: 10-28-2025

Respectfully submitted in Good Faith,

*[signatures]*

John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103

## Certificate of Service

We hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.