FILED INTAKE USBC
NOV 3 '26 PM3:21

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
GENIE INVESTMENTS NV, INC.,
Debtor.

Case No. 3:24-bk-00496-BAJ
Chapter 7

Adversary Proceeding No. 3:25-ap-00011-BAJ

AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,

v.

ZOOMERAL, INC., et al.,
Defendants.

# DAVID CHOATE HUGHES II'S AMENDED MOTION FOR LEAVE TO FILE INDIVIDUAL-CAPACITY MOTION FOR PERSONAL PROTECTION, AND REQUEST FOR EXPEDITED DETERMINATION ON THE PAPERS

David Choate Hughes II ("Hughes"), appearing pro se solely in his individual capacity, respectfully moves for leave to file the accompanying individual-capacity motion notwithstanding the filing restriction at Doc. 107, and requests an expedited determination on the papers. Hughes does not seek to represent Zoomeral, Inc. or any other entity. He seeks only to protect his individual contractual rights and to clarify that a judgment entered against corporate entities does not adjudicate his personal liability.

## I. DOCUMENTS RELIED UPON ARE ALREADY ON FILE AND INCORPORATED BY REFERENCE

1. The documents on which this motion relies are already part of the record of this adversary proceeding, this bankruptcy case, or the docket of Hughes's personal bankruptcy case in the Central District of Illinois. Each is incorporated herein by reference in its entirety:

- The Final Judgment entered May 2, 2025, in *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 40 (the "Final Judgment"). Its operative terms are quoted in Section III below.
- The Loan Agreement dated September 5, 2022, between Genie Investments NV (Lender) and Zoomeral, Inc. (Borrower), filed in *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-

00011-BAJ, Doc. 1, Exhibit A, pp. 27–37. Its operative terms are quoted in Section IV below.

- The March 16, 2025, Assignment from Zoomeral, Inc. to Hughes and John Michael Cohan, filed in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 658, Exhibit F. Its operative terms are quoted in Section V below.
- The Illinois Chapter 7 Trustee's Motion to Abandon Certain Property of the Bankruptcy Estate, filed in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 615 (the "Motion to Abandon"). Its operative terms are quoted in Section VI below.
- The Illinois Court's Order Granting Trustee's Motion to Abandon, entered September 11, 2026, in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 721 (the "Abandonment Order"). Its operative terms are quoted in Section VI below.
- The Genie Trustee's Amended Response to Trustee's Objection to Claim No. 9-1, filed November 2, 2026, in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 786 (the "Amended Response"). Its operative admission is quoted in Section VII below.

2. Because each document is already on a docket and its relevant terms are quoted in the body of this motion, Hughes respectfully requests that the Court take judicial notice of these docket entries rather than require re-attachment. If the Court prefers that Hughes file copies as exhibits, he will do so promptly upon direction.
3. The only document not already on the docket that is attached to this motion is the October 19, 2026, email from the Illinois Chapter 7 Trustee, attached as **Exhibit A.**

## II. HUGHES SEEKS LEAVE TO PROTECT HIS INDIVIDUAL RIGHTS, NOT TO RELITIGATE THE SANCTION

4. Hughes acknowledges the filing restriction at Doc. 107. He does not ask the Court to lift that restriction or to revisit the Court's prior ruling. He asks only for leave to file a narrow motion directed exclusively to his individual rights as a non-party to the Final Judgment.
5. The restriction at Doc. 107 prohibits the Defendants and the "Former Owners" from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence until they comply." Hughes does not seek to support or oppose any claim or defense belonging to Zoomeral or any other Defendant. He does not seek to introduce evidence on behalf of any Defendant.
6. The motion Hughes seeks leave to file is directed to a single legal question: whether the Final Judgment entered against Zoomeral and the other entity defendants adjudicated personal liability against Hughes, who was not a party to the action. That question is

answered by the text of the judgment itself. It requires no evidence, no discovery, and no hearing.

7. Hughes also seeks to establish that he holds assigned contractual rights to indemnification and offset under the Loan Agreement between Genie Investments NV and Zoomeral, Inc. Those rights are his individually, by virtue of the March 16, 2025, Assignment. They are not claims or defenses belonging to Zoomeral. They are the basis for his personal protection in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), where the Chapter 7 Trustee, Aaron Cohen, is seeking to hold him personally liable for a corporate debt.

8. To deny Hughes leave to file this narrow motion would have the effect of barring a non-party from telling the Court that the judgment does not name him and that he holds a contractual right to indemnity. A sanction designed to coerce discovery compliance cannot be transformed into a permanent bar on a non-party's ability to assert individual contractual rights. That would violate the Due Process Clause of the Fifth Amendment, which requires that a person be heard before his rights are extinguished.

## III. THE FINAL JUDGMENT DID NOT ADJUDICATE HUGHES' PERSONAL LIABILITY

9. The Final Judgment (Adv. Doc. 40) recites that judgment is entered "in favor of the Trustee and against Defendants, Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC." Decretal paragraphs 10 through 21 order each named entity, and only those entities, to turn over specified sums. Hughes is not named in the caption, is not named in the decretal paragraphs, and no sum is ordered paid by him.

10. A judgment against an entity does not, by its mere existence, establish personal liability against an individual who was not a party. Hughes requests that the Court confirm what the judgment itself establishes: that it adjudicated liability against the named entity defendants only.

11. The Final Judgment became final and non-appealable on August 6, 2025, when the appeal was dismissed as untimely. Hughes does not seek to relitigate the judgment. He seeks only to confirm its scope: that it binds the entities, not him.

## IV. THE LOAN AGREEMENT FORECLOSES PERSONAL LIABILITY

12. The Loan Agreement (Adv. Doc. 1, Exhibit A) contains express provisions that foreclose personal liability:

- Section 1: The loan is "in the form of a non-recourse unsecured line of credit to the Borrower."

- Section 23: "No collateral of any kind is required by or part of this Agreement."
- Section 24: "There are no personal guarantees requirements of any kind with this Agreement."
- Section 25: "This is a non-recourse loan. The Lender shall have no recourse against the Borrower."

13. Hughes signed the Agreement solely in his capacity as an officer of Zoomeral. The Agreement does not name him individually.

## V. HUGHES HOLDS INDEMNIFICATION AND OFFSET RIGHTS BY ASSIGNMENT

14. On March 16, 2025, Zoomeral executed a corporate assignment transferring its accounts receivable, contract rights, credits, and defenses to Hughes and John Michael Cohan. *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 658, Exhibit F. The Assignment transfers to Hughes, individually, all rights to receive indemnification (Section 4(ii); Section 6(iv)), all rights to assert offsets (Section 4(ii); Section 6(vi)), all rights to assert recoupment (Section 4(ii); Section 6(vii)), and all defenses and counterclaims (Section 6(viii)-(ix)).

15. The Loan Agreement contains a broad Indemnification provision at Section 28: ***"The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement."*** (Adv. Doc. 1, Exhibit A, p. 31).

16. By virtue of the March 16, 2025, Assignment, this indemnification right now belongs to Hughes individually. To the extent the Trustee asserts a claim against Hughes personally (Claim No. 9 in the Illinois proceeding), Hughes holds an assigned contractual right to indemnification from the Lender (Genie) for any such "liabilities, claims, clawbacks, suits, judgments, and damages."

17. Hughes has also asserted a verified contractual offset of approximately $1,984,562. *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 612. That offset exceeds the amount of the Final Judgment. The offset is based on commissions, due diligence fees, and origination points earned by Zoomeral and assigned to Hughes.

## VI. THE ILLINOIS TRUSTEE ABANDONED THE ZOOMERAL RECEIVABLES AND INDEMNIFICATION RIGHT TO HUGHES

18. The Illinois Chapter 7 Trustee filed a Motion to Abandon Certain Property of the Bankruptcy Estate. *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 615. The Motion identified the asset as "Zoomeral, Inc. Accounts Receivable and Debtor's Allocable Interest." It described the asset as including "an interest in the

accounts receivable of Zoomeral, Inc. and any potential offset against filed Claim No. 9 (the 'Zoomeral Offset Claim')."

19. The Illinois Court entered its Order Granting Trustee's Motion to Abandon on September 11, 2026. *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 721. The Order expressly abandoned the estate's interest in the "Zoomeral Offset Claim" to Hughes. The Order further found that grounds existed to abandon the property because it was "of inconsequential value and benefit to the bankruptcy estate."

20. The Abandonment Order is dispositive on the standing question. Under 11 U.S.C. § 554, abandonment returns the property to the debtor, and the debtor may then assert the abandoned claim in his own name. Once abandoned, the asset is no longer property of the estate, and the debtor has standing to pursue it.

## VII. THE TRUSTEE'S OWN FILING ADMITS HUGHES OWNS 82.5%

21. In the Genie Trustee's Amended Response to Trustee's Objection to Claim No. 9-1, the Genie Trustee corrected its prior assertion and acknowledged that Hughes owns 82.5% of Zoomeral, not 100%. *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 786, ¶ 3.

22. The Amended Response states at paragraph 3: "At all relevant times, David Choate Hughes II ('Hughes'), the Debtor in this case, owned 50% of Genie. Hughes owned an 82.5% interest in a company called Zoomeral, Inc. ('Zoomeral'). The remaining 17.5% of Zoomeral was owned by John Michael Cohan."

23. That admission defeats the veil-piercing theory, which requires complete domination and control. An 82.5% interest defeats that element as to the 17.5% Hughes does not own. ***The 100% figure was the predicate for the theory. The Trustee's own Amended Response has now corrected the record to 82.5%, which concedes the point.***

24. The Assignment Package (Doc. 658, Exhibit F), the Examiner's Report (In re Genie Investments NV, Inc., Case No. 3:24-bk-00496-BAJ, Doc. 146, ¶ 114, p. 32), and the Trustee's own Objection (Doc. 777, ¶ 7, p. 2) all confirm the 82.5% figure. The Trustee cannot simultaneously argue in this Court that Hughes owns 100% for purposes of veil piercing, while arguing in the Illinois Court that Hughes owns 82.5% for purposes of the claim objection. One of those positions is false, and the Trustee's own Amended Response establishes which one.

## VIII. THE TRUSTEE'S VEIL-PIERCING THEORY IS BARRED BY THE CONTRACT AND THE TRUSTEE'S OWN ADMISSION

25. Hughes understands that the Chapter 7 Trustee has supplemented his claim in the Illinois proceeding by asserting a veil-piercing or alter-ego theory to hold Hughes personally liable for the corporate debt.

26. A veil-piercing theory cannot override the express terms of a contract. The Lender cannot contract for a non-recourse loan with no personal guaranty, and then later use a veil-piercing theory to hold the corporate officer personally liable for that same loan. The contract governs.

27. The indemnification right assigned to Hughes specifically covers "liabilities, claims, claw backs, suits, judgments, and damages" arising from the Agreement. The Trustee's attempt to pierce the veil and hold Hughes personally liable is exactly the type of claim that the Lender agreed to indemnify the officers against.

28. The Trustee's own admission that Hughes owns 82.5% defeats the threshold "complete domination and control" element of Delaware veil-piercing. Under Delaware law, a plaintiff seeking to pierce the corporate veil must allege and prove that the individual exercised "complete domination and control" over the corporation "to the point that [the corporation] no longer ha[d] legal or independent significance of [its] own," and that the corporation was a "sham" existing "for no other purpose than as a vehicle for fraud." *Wallace ex rel. Cencom Cable Assocs. II, L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). The Trustee bears the burden of proving each element. He cannot carry that burden on the first element because he has admitted in his own Amended Response (Bankr. C.D. Ill. Doc. 786, ¶ 3) that Hughes owns only 82.5% of Zoomeral. An 82.5% interest is not "complete domination and control." The remaining 17.5% is owned by John Michael Cohan, and the Trustee has not alleged, much less proved, that Hughes dominated Cohan's interest. The Trustee's veil-piercing theory fails at the threshold.

## IX. TIMELINESSIANDITHEINEEDIFORIANIIMMEDIATEIRULING

29. When the Illinois Chapter 7 Trustee first objected to Aaron Cohen's claim in the Illinois proceeding, he did not assert the indemnification or offset rights that Hughes now holds by assignment. Those rights were not part of that objection, and the Illinois court was not asked to determine them.

30. The Illinois Chapter 7 Trustee has now notified Hughes that he has a "tentative settlement with Trustee Cohen" and that he wanted to give Hughes a "heads up" before it is finalized. A copy of that email, dated October 19, 2026, is attached as **ExhibitIA.**

31. A settlement that treats Claim No. 9 as a valid personal liability against Hughes is inconsistent with the position the Illinois Trustee took when he objected to Cohen's claim without raising the offset or indemnification. More importantly for this Court, it would treat the Final Judgment as establishing personal liability against a non-party, which the judgment does not do.

32. Hughes does not ask this Court to rule on the Illinois settlement. He asks this Court to rule on the legal effect of its own judgment and the contract that forms the basis of the Trustee's claim, so that the Illinois court may have the benefit of that ruling before it acts

on a settlement that assumes Claim No. 9 is valid. The need for an immediate ruling is therefore not a matter of delay; it is a matter of ensuring that the Illinois court has the complete legal picture before it approves a settlement that affects Hughes's individual rights.

## X. REQUEST FOR RULING ON THE PAPERS

33. The relief requested turns on the text of the Final Judgment (Adv. Doc. 40), the Loan Agreement (Adv. Doc. 1, Exhibit A), the Assignment (Bankr. C.D. Ill. Doc. 658, Exhibit F), the Abandonment Order (Bankr. C.D. Ill. Doc. 721), the Trustee's Amended Response (Bankr. C.D. Ill. Doc. 786), and the verified offset (Bankr. C.D. Ill. Doc. 612), all of which are already part of the record or the Illinois docket and whose operative terms are quoted above. No witness testimony, no discovery, and no evidentiary hearing are required.

34. Hughes therefore requests that the Court rule on the papers. If the Court concludes that any material document is missing, Hughes requests that the Court identify what is needed so that he may supplement promptly. If the Court concludes that an evidentiary hearing is necessary, Hughes requests an expedited evidentiary hearing on the limited issues identified above.

## XI. RESERVATION OF RIGHTS

35. Hughes reserves all rights to supplement this motion, to respond to any opposition, and to seek further relief as may be warranted. Nothing in this motion constitutes a waiver of any argument, defense, or right available to Hughes individually, including any right to object in the Illinois proceeding to Claim No. 9 or to any settlement affecting his individual rights.

**WHEREFORE**, Hughes respectfully requests that the Court:

A. Grant leave to file the accompanying individual-capacity motion notwithstanding Doc. 107;

B. Take judicial notice of the docket entries identified in Section I above;

C. Rule on the papers and, if necessary, identify any missing item so that Hughes may promptly supplement and the Court may then rule;

D. Confirm that the Final Judgment (Adv. Doc. 40) did not adjudicate personal liability against Hughes individually;

E. Confirm that the Loan Agreement (Adv. Doc. 1, Exhibit A) is non-recourse, contains no personal guaranty, and includes a Section 28 indemnification provision that runs to Hughes by assignment;

F. Confirm that the Illinois Abandonment Order (Bankr. C.D. Ill. Doc. 721) abandoned the Zoomeral receivables and the Section 28 indemnification right to Hughes;

G. Confirm that any veil-piercing or alter-ego theory asserted by the Trustee is barred by the express non-recourse terms of the Loan Agreement and by the Trustee's own admission in the Amended Response (Bankr. C.D. Ill. Doc. 786, ¶ 3) that Hughes owns 82.5% of Zoomeral;

H. Order that, because the Final Judgment did not adjudicate personal liability against Hughes and because the Trustee is bound by the Section 28 indemnification obligation running to Hughes, the Trustee shall, within fourteen (14) days of entry of this Order, file a notice of withdrawal of Claim No. 9-1 in In re David Choate Hughes, II, Case No. 25-70566 (Bankr. C.D. Ill.), with prejudice;

I. In the alternative, if the Court declines to order withdrawal of Claim No. 9-1, order that the Trustee is precluded from asserting Claim No. 9-1 against Hughes individually in any proceeding, based on the findings requested in paragraphs D through G above; and

J. Grant such other relief as is just and proper.

Respectfully submitted this 3rd day of November 2026,

/s/ David Choate Hughes II
DAVID CHOATE HUGHES II
Pro Se, in His Individual Capacity
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 3, 2026, I served a copy of this motion and the attached exhibit upon the following parties by email, and upon all parties entitled to notice through the Court's CM/ECF system:

Robert E. Eggmann, Chapter 7 Trustee
Carmody MacDonald P.C.
120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
ree@carmodymacdonald.com

Raye C. Elliott
Akerman LLP
401 East Jackson Street, Suite 1700

Tampa, FL 33602
raye.elliott@akerman.com

Thomas Bushnell Fullerton
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
thomas.fullerton@akerman.com

James Anthony Salinas
United States Trustee
USTPRegion10.PE.ECF@usdoj.gov
james.salinas@usdoj.gov

/s/ David Choate Hughes II
DAVID CHOATE HUGHES II

**EXHIBIT A - Email from Robert E. Eggmann dated October 19, 2026**

What this exhibit is. This is an email from Robert E. Eggmann, the Chapter 7 Trustee in Hughes's Illinois bankruptcy case (Case No. 25-70566), to Hughes, dated October 19, 2026. In the email, Mr. Eggmann states: "In the spirit of full disclosure I have a tentative settlement with Trustee Cohen. I was hoping to have it finalized before I had to tell you that I could disclose the details but since we are emailing today, I wanted to give you a heads up."

Relevance to this motion. This exhibit establishes that the Illinois Trustee has reached a tentative settlement with the Florida Trustee, and that the settlement is imminent. It demonstrates the urgency of Hughes's request for an expedited ruling from this Court.

Gmail **David Choate <davidchoatehughes@gmail.com>**

---

## Re: Objection to Claim 9-1 – Request for Trustee Support

1 message

---

**Robert E. Eggmann** <ree@carmodymacdonald.com> Tue, Oct 27, 2026 at 5:01 PM
To: David Choate <davidchoatehughes@gmail.com>

David,

I have a tentative deal with Trustee Cohen and intend on keeping my word. That said, you can object to the motion to settle when it is filed.

Rob

Carmody MacDonald®
*Attorneys & Counselors at Law*

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Tuesday, October 27, 2026 4:59 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Objection to Claim 9-1 – Request for Trustee Support

Rob,

I am filing a Motion for Leave to File an Amended Objection to Claim No. 9-1 (Cohen), along with the Amended Objection itself. A copy is attached for your review.

In short, the objection argues that Claim 9-1 must be disallowed for three reasons: (1) the Genie/Zoomeral Loan Agreement contains a contractual indemnification provision that bars the claim; (2) the $1.98 million in Zoomeral

Accounts Receivable (documented in Doc. 612) completely offsets and extinguishes the $1.77 million claim; and (3) Cohen's alter ego theory fails because the Examiner's Report (Doc. 146) confirms Zoomeral was owned 82.5% by me and 17.5% by John Cohan, not 100% by me as Cohen falsely asserts.

I am respectfully requesting your support for this objection. I believe that defeating Claim 9-1, combined with the suit I intend to file against the remaining Florida derivative claims in the proper forum of Delaware, will clear the path for a quick wrap-up of this bankruptcy estate, which is my primary goal.

If you find anything in this filing that you disagree with or believe needs adjustment, please let me know immediately. I am trying to resolve this efficiently and without any further delays.

I'll have these e-filed as soon as the EDS E-Filing System is fixed. Thanks for your patience on these filings. I have tried to work quickly and diligently.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059